UNITED STATES DISTRICT COURT　　　　(ECF)
SOUTHERN DISTRICT OF NEW YORK　　**ORAL ARGUMENT REQUESTED**
　　　　　　　　　　　　　　　　　　　Docket No: 07-CV-2798(KMK)(gay)

| ELIZABETH MARGRABE, |
| --- |
| Plaintiff, |
| - against - |
| SEXTER & WARMFLASH, P.C., DAVID WARMFLASH and MICHAEL PRESENT |
| Defendants. |

### NOTICE OF MOTION TO STAY ACTION PENDING DETERMINATION OF A PROCEEDING IN WESTCHESTER COUNTY SUPREME COURT

PLEASE TAKE NOTICE that upon the annexed Declaration of Elizabeth Margrabe, sworn to October 26, 2007, the Declaration of Crystal Massarelli, sworn to October 26, 2007, the memorandum of law dated October 26, 2007, and upon the pleadings and other submissions herein, Plaintiff Elizabeth Margrabe will move this court before the Honorable Magistrate George A. Yanthis at the United States Courthouse for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York on a date to be set by the Court for an order staying the above captioned case or, in the alternative for an order directing the instant action be removed from the pending calendar and placed on the suspense calendar; pending the final determination after appeal of another action with index number 10032/2001, involving the same parties, currently pending in Westchester Supreme Court New York,

PLEASE TAKE FURTHER NOTICE that pursuant to Southern District Local Rule 6.1(b)(2), any opposing papers must be served within ten business days after service of these moving papers.

Dated: Purchase, New York
       October 27, 2007         GREENBERG & MASSARELLI, LLP

By: __s/_____
Crystal M. Massarelli (CM 8557)
2929 Purchase Street
Purchase, New York 10577
(914) 694-1880
Attorneys for Plaintiff

*Of Counsel:*

*William Greenberg*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   (ECF)
Docket No: 07-CV-2798(KMK)(gay)
ORAL ARGUMENT REQUESTED

ELIZABETH MARGRABE,

                Plaintiff,

- against -

SEXTER & WARMFLASH, P.C.,
DAVID WARMFLASH and MICHAEL
PRESENT

                Defendants.

## DECLARATION OF CRYSTAL MASSARELLI, ESQ.

Crystal Massarelli, being duly sworn deposes and says:

1.    I am a partner in the law firm of Greenberg & Massarelli, LLP, counsel to Elizabeth Margrabe ("Betty") in the above entitled lawsuit against Sexter & Warmflash, P.C., David Warmflash, and Michael Present.

2.    I submit this Declaration in support of Betty's motion to stay the within case or, in the alternative, to remove the case from the court's pending cases calendar and place the case on the court's suspension calendar—pending a final outcome of the pending §475 Judiciary Law proceeding commenced by Sexter & Warmflash, P.C. ("Sexter & Warmflash") against Betty in the New York Supreme Court, Westchester County under index number 10032/2001 ("Fee Dispute").

3.    My firm, Greenberg & Massarelli, LLP, is also Of Counsel to Harry Lewis, Esq., attorney of record for Betty in the Fee Dispute, and I am fully familiar with the litigation that has occurred in the New York State courts in the Fee Dispute.

4. Sexter & Warmflash represented Betty and her brother, Anthony J. Rusciano III ("Tony"), as joint plaintiffs in a shareholder's derivative action (the "underlying action") filed in June 2001 in Westchester County with index number 10032/2001. Justice W. Denis Donovan has presided over this case from its inception. Betty terminated the employment of Sexter & Warmflash on April 9, 2004. The parties terminated the underlying action on May 10, 2004 with the signing of an Order and Stipulation of Settlement and an Order, Stipulation and Amended Judgment, among other documents.

5. Sexter & Warmflash moved by Order to Show Cause dated May 20, 2004 ("Fee Application") for an order pursuant to §475 of the Judiciary Law fixing a charging lien for Sexter & Warmflash's legal fees allegedly due pursuant to the April 10, 2001 Retainer Agreement ("April 10 Retainer") with Betty in the amount of $121,659.74.[1]

6. Betty[2] opposed Sexter & Warmflash's Fee Application on two grounds: (1) that the April 10 Retainer was unreasonable, excessive, and usurious; and (2) that Sexter & Warmflash was discharged for cause having acted in conflict with and adverse to the interests of one joint client, Betty while advancing the interests of their other joint client, Tony.

---

[1] It should be noted for the record that at the hearing conducted in the §475 Judiciary Law proceeding on December 20, 2004, Sexter & Warmflash stipulated to the amount of their claim for a charging lien to be in the total sum of $120,000.

[2] Betty executed Powers of Attorney-in-Fact causing William Margrabe ("Bill"), Betty's husband, to have her authority in interfacing with Sexter & Warmflash on her behalf as Sexter & Warmflash's client. David Warmflash acknowledged Bill's authority when he testified in the Fee Dispute hearing.

7. By Decision and Order of the Hon. W. Denis Donovan entered September 1, 2004 ("Sep. 2004 Order"), Sexter & Warmflash's motion was granted and a charging lien was fixed upon the settlement proceeds.[3] Betty filed a Notice of Appeal of the Sep. 2004 Order dated September 28, 2004 which appeal was decided, directing the lower court to determine the issue as to whether the April 10 Retainer called for excessive fees within the meaning of DR 2-106(A);22 NYCRR §1200.11 and/or called for Betty to pay usurious interest.

8. On September 27, 2004, Betty moved to reargue/renew the Sep. 2004 Order ("Renewal Motion"). Sexter & Warmflash opposed Betty's Renewal Motion and cross-moved for reargument of that portion of the Sep. 2004 Order which disqualified Sexter & Warmflash from continuing to represent Tony. By Decision and Order dated October 29, 2004 ("Oct. 2004 Order"), the court denied Sexter & Warmflash's cross-motion and granted Betty's Renewal Motion, and directed that a hearing be conducted to determine the reasonable value of the legal services that Sexter & Warmflash had rendered and the amount of legal fees that Betty had paid. The hearing was thereafter continued on four further dates: December 20; 2004, February 10, 2005; April 1, 2005; and June 1, 2005.

9. By Order entered August 23, 2005, the state court granted in its entirety, Sexter & Warmflash's application for a charging lien for the full amount originally sought by Sexter & Warmflash, *to wit*: $121,659.74. The Findings of Fact and Conclusions of Law prepared and submitted by Sexter & Warmflash constituted the Decision and Order

---

[3] The settlement proceeds refers to the monies paid at the closing of the underlying litigation whereat an escrow fund ("The Escrow Fund") was established to secure the payment of Sexter & Warmflash's claimed legal fees in the sum of $121,659.74.

of the state court. Thereafter, Betty moved to renew her opposition based upon testimony of David Warmflash, Esq. ("Warmflash") given in a deposition in the matter of <u>Sexter & Warmflash, P.C. et al. v. William Margrabe and Elizabeth Margrabe</u>[4], New York County Supreme Court, with index number 107569/2004, as to Warmflash's making of an undisclosed loan to Tony (in violation of various disciplinary rules governing New York attorneys), while Warmflash was representing Betty and Tony in the underlying litigation. Betty's motion for renewal was granted in an order of the court dated June 30, 2006, which order vacated all previous orders and decisions and directed that the Fee Dispute hearing be continued. The hearing was completed on April 3, 2007.

10. On July 9, 2007 the court rendered its Post-Hearing Decision and Order wherein it determined that Sexter & Warmflash was entitled to a charging lien in the sum of $121,659.74.

11. Betty appealed the state court's July 9, 2007 Post-Hearing Decision and Order to the Appellate Division, Second Department and also filed a motion to reargue that same decision which motion to reargue was fully submitted on October 17, 2007 and is now *sub judice*.

12. After the commencement of the instant action, the undersigned's law firm requested that adverse counsel consent to a stay, or in the alternative that the matter be placed in the suspense calendar of this court, pending the final determination of the Fee Dispute.

---

[4] This action ("Defamation Case") in commenced by Sexter & Warmflash in the Supreme Court, New York County was for alleged defamation. The action was dismissed by order of the Appellate Division First Department. Greenberg & Massarelli, LLP was defense counsel for Betty and Bill both of whom were named as defendants in the Defamation Case.

Adverse counsel's response to the undersigned was that the defendants elected to proceed with a motion to dismiss all claims.

_____
Crystal Massarelli (8557)

Sworn to before me
this 26th day of October, 2007

_____
Notary Public

WILLIAM GREENBERG
Notary Public, State of New York
No. 4994162
Qualified in Westchester County
Term Expires March 30, ~~19~~ 2008

UNITED STATES DISTRICT COURT    (ECF)
SOUTHERN DISTRICT OF NEW YORK    **ORAL ARGUMENT REQUESTED**
    Docket No: 07-CV-2798(KMK)(gay)

ELIZABETH MARGRABE,

                Plaintiff,

- against -

SEXTER & WARMFLASH, P.C., DAVID WARMFLASH and MICHAEL PRESENT

                Defendants.

### DECLARATION OF ELIZABETH MARGRABE IN SUPPORT OF MOTION FOR EITHER A STAY OF THE INSTANT ACTION OR A REMOVAL OF THE ACTION FROM THE PENDING CALENDAR TO THE SUSPENSE CALENDAR

STATE OF MARYLAND    )
                         )ss:
COUNTY OF FREDERICK    )

    ELIZABETH MARGRABE, being duly sworn, deposes and says:

    1.    I am the plaintiff in the above captioned matter (also known as Elizabeth Rusciano) in which I seek recovery from my prior lawyers for claims in legal malpractice, breach of fiduciary duty, *prima facie* tort and intentional infliction of emotional distress. I make this declaration in support of my motion for either a stay of the instant action or a removal of the action from the pending calendar to the suspense calendar, while I await a final determination of the §475 Judiciary Law proceeding that Sexter & Warmflash, P.C. ("Sexter & Warmflash") commenced against me in the Supreme Court of Westchester County.

    2.    My cousin, Anthony J. Rusciano, II ("AJ") failed for a number of years to distribute dividends, interest or partnership profits from our various family owned

businesses ("Rusciano Businesses"). Further, AJ had embezzled from the Rusciano Businesses millions of dollars. My brother, Anthony J. Rusciano, III ("Tony") and I, as joint clients, retained defendant Sexter & Warmflash to prosecute a shareholders' derivative action against AJ ("Rusciano Litigation"). To end the Rusciano Litigation, AJ agreed to purchase Tony's and my interests in the Rusciano Businesses. On June 18, 2003 the terms of the sale of our business interests to AJ were placed on the record in Westchester Supreme Court. The terms of the sale placed on the record on June 18, 2003 failed to account for or otherwise deal with four significant substantive issues which became the subject of extensive and expensive motion practice: (1) interest payable from June 18, 2003 until the date of execution of the final agreement; (2) the allocation between damages and the sale price for our interests; (3) our share of tax *certiorari* refunds due from various Rusciano entities; and (4) the percentage of Son Corp.'s shares and/or real estate, the sale of which would trigger the acceleration clause of the note used to make payments for my interests and Tony's interests.

3.  I terminated the employment of Sexter & Warmflash on April 9, 2004 with a termination letter after David Warmflash, Esq. ("Warmflash") of that firm refused to follow my instructions to adjourn a final closing to allow me to (a) consider my legal options after the state court judge had ruled against me in a motion pertaining to the terms of the deal inconsistent with what I had agreed to on June 18, 2003 and (b) attend the closing.

4.  I hired new counsel of record, Philip Halpern, Esq. ("Halpern") who managed to correct some of the errors in the trial court's order and appeared with me at the closing of the deal ultimately held on May 10, 2004. Because of my disputes with

Sexter & Warmflash and their invoices, $121,659.74 was placed in escrow with my attorney Halpern pending a determination of a fee dispute to be prosecuted by Sexter & Warmflash pursuant to § 475 of the New York Judiciary Law ("Fee Dispute").

5. On May 13, 2004, <u>three days</u> after I had agreed to the escrow, pending my former lawyer's prosecution of the Fee Dispute, Sexter & Warmflash sued me and my husband in the New York Supreme Court, New York County for defamation, premised upon the termination letter I had sent to Sexter & Warmflash on April 9, 2004, which termination letter was sent in confidence only to my attorney Halpern and to my other private attorney Harry Lewis, Esq., as well as to my brother, who was also then being represented by Sexter & Warmflash as a joint client. That defamation case has been dismissed by the New York State Appellate Division, First Department.

6. On May 14, 2004, <u>one day</u> after suing my husband and me for defamation, Sexter & Warmflash prepared the Fee Dispute, which Fee Dispute has continued through and until the present date and is still being actively litigated. The last decision dated July 9, 2007, by the Supreme Court of Westchester County in the Fee Dispute found in Sexter & Warmflash's favor, although the judge did find in that decision multiple ethical violations by Warmflash in his conduct as counsel, while Sexter & Warmflash was my counsel. I have moved to reargue that decision and that motion has not yet been decided by the state court. I have also filed an appeal of that July 9, 2007 decision with the Appellate Division, Second Department which appeal will not be perfected until my motion to reargue is decided. If the state trial court changes its July 9, 2007 decision on reargument, my appeal may be unnecessary.

7. I filed this lawsuit on April 6, 2007 against Sexter & Warmflash for legal malpractice arising out of the law firm's misrepresentations to me on June 18, 2003, upon which misrepresentations I had relied in agreeing to sell my interests in the Rusciano businesses. I have also sued Sexter & Warmflash for breach of fiduciary duty and for other various claims for having violated my confidence by using a privileged and secret communication as a basis to sue me, that baseless and frivolous suit obviously having been instituted to coerce me to relinquish my objections to Sexter & Warmflash's claim to the $121,659.74 placed in escrow.

8. Among other reasons, my defense of the Fee Dispute has been premised upon the conflicts of interest shown by Sexter & Warmflash in representing me in my lawsuit against AJ, and on grounds that the retainer upon which Sexter & Warmflash has premised its claim under the Fee Dispute was unreasonable, excessive, and usurious as a matter of New York State Law and the New York State Disciplinary Rules.[1]

*Elizabeth Rusciano Margrabe*
ELIZABETH MARGRABE

Sworn to before me
this 26 day of October, 2007

_____
Notary
My Comm. Exps Sept, 2008

---

[1] The specific paragraph, Paragraph 2(b) of the retainer which I have claimed in the Fee Dispute is improper says as follows: "Upon conclusion of the litigation and your receipt of payment for your interest in the Rusciano business entities, you shall pay us an additional amount equal to one hundred percent (100%) of our total legal fees accrued during the course of our representation of you during this matter, as calculated by multiplying the number of hours spent working on your matter by our regular and customary billing rates. Accordingly, upon conclusion of this litigation - whether by settlement or following trial - the total legal fees to which we shall be entitled shall equal one and one-half times the actual legal fees accrued." In other words, my former lawyers wanted to charge me a 50% premium for having agreed to give me credit in paying them as they represented me in the case against AJ.