UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ELIZABETH MARGRABE,                                    Case No.: 07 CV 2798
                                                       (KMK) (GAY)
                        Plaintiff,

            -against-

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                        Defendants.

-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF RULE 12 (b) (6)**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS**
**SEXTER & WARMFLASH, P.C., DAVID WARMFLASH & MICHAEL PRESENT**


KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendants
SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No. (212) 980-9600
File No. 860.167


Of Counsel:

A. Michael Furman, Esq.
Andrew R. Jones, Esq.

# **TABLE OF CONTENTS**

Pages

TABLE OF AUTHORITIES ............................................................................ii-x

PRELIMINARY STATEMENT .........................................................................1

STATEMENT OF FACTS ...............................................................................2

       1. The Underlying Action ..................................................................2

       2. Evaporation of the Underlying "Trust and Confidence" ..........................2

       3. The State Court Fee Dispute Action ...................................................4

       4. The State Court Defamation Action ...................................................6

       5. The Instant Action..........................................................................7

ARGUMENT .............................................................................................8

POINT I     PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES
           JUDICATA AND/OR COLLATERAL ESTOPPEL ....................................8

       A. Plaintiff's Claims Are Barred by the Doctrine of Res Judicata ..............8

       B. Plaintiff's Claims Are Barred by the Doctrine of Collateral Estoppel.....12

POINT II    THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S CLAIMS ........13

POINT III   PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF
           ACTION ...............................................................................17

       1. Plaintiff's Complaint Fails To State a Viable Claim for Legal
          Malpractice .............................................................................

         A. Plaintiff Has Not Pled and Cannot Establish Proximate Causation...18

         B. Plaintiff's Claim For Legal Malpractice Insufficiently Pleads
           Damages And Must Therefore Be Dismissed.........................................20

       2. Plaintiff's Complaint Fails To State a Viable Claim For Breach of
          Fiduciary Duty .........................................................................21

A.  Plaintiff's Breach of Fiduciary "Claim" Must Be Dismissed As a
Redundant Pleading Of Plaintiff's "Malpractice" Claim..........................21

B.  Plaintiff's Breach of Fiduciary "Claim" Must be Dismissed For
Failure to State a Cause of Action ...........................................................22

3.  Plaintiff's Complaint Fails To State a Viable Claim for Prima Facie
Tort............................................................................................................23

4.  Plaintiff's Complaint Fails To State a Viable Claim for Intentional
Infliction of Emotional Distress...............................................................24

CONCLUSION...............................................................................................................26

# TABLE OF AUTHORITIES

Pages

Allen v. McCurry,
449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)...............................................................9

Amalgamated Sugar Co. v. NL Indus., Inc.,
825 F.2d 634 (2d Cir.1987),
*cert. denied,* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987)......................................8

Andrews Beverage Distrib. v. Stern,
215 A.D.2d 706, 627 N.Y.S.2d 423 (1995) ........................................................................18

Angel v. Bank of Tokyo-Mitsubishi, Ltd.,
39 A.D.3d 368, 835 N.Y.S.2d 57 (1 Dept., 2007) ..............................................................16

Avgush v Town of Yorktown,
303 A.D.2d 340 (2d Dept 2003) ..........................................................................................24

Bartang Bank and Trust Co. v. Caiola,
2006 WL 2708453 (S.D.N.Y. 2006)....................................................................................16

Boyd v. Gering, Gross & Gross,
226 A.D.2d 489, 641 N.Y.S.2d 108 (2d Dept. 1996) .........................................................22

Brady v. Bisogno & Meyerson,
32 A.D. 3d 410, 819 N.Y.S. 2d 558 (2d Dept. 2006) .........................................................18

Brooks v. Ross,
24 A.D. 3d 589, 808 N.Y.S.2d 358 (2d Dept. 2005) ..........................................................19

Brown v. Samalin & Bock, P.C.,
168 A.D.2d 531, 563 N.Y.S.2d 426 (2d Dept. 1990) .........................................................19

Burns, Jackson, Muller, Summit  & Spitzer v. Lindner,
59 N.Y.2d. 314 (1983) .........................................................................................................24

Chisholm-Ryder Co., Inc. v. Sommer & Sommer,
78 A.D.2d 143, N.Y.A.D.(1980).........................................................................................13

Clark & Co., Inc. v. Acheson Indus., Inc.,
532 F. 2d 846 (2d Cir. 1976),
*cert. denied,* 484 U.S. 992, 108 S. Ct. 511, 98 L. Ed. 2d 511 (1987) ...................................8

Coastal v. Raphael,
298 A.D. 2d 186, 748 N.Y.S. 2d 141 (1st Dept. 2002)........................................................18

Cohen v. Leonard & Robert Shapiro,
18 A.D. 3d 219, 793 N.Y.S. 2d 764 (1st Dept. 2005)............................................................19

Cohn-Frankel v. United Synagogue of Conservative Judaism,
246 A.D.2d. 332 (1st Dept. 1998)...........................................................................................25

Coliseum Towers Associates v. County of Nassau,
217 A.D.2d 387, 637 N.Y.S.2d 972 (2d Dept. 1996) .............................................................9

Conley v. Gibson,
355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) .....................................................................8

Cooper v. Parsky,
140 F.3d 433 (2d Cir. 1998)..................................................................................................16

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991),
cert. denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992) ...................................17

Couri v. Westchester Country Club,
186 A.D.2d 715 (N.Y. A.D. 2d Dept. 1992)...........................................................................12

Coyne v. Bersani,
61 N.Y.2d 939, 474 N.Y.S.2d 970 (1984) ............................................................................ 14

Cramer v. Spada,
203 A.D.2d 739, 610 N.Y.S.2d 662 (3d Dept. 1994) ...........................................................20

Curiano v. Suozzi,
63 NY2d 113 (1984) .............................................................................................................24

Daniels v. Lebit
299 A.D.2d 310 (2d Dept. 2002) ..........................................................................................16

Dimond v. Kazmierczuk & McGrath,
15 A.D. 3d 526, 790 N.Y.S. 2d 219 (2d Dept. 2005) ...........................................................18

Dweck Law Firm LLP v. Mann,
283 A.D. 2d 292, 727 N.Y.S. 2d 58 (1st Dept. 2001)...........................................................19

Elizabeth Margrabe and Anthony Rusciano III, et al. v. Anthony J. Rusciano, II et al.,
S. Ct., Westchester County, Index No. 10032/01. ....................................................................2

Ellsworth v. Foley,
24 A.D. 3d 1239, 805 N.Y.S. 2d 899 (4th Dept. 2005) .........................................................18

Estate of Nevelson v. Carro, Spanbock, Kaster & Cuiffo,
290 A.D. 2d 399, 736 N.Y.S.2d 668 (1ˢᵗ Dept. 2002)............................................21

Fish v Vanderlip,
218 NY 29 (112 N.E. 425)............................................................................12

Flutie Bros. v. Hayes,
2006 WL 1379594, Civ. 4187, (S.D.N.Y. May 18, 2006).....................................19

Flynn v. Judge,
149 A.D. 278, 133 N.Y.S. 794 (1912) ............................................................20

Frechofer v. Hearst Corp.,
65 N.Y.2d 135 (1985) ..................................................................................24

Giambrone v. Bank of New York,
253 A.D.2d 786, 677 N.Y.S.2d 608 (2d Dept. 1998) .........................................21

Glamm v. Allen,
57 N.Y.2d 87, 453 N.Y.S.2d 674 (1982) ........................................................14

Grencorp v. GMAC,
2005 WK 3534217 (N.D.Tex. 2005) ..............................................................22

Hand v. Silberman,
15 A.D. 3d 167, 789 N.Y.S. 2d 27 (1st Dept. 2005)...........................................18

Harley v. Hawkins,
722 N.Y.S.2d 393 (2ⁿᵈ Dept. 2001) ..............................................................10

Harris v. City of New York,
186 F.3d 243 (2d Cir. 1999)...........................................................................8

Hartman v. Morganstern,
28 A.D. 3d 423, 814 N.Y.S. 2d 169 (2d Dept. 2006) .........................................19

Havell v. Islam,
292 A.D.2d 210, 739 N.Y.S.2d 371 (2002) ....................................................16

Henneberry v. Sumitomo,
415 F.Supp.2d 423 (SDNY 2006) .................................................................22

Howell v. New York Post Co,
81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ......................................................25

Hyman v Hillelson,
79 AD2d 725 (434 N.Y.S.2d 742),
*affd* 55 NY2d 624 [446 N.Y.S.2d 251] (1981) ......................................................................8

John P. Tilden, Ltd. v Profeta & Eisenstein,
236 A.D.2d 292, 654 N.Y.S.2d 10 (2d Dept. 1997) .............................................................20

Klein v. Clay,
71 A.D.2d 594, 418 N.Y.S.2d 420 (1st Dept. 1979).............................................................20

Kliment v. McKinsey & Co., Inc.,
3 N.Y.3d 538 (2004) .............................................................................................................16

Klinge v. Ithica College,
235 A.D.2d 724 (3rd Dept. 1997) ........................................................................................25

Koster v. Chase Manhattan Bank, N.A.,
609 F.Supp. 1191 (S.D.N.Y. 1985) ....................................................................................16

Lettis v. U.S. Postal Service,
39 F.Supp.2d 181 (E.D.N.Y. 1998) ....................................................................................16

Lipani v. Collins, Collins & Dinardo, P.C.,
1992 WL 168267 (S.D.N.Y. 1992).......................................................................................10

Louis Capital Mkts. v. REFCO Group, Ltd., LLC,
9 Misc.3d 283, 801 N.Y.S.2d 490, 2005 N.Y. Slip Op. 25239 WL 1473944. .......................22

Luniewski v. Zeitlin,
188 A.D.2d 642, 591 N.Y.S.2d 524 (2d Dept. 1992) ...........................................................20

Malamood v. Kiamesha,
182 A.D.2d 359 (1st Dept. 1992)..........................................................................................25

Mason Tenders Dist. Council Pension Fund v. Messera,
958 F.Supp. 869 (S.D.N.Y. 1997) .......................................................................................14

McCoy v. Feinman,
99 N.Y.2d 295, 755 N.Y.S.2d 693 (2002) ...........................................................................14

Mecca v. Shang
258 A.D.2d 5690, 685 N.Y.S.2d 458 (2d Dept. 1999) ..........................................................22

Mendoza v. Schlossman,
87 A.D.2d 606, 448 N.Y.S.2d 45 (2d Dept. 1982) ...............................................................20

Murphy v. American Home Products,
58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ................................................................25

Murphy v. Stein,
156 A.D.2d 546 N.Y.S.2d 53 (2d Dept. 1989) ........................................................21

Murray Hill v. Parker Chapin Flattau & Klimpl, LLP,
305 A.D. 2d 228, 759 N.Y.S.2d 463 (1st Dept. 2003)..............................................22

Nat Kagan Meat & Poultry, Inc. v. Kalter,
70 A.D.2d 632, 416 N.Y.S.2d 646 (2d Dept.1979) .................................................10

O'Brien v. City of Syracuse,
54 N.Y.2d 353 (1981) ..............................................................................................12

Official Committee of Asbestos Claimants v. Heyman,
277 B.R. 20, 37 (SDNY 2002).................................................................................22

Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP,
2007 WL 760419 (S.D.N.Y. March 13, 2007) ........................................................14

Oot v. Arno,
275 A.D. 2d 1023, 713 N.Y.S. 2d 382 (4th Dept. 2000) .........................................19

Ornstein v. Pakistan Intern. Airlines Corp.,
888 F.Supp. 28 n. 11 (S.D.N.Y. 1995).....................................................................16

Parker v. Blauvelt Volunteer Fire Co., Inc.,
93 N.Y.2d 343, 690 N.Y.S.2d 478 (1999) ..............................................................12

Pellegrino v. File,
291 A.D. 2d 60, 738 N.Y.S. 2d 320 (1st Dept. 2002)..............................................19

Perkins v. Norwick,
257 A.D.2d 48, 1999 WL 3894194 (1st Dep't 1999) ..............................................21

Pitelli v. Schulman,
128 A.D.2d 600, 512 N.Y.S.2d 860 (2nd Dept. 1987).............................................14

Postel v. Jaffe & Segal,
237 A.D.2d 127, 654 N.Y.S.2d 25 (1st Dept. 1997).................................................20

Reibman v. Senie,
302 A.D. 2d 290, 756 N.Y.S. 2d 164 (1st Dept. 2003).............................................18

Rosado v. New York,
713 F.Supp. 124 n. 2 (S.D.N.Y. 1989)................................................................16

Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass,
301 A.D. 2d 63, 750 N.Y.S. 2d 277 (1st Dept. 2002)...........................................19

Ryan v New York Tel. Co.,
62 N.Y.2d 494 500 (478 N.Y.S.2d 823, 467 N.E.2d 487).....................................12

Sage Realty Corp. v. Proskauer Rose,
251 A.D. 2d 35, 675 N.Y.S.2d 14 (1st Dept. 1998)...............................................22

Schultz v. New York State Legislature,
278 A.D.2d 710 N.Y.S.2d 422 (3d Dept. 2000). ..................................................10

Schuylkill Fuel Cor. v. B. & C. Nieberg Realty Corp.,
250 N.Y. 304, 165 N.E. 456 (1929)........................................................................9

Schwartz v. Olshan Grundman Frome & Rosenzweig,
302 A.D.2d 193, 753 N.Y.S.2d 482 (1st Dept. 2003)............................................21

Sexter & Warmflash, P.C. v. Margrabe,
38 A.D.3d 163, 828 N.Y.S.2d 315 (1 Dept., 2007) ................................................7

Shivers v. Siegel,
11 A.D.3d 447, 782 N.Y.S.2d 758 (2d Dept. 2004) .............................................14

Shumsky v. Eisenstein,
96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001),
reversing 270 A.D.2d 245, 704 N.Y.S.2d 113 (2000) ..........................................14

Simmons v. Edelstein,
32 A.D.3d 464, 820 N.Y.S.2d 614 (2d Dept. 2006) .............................................18

Smith v. Russel Sage Coll.,
54 NY2d 185 (1981) ..............................................................................................11

Sommers v. Cohen,
14 A.D.3d 691, 790 N.Y.S.2d 141 (2d Dept. 2005) .............................................14

Speken v. Moore,
773 N.Y.S.2d 880 (1st Dept. 2004) .......................................................................10

Statter v. Statter,
2 N.Y.2d 668, 143 N.E.2d 10, 163 N.Y.S.2d 13, 2 N.Y.2d 668 (1957)................9

Stein v Levine,
8 A.D.3d 652, 779 N.Y.S. 2d 556 (2d Dept. 2004) ................................................19

Svigals v. Hopgood, Calimafde, Kalil & Judlowe,
256 A.D.2d 460, 683 N.Y.S.2d 436 (1998) .........................................................18

Thermal Imaging, Inc. v. Sandgrain Securities, Inc.,
158 F.Supp.2d 335 (SDNY 2001) ......................................................................22

Walentas v. Johnes,
257 A.D.2d 352 (1st Dept. 1999)........................................................................25

Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.,
10 A.D. 3d 267, 780 N.Y.S. 2d 593 (1st Dept. 2004)............................................17

Williams v. Barber,
3 AD3d 695 (3d Dept 2004) ...............................................................................24

Williams v. Brooklyn Union Gas Co.,
819 F.Supp. 214 (E.D.N.Y. 1993) ......................................................................16

Zarin v. Reid & Priest et al.,
184 A.D.2d 385, 585 N.Y.S.2d 379 (1st Dept. 1992)............................................20

Zeitlin v. Greenberg, Margolis et al.,
209 A.D.2d 510, 619 N.Y.S.2d 289 (2d Dept. 1994) ...........................................20

## List of Statutes

Fed.R.Civ.P. Rule 11……………………………………………………7

Fed.R.Civ.P. Rule 12(b)(6)…………………………………………...1,7,8,17,26

N.Y. CPLR § 215(3)………………………………………………...16

N.Y. CPLR § 214(6)………………………………………………...13,15,16

N.Y. Judiciary Law § 475………………………………………..4,10,11

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the instant motion of defendants Sexter & Warmflash, P.C., David Warmflash and Michael Present (hereinafter "defendants" or "Sexter & Warmflash"), pursuant to Rule 12(b)(6) Fed.R.Civ.P., seeking an Order dismissing plaintiff's Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted since: (1) *res judicata* and collateral estoppel bars plaintiff's claims; (2) the statute of limitations bars plaintiff's claims; and (3) plaintiff's Complaint fails to state a cognizable cause of action as a matter of law.

This is a diversity action for legal malpractice arising out of the defendants' representation of plaintiff in a now-settled underlying shareholders' derivative action in which defendants obtained a settlement of over $8 million for plaintiff and her brother. The instant action is barred by the doctrines of *res judicata* and collateral estoppel since all of plaintiff's instant allegations herein were (or should have been) litigated in an underlying State Court fee dispute proceeding and/or underlying State Court defamation action. (As set forth below, by Decision and Order, dated July 9, 2007, the underlying State Court held *inter alia*: (a) that the underlying fee sought by Sexter & Warmflash was reasonable (being less than 5% of the total underlying recovery); and (b) that Sexter & Warmflash was not fired for cause).

Plaintiff's instant claims against Sexter & Warmflash are also time-barred as the plaintiff's own pleadings and documents from the underlying action irrefutably demonstrate that the alleged "malpractice" occurred more than three (3) years prior to the commencement of plaintiff's instant action and that the continuous representation doctrine is inapplicable to toll the statute of limitations herein. Furthermore, plaintiff fails to allege the necessary elements of a legal malpractice claim - or any other claim - as a matter of law. Plaintiff's Complaint should accordingly be dismissed in its entirety, with prejudice.

1

## STATEMENT OF FACTS

**1.    The Underlying Action**

This action arises out of the defendants' representation of plaintiff in a now-settled underlying shareholders' derivative action, captioned "Elizabeth Margrabe and Anthony Rusciano III, *et al*. v. Anthony J. Rusciano, II *et al*.," Supreme Court, Westchester County, Index No. 10032/01 (the "underlying action"). A copy of plaintiff's instant Complaint is attached to the annexed Affidavit of A. Michael Furman, sworn to on October 26, 2007 ("Furman Aff.") as Exhibit "A" (a copy of the underlying Complaint is attached to Furman Aff., as Exhibit "B.").

On June 18, 2003, counsel for both underlying sides dictated a settlement onto the record in open court. See Furman Aff., Exhibit "C." The settlement was sufficiently complete to allow an allocution on the record and, upon questioning by the court, plaintiff expressed that she was "very pleased" with the terms of the settlement and with her representation by defendants. See Exhibit "C," *Id*., *in particular*, p. 38, l. 19 – p. 39, l. 13. It was determined before Justice Donovan that the underlying defendant would pay plaintiff and her brother in excess of $8 million dollars ($8,375,000). See Exhibit "C." *Id*., p. 9, ll. 8 – 11. Defendants' "alleged" "acts and omissions" in connection with the underlying settlement form the basis of plaintiff's instant Complaint against defendants. See Furman Aff., Exhibit "A," ¶¶ 20 - 28.

**2.    Evaporation of the Underlying "Trust and Confidence"**

Two days after the June 18, 2003 underlying settlement was read on the record (and resoundingly approved of by plaintiff), plaintiff executed a power of attorney appointing her husband, William Margrabe, a non-party herein, to serve as plaintiff's attorney-in-fact for the purported purpose of "approving the formal closing documents to consummate the settlement." See the June 20, 2003 power of attorney attached to Furman Aff., as Exhibit "D."

At least as early as July 2, 2003, Mr. Margrabe had engaged other counsel (under the guise of plaintiff's "co-counsel") and along with said other counsel, Mr. Margrabe immediately began discussing strategies to fire defendants, to avoid paying legal fees to defendants. See the underlying correspondence between Mr. Margrabe and "co-counsel," attached to Furman Aff., as Exhibits "E" – "F".[1] (On July 2, 2003, plaintiff formally retained a non-party attorney, Philip Halpern, Esq., to "review the settlement documents generated by [S&W] in connection with [the Westchester Action]"; on November 17, 2003, plaintiff formally retained another non-party attorney, Harry Lewis, Esq., "to review the terms of the settlement [in the Westchester Action]" and that same day Harry Lewis filed a Notice of Appearance and became "co-counsel" of record with Sexter & Warmflash in the representation of plaintiff).[2]

On July 6, 2003, Mr. Margrabe and plaintiff's "co-counsel" discussed "terminat[ion] [of defendants'] employment." See Furman Aff., Exhibit "E (1)." On September 8, 2003, William Margrabe wrote to Philip Halpern *inter alia* discussing the possibility of suing defendants for malpractice (Mr. Margrabe *inter alia* set forth his belief that defendants were not competent in connection with the underlying action). See *Id.*, Exhibit "E (2)."

From September 16, 2003, Mr. Margrabe began circulating to "co-counsel" a draft correspondence proposing specific ways to fire the defendants "for cause" to avoid paying legal fees to Sexter & Warmflash. See *Id.*, Exhibit "E (3)." A September 16, 2003 e-mail from Mr. Margrabe to Mr. Halpern lists 24 separate complaints and allegations against defendants. Multiple drafts and extensive discussion regarding this draft "firing correspondence" were

---

[1] Correspondence and e-mails confirming Mr. Margrabe's extensive discussions regarding the terminating of defendants were provided to defendants in connection with a Supreme Court, New York County defamation action filed by Sexter & Warmflash against William and Betty Margrabe following plaintiff's publication of the April 9, 2004 letter - Index No. 107569/04). See Furman Aff., Exhibits "E" – "F".

[2] See also summary of "The Margrabes' Agreements with Additional Counsel," at p. 11 of the March 17, 2005 Decision and Order of Justice Kornreich (Supreme Court, New York County, Index No. 107569/04) discussed further *infra* and attached to Furman Aff., as Exhibit "G."

circulated in the months that followed.  <u>See</u> Furman Aff., Exhibit "E (4)"; <u>see</u> <u>also</u> Furman Aff.,

Exhibit "F".  Ultimately, the "final" version (a premeditated, 12-page, single-spaced letter

"firing" defendants) was sent to defendants on April, 9, 2004.  <u>See</u> Furman Aff., Exhibit "H."

## 3.    <u>The State Court Fee Dispute Action</u>

As plaintiff concedes in her instant Complaint, "[o]n May 14, 2004 [Sexter &

Warmflash] commenced a §475 New York Judiciary Law Proceeding ("Fee Dispute") against

[plaintiff] in the New York Supreme Court, Westchester County."  <u>See</u> Furman Aff., Exhibit

"A," ¶ 37; <u>see</u> <u>also</u> defendants' May 14, 2004 Order to Show Cause for an attorney charging lien

in the underlying action, attached to Furman Aff., as Exhibit "I."

<u>On June 24, 2004, plaintiff opposed defendants' underlying Order to Show Cause for a</u>

<u>charging lien</u> *inter alia* <u>alleging the exact same "claims" and raising the exact same issues now</u>

<u>alleged herein.</u>  <u>See</u> plaintiff's June 24, 2004 Memorandum of Law and Affidavits of Harry

Lewis, Elizabeth Margrabe, and William Margrabe, attached to Furman Aff., as Exhibit "J."

On June 28, 2004, plaintiff crossed-moved *inter alia* requesting a sealing order in light of

the alleged "confidences" contained within the April, 9, 2004 letter (plaintiff alleged that

defendants had "disclosed" information that was "sensitive," "embarrassing" and "harmful").

<u>See</u> plaintiff's June 24, 2004 cross motion and supporting Affidavit of Harry Lewis, attached to

Furman Aff., as Exhibit "K."[3]

---

[3] Neither the Westchester nor New York County Supreme Court could discern any such "confidential" information within April, 9, 2004 letter.  <u>See</u> the September 1, 2004 Decision and Order of Justice Donovan, attached to Furman Aff., as Exhibit "L", p. 4; <u>see also</u> the March 17, 2005 Decision and Order of Justice Kornreich (Supreme Court, New York County, Index No. 107569/04), Exhibit "G", p. 22.  In any event, <u>plaintiff</u> published said letter, as upheld by the New York County Supreme Court (<u>see</u> Exhibit "G" *Id*) and not overturned by the Appellate Division.  <u>See</u> the January 4, 2007 Appellate Division, First Department decision of <u>Sexter & Warmflash, P.C. v. Margrabe</u>, 38 A.D.3d 163, *170, 828 N.Y.S.2d 315, **320 (1 Dept., 2007) attached to Furman Aff., as Exhibit "M," p. 7 (<u>see also</u> Exhibit "G", p. 2: "[i]ronically, papers filed by Sexter & Warmflash include only a substantially redacted copy of the first page of the twelve page letter while plaintiff herself attaches the entire letter as part of exhibit 2 to her memorandum in opposition to the Sexter & Warmflash order to show cause.").

By Decision and Order dated September 1, 2004, the underlying court fixed a lien in the amount sought by Sexter & Warmflash ($121,659.74). <u>See</u> the September 1, 2004 Decision and Order of Justice Donovan, attached to Furman Aff., as Exhibit "L". Justice Donovan *inter alia* held that:

> Plaintiff Elizabeth Margrabe's rationale for refusing to pay Sexter & Warmflash its fees as per the retainer agreement is her dissatisfaction with the settlement the law firm achieved. **However, though much time passed, little substantive change occurred between the allocution on June 18, 2003, and the issuance of the court's March 29, 2004 decision and order, which removed the final roadblocks to effectuating the settlement.**
>
> The settlement may not have been perfect. It may have presented problems that required hours of additional negotiation among counsel and two motions for clarification determined by the court. But **the stipulation entered after the March 29 decision was substantially the same stipulation dictated onto the record on June 18, 2003, when plaintiff Elizabeth Margrabe expressed her satisfaction, both with the settlement itself and Sexter & Warmflash's representation.** Her attitude toward the settlement and her attorneys may have changed over the intervening months, but her obligation to pay counsel fees as required by her retainer agreement did not.

<u>See</u> *Id*, at p. 3 [emphasis added].

Plaintiff moved to renew the September 1, 2004 Decision and Order to the extent it fixed Sexter & Warmflash's lien (plaintiff disputed the amount owed); by Decision and Order dated October 28, 2004 the underlying court granted the motion to renew (and, upon renewal, vacated the lien and the direction that escrowed funds in the amount of the lien be turned over to Sexter & Warmflash). <u>See</u> the October 28, 2004 Decision and Order of Justice Donovan, attached to Furman Aff., as Exhibit "N". The October 28, 2004 Decision *inter alia* directed a hearing to determine: (1) the amount of legal fees actually paid to Sexter & Warmflash; (2) the reasonable value of the legal services rendered by Sexter & Warmflash during its representation of plaintiff; and (3) what part of the escrowed funds, if any, are to be turned over to Sexter & Warmflash for any uncompensated legal services. <u>See</u> *Id*.

The underlying court conducted the fee hearing over four days (on December 20, 2004, February 10, 2005, April 1, 2005, and June 1, 2005) and heard testimony from multiple representatives from plaintiff and Sexter & Warmflash (including Elizabeth Margrabe, Michael Present, and Philip Halpern). See transcript of proceedings cover pages, attached to Furman Aff., as Exhibit "O" (full transcripts -which are voluminous- are available upon request).[4]

By Decision and Order dated July 9, 2007, the underlying court reinstated its original finding that the fee sought by Sexter & Warmflash was reasonable (being less than 5% of the total recovery) and that Sexter & Warmflash was not fired for cause. See the underlying July 9, 2007 Decision and Order, Westchester County, Index No. 10032/01, attached to Furman Aff., as Exhibit "P," p. 6. The underlying court again ordered the escrow agent to pay to Sexter & Warmflash the sum of $121,659.74, plus any accrued interest. See Id.[5]

## 4. The State Court Defamation Action

The April 9, 2004 letter served as the basis for a defamation action brought by Sexter & Warmflash against the Margrabes, commenced in Supreme Court, New York County (Index No.

---

[4] The underlying court elicited post-hearing submissions, including proposed findings of fact and conclusions of law. On August 22, 2005, the underlying court signed Sexter & Warmflash's proposed order and adopted Sexter & Warmflash's proposed findings of fact. In sum, the underlying court found that Sexter & Warmflash had not been discharged for cause and that Sexter & Warmflash was entitled to the entire balance of the escrowed funds as reasonable attorney fees. In June, 2006, plaintiff Elizabeth Margrabe again moved to renew her opposition to the law firm's July, 2004 motion to fix the amount of the lien and to vacate the underlying court's August 22, 2005 order (which resulted from the motion to fix the amount of the lien). By decision and order dated June 29, 2006, the underlying court granted renewal, holding inter alia that: "given the complexities of the post-settlement proceedings, the court, upon renewal, cannot vacate the August 22, 2005 order with re-opening the hearing...Accordingly, the court vacates the August 22, 2005 order as well as the finding of fact and conclusions of law adopted therewith for the purpose of re-opening and continuing the hearing." The hearing was held on April 3, 2007 and consisted of the testimony of David Warmflash, Esq., and plaintiff Elizabeth Margrabe. In post-hearing submissions, both sides addressed the issues of reasonableness of the attorneys fees and the usury defense.

[5] While not relevant to defendants' instant motion to dismiss, plaintiff has moved to reargue Justice Donovan's July 9, 2007 Decision and Order pursuant to CPLR § 2221(d); Sexter & Warmflash has opposed (plaintiff's motion to reargue was marked fully submitted on October 17, 2007 and is currently pending determination before Justice Donovan). Plaintiff also filed a Notice of Appeal to the New York Supreme Court, Appellate Division, Second Department, seeking to overturn Justice Donovan's July 9, 2007 Decision and Order (plaintiff's appeal is yet to be perfected; plaintiff has until January 26, 2008 -6 months from plaintiff's July 26, 2007 Notice of Appeal- in which to perfect the same). As set forth below, neither plaintiff's motion to reargue, nor plaintiff's appeal from Justice Donovan's July 9, 2007 Decision and Order prevents the res judicata/collateral estoppel effect of Justice Donovan's July 9, 2007 Decision and Order.

107569/04). On March 17, 2005, the Supreme Court, Justice Kornreich, denied the Margrabes' motion to dismiss the defamation Complaint, and granted Sexter & Warmflash' cross motion for partial summary judgment as to liability (with respect to the portion of the defamation action based on usury accusations). See Furman Aff., Exhibit "G, p. 21." Justice Kornreich *inter alia* held that: (1) plaintiff published the April 9, 2004 letter and; (2) plaintiff's usury accusations were untrue and defamatory *per se*. See Furman Aff., Exhibit "G", pp. 19 - 21.

On January 4, 2007, the Appellate Division, First Department partially reversed Justice Kornreich's decision due to the application of the "absolute privilege" doctrine. See Sexter & Warmflash, P.C. v. Margrabe, 38 A.D.3d 163, *170, 828 N.Y.S.2d 315, **320 (1 Dept., 2007) (attached to Furman Aff., as Exhibit "M", p. 7). The Appellate Division did not reverse Justice Kornreich's holdings that plaintiff published the April 9, 2004 letter and that plaintiff's usury accusations were untrue and defamatory *per se* -- the Appellate Division expressly declined to consider the same. See Id, 38 A.D.3d 163, *178, 828 N.Y.S.2d 315, **328, Furman Aff., Exhibit "M", p. 12.

## 5.    **The Instant Action**

The instant complaint was filed on April 6, 2007. See Furman Aff., Exhibit "A." Plaintiff's Complaint contains five purported "claims" against defendants: (1) legal malpractice (in connection with the underlying settlement); (2) "loss of legal fees" (which plaintiff allegedly incurred during the period following the underlying settlement); (3) breach of fiduciary duty (for allegedly "publishing" the April 9, 2004 firing letter in the underlying action); and (4) & (5) *prima facie* tort" and "intentional infliction of emotional distress" (due to defendants commencement of the underlying defamation action). See Id. As set forth below, none of these "claims" state a cause of action for which relief can be granted and must accordingly be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

On October 5, 2007, defendants requested permission to file the instant Rule 12(b)(6) Fed.R.Civ.P. motion to dismiss and permission to file a Rule 11 Fed.R.Civ.P. motion for costs and sanctions should plaintiff fail to discontinue the action by October 12, 2007.  On October 18, 2007, Your Honor Ordered that defendants had 10 days - until October 28, 2007 - in which to move or otherwise respond to the Complaint (plaintiff was granted a similar 10-day period in which to move to stay proceedings).  To date, plaintiff has refused to discontinue the instant action.  (Defendants have not yet moved for costs and sanctions, despite their vehement belief that the same are warranted.  Plaintiff's continued refusal to discontinue this action, with prejudice, may necessitate such motion).

## ARGUMENT

In sum, under no interpretation of the facts set forth in the Complaint can plaintiff succeed in her "claims" against defendants.  See Conley v. Gibson, 355 U.S. 41, 45-4678 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).  Consequently, the Complaint must be dismissed pursuant to Rule (12)(b)(6) Fed.R.Civ.P., as a matter of law, since plaintiff cannot prove a set of facts in support of her claim that would entitle plaintiff to relief.  See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

## POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL

**A.    Plaintiff's Claims Are Barred by the Doctrine of Res Judicata**

New York law governs plaintiff's instant claim against defendants.  New York State law's doctrine of *res judicata* prohibits a party from relitigating any claim which "could have been or which should have been litigated in a prior proceeding."  See Hyman v Hillelson, 79 AD2d 725, 726 [434 N.Y.S.2d 742], *affd* 55 NY2d 624 [446 N.Y.S.2d 251] (1981);

Amalgamated Sugar Co. v. NL Indus., Inc., 825 F.2d 634 (2d Cir.1987), *cert. denied*, 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987); see also Clark & Co., Inc. v. Acheson Indus., Inc., 532 F.2d 846 (2d Cir.1976), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976).

Under the doctrine of *res judicata*, a final judgment on the merits of an action rendered by a court of competent jurisdiction "precludes the parties...from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); Amalgamated, 825 F.2d at 639 ("[t]he general rule is that a final consent decree is entitled to *res judicata* effect. This is so because the entry of a consent judgment is an exercise of judicial power, that is entitled to appropriate respect and because of the policy favoring finality of judgments.") (*internal citations omitted*); Wallace, 532 F.2d at 848.

New York State Courts have consistently precluded plaintiffs from getting such "two bites of the apple" in actions such as the instant case. In Coliseum Towers v. County of Nassau, the Court set forth its reasoning as follows:

> *Res judicata* serves to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same 'factual grouping' or 'transaction', and which should have or could have been resolved in the prior proceeding. This pragmatic transactional analysis approach of the *res judicata* doctrine arises out of an observation that 'a claim or cause of action [is] "coterminous with the transaction regardless of the number of substantive theories or variant forms of relief... available to the plaintiff"...[*citations omitted*]. In order for *res judicata* to apply, however, the foundational facts must be related in ' "time, space, origin, or motivation [as well as] form a convenient trial unit" ' and it must be established that the ' "treatment [of the foundational facts] as a unit conforms to the parties' expectations" '(*Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [445 N.Y.S.2d 68,], *supra*, quoting from Restatement [Second] of Judgments [Tent Draft No. 1] § 61).

See Coliseum Towers Associates v. County of Nassau, 217 A.D.2d 387, 390, 637 N.Y.S.2d 972 (2d Dept. 1996); see also Statter v. Statter, 2 N.Y.2d 668, 673, 143 N.E.2d 10, 12, 163 N.Y.S.2d 13, 17 to 2 N.Y.2d 668, 673, 143 N.E.2d 10, 13, 163 N.Y.S.2d 13, 17 (1957) (further judicial consideration in a second action should be denied if the subject of the second suit is so inextricably involved with that of the first that it must have entered into the

composition of the first judgment); Schuylkill Fuel Cor. v. B. & C. Nieberg Realty Corp., 250

N.Y. 304, 306-307, 165 N.E. 456, 457 (1929) (a judgment in one action is conclusive in the later

one, not only as to any matters actually litigated therein, but also as to any that might have been

so litigated, when the two causes of action have such a measure of identity that a different

judgment in the second would destroy or impair rights or interests established by the first); and

Speken v. Moore, 773 N.Y.S.2d 880 (1st Dept. 2004) (unanimously affirming dismissal of a legal

malpractice complaint on the grounds of *res judicata*).[6]

Under New York's "transactional approach" to the doctrine of *res judicata*, a final

judgment on an issue precludes all future litigation between the same parties of claims arising

from the same transaction or event, even if the plaintiff is pursuing a different theory or liability

or seeking a different remedy. See Schultz v. New York State Legislature, 278 A.D.2d 710, 712,

718 N.Y.S.2d 422 (3d Dept. 2000).[7]

It is well settled that a "judicial determination fixing the value of a professional's services

necessarily decides that there was no malpractice. This rule applies where an attorney seeks a

charging lien [see Judiciary Law, §475] for services rendered...in the underlying action." See

Lipani v. Collins, Collins & Dinardo, P.C., 1992 WL 168267, *3 (S.D.N.Y. 1992) (attached to

Furman Aff., as Exhibit "Q," *citing* Nat Kagan Meat & Poultry, Inc. v. Kalter, 70 A.D.2d 632,

---

[6] The Speken Court held that the plaintiff's two failed attempts to vacate a settlement (which was executed before trial in an underlying wrongful death action) had a *res judicata* effect in the subsequent legal malpractice action, as the plaintiff made the same arguments in attempting to vacate the settlement agreement that were subsequently made against the legal malpractice defendants in the legal malpractice action. The First Department held that the plaintiff's legal malpractice claim must be dismissed as the allegations supporting that claim (i.e. that the attorney defendants committed fraud and were disloyal) were the same allegations advanced by the plaintiff and "necessarily rejected in plaintiff's first attempt to vacate the settlement" in the underlying action. See Speken, 773 N.Y. S.2d 880 (1st Dept. 2004).

[7] *Res judicata* bars "all other claims arising out of the same transaction or series of transactions...even if based upon different theories or if seeking a different remedy." Hoffenberg v. Hoffman & Pollok 288 F.Supp.2d 527, *537-538 (S.D.N.Y. 2003) (*quoting* Seavey v. Chrysler Corp., 930 F.Supp. 103, 106 (S.D.N.Y. 1996) *and* O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981)); *cf.* Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir.1997) (barring not only "every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose") (*quoting* SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1463 (2d Cir.1996)).

632, 416 N.Y.S.2d 646, 647 (2d Dept.1979)). <u>See also</u> <u>Harley v. Hawkins</u>, 722 N.Y.S.2d 393 (2nd Dept. 2001) (the plaintiff's new allegations "arise from the same attorney-client relationship that was the subject of the previously-dismissed complaint" and there "can be no question that the plaintiff could have and should have pleaded them in the first complaint." <u>Harley</u>, <i>Id</i> (<i>citing</i> <u>Smith v. Russel Sage Coll.</u>, 54 NY2d 185 (1981)).

The foregoing principles are manifestly applicable to the case at bar. Here, the issues presented within plaintiff's Complaint have or should have already been presented and determined in the underlying State Court Fee Dispute. <u>See</u> Furman Aff., Exhibits "I" – "P"; <u>see also</u> <u>Lipani</u>, <i>Id</i>. The underlying court (Justice Donovan) found that defendants had performed their professional obligations in prosecuting plaintiff's underlying claims. <u>See</u> Exhibit "P." The underlying court also expressly rejected the allegations now repeated in the instant Complaint regarding the defendants' performance. <i>Id</i>. There is no basis for relitigating those allegations in this case, and New York law bars plaintiff from doing so.

Plaintiff concedes in her own Complaint that, "[o]n May 14, 2004 [Sexter & Warmflash] commenced a §475 New York Judiciary Law Proceeding ("Fee Dispute") against [plaintiff] in the New York Supreme Court, Westchester County." <u>See</u> Exhibit "A," ¶ 37. By Decision and Order dated July 9, 2007, the underlying court held that the fee sought by Sexter & Warmflash in the Fee Dispute was reasonable (being less than 5% of the total recovery) and that Sexter & Warmflash was <u>not</u> fired for cause. <u>See</u> Furman Aff., Exhibit "P."

Significantly, the July 9, 2007 Decision was rendered following: (i) extensive motion practice; (ii) a four-day factual hearing involving testimony from multiple representatives from both plaintiff and Sexter & Warmflash; (iii) two motions to renew and reargue; (iv) a re-opening and continuing of the hearing; and (v) post-hearing submissions. <u>See</u> Furman Aff., Exhibits "I" – "P". The reasonableness/collectability of Sexter & Warmflash's conduct and legal services

rendered during the representation of plaintiff was at the heart of the Fee Dispute proceedings. See Furman Aff., Exhibits "I" – "P".

Despite a clear ruling that the defendants' conduct and legal services rendered during the representation of plaintiff were reasonable, plaintiff now attempts to re-litigate the same issues previously decided by Justice Donovan, by pursuing this Federal Court action under the guise of common law "malpractice," "breach of fiduciary duty" and other "tort" claims. See Exhibit "P." Plaintiff's efforts to relitigate these issues, while purporting to pursue a different remedy, are unavailing. See Speken v. Moore, 773 N.Y.S.2d 880 (1st Dept. 2004); and Lipani, Id. As the allegations in the instant Complaint "arise out of the same 'factual grouping' or 'transactions'" with respect to the underlying Fee Dispute, plaintiff is precluded by *res judicata* from attempting to re-litigate the validity of defendants' conduct in the underlying action.

**B.    Plaintiff's Claims are Barred by the Doctrine of Collateral Estoppel**

Similarly, the plaintiff's instant claims are barred by the doctrine of collateral estoppel. It is well-settled that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." See O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981); see also Couri v. Westchester Country Club, 186 A.D.2d 715 (N.Y. A.D. 2d Dept. 1992).

In Ryan v New York Tel. Co.,62 N.Y.2d 494, at 500 [478 N.Y.S.2d 823, 467 N.E.2d 487], *quoting* Fish v Vanderlip, 218 NY 29, 37 [112 N.E. 425], quoting Greenleaf, Evidence §§ 522, 523, the Court held that "[t]he doctrine of claim preclusion rests upon the all-important principle that "'[j]ustice requires that every cause be once fairly and impartially tried; but the public tranquility demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever.' " See also Parker v. Blauvelt Volunteer Fire Co., Inc., 93 N.Y.2d 343, 349, 690 N.Y.S.2d 478 (1999) (holding that the collateral estoppel

doctrine applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action").

In Chisholm-Ryder Co., Inc. v. Sommer & Sommer, 78 A.D.2d 143, N.Y.A.D., 1980, the Court held that the doctrine of collateral estoppel precludes a party from relitigating issues which were previously determined "even though the prior suit involved a separate cause of action or a different adversary, although not a bar to the litigation of issues which were not previously raised, will foreclose issues which were necessarily decided in the first action, litigated or not."

Pursuant to the doctrine of collateral estoppel, plaintiff is precluded from re-litigating the issue of whether defendants' legal services were reasonable, as Justice Donovan has already determined this issue in favor of defendants in the Fee Action. See Furman Aff., Exhibit "P."

The Courts in the prior Fee Dispute and defamation actions, in granting attorney's fees and rejecting plaintiff's "misconduct" allegations, determined that plaintiff failed to demonstrate defendants acted improperly towards plaintiff, which is necessarily the same issue that the Court in the within action would be required to decide upon. See Furman Aff., Exhibits "I" – "P." Thus, the plaintiff is collaterally estopped from bringing the new legal malpractice action since it addresses the same issues as were presented in the prior Fee Dispute and defamation actions. See Ryan v. New York Tel Co., 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823 (1984) (holding that the doctrine of collateral estoppel, or issue preclusion "precludes a party from re-litigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party...whether or not the tribunals or causes of action are the same").

**POINT II**

**THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S CLAIMS**

Notwithstanding that plaintiff's action is barred by *res judicata* and collateral estoppel, plaintiff's claims are, in any event, barred by the 3-year statute of limitations for legal malpractice claims. See CPLR §214[6]. Under applicable New York State law, an action to recover damages for legal malpractice accrues on the date that the alleged malpractice is committed, not when the malpractice is discovered. See Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001), *reversing* 270 A.D.2d 245, 704 N.Y.S.2d 113 (2000); Glamm v. Allen, 57 N.Y.2d 87, 93, 453 N.Y.S.2d 674 (1982); Shivers v. Siegel, 11 A.D.3d 447, 782 N.Y.S.2d 758 (2d Dept. 2004).

The New York courts have held that there is absolutely no exception to measuring the accrual date from the date of the injury caused by an attorney's malpractice. McCoy v. Feinman, 99 N.Y.2d 295, 301, 755 N.Y.S.2d 693 (2002); see also Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001), *reversing* 270 A.D.2d 245, 704 N.Y.S.2d 113 (2000); Sommers v. Cohen, 14 A.D.3d 691, 790 N.Y.S.2d 141 (2d Dept. 2005).

While the continuous representation doctrine can toll the running of the statute of limitations on the legal malpractice claim until the ongoing representation is completed, it is well established that the application of the continuous representation doctrine is premised on a continuing relationship of trust and confidence; it is inapplicable where no such relationship exits. Pitelli v. Schulman, 128 A.D.2d 600, 512 N.Y.S.2d 860 (2nd Dept. 1987); see also Coyne v. Bersani, 61 N.Y.2d 939, 474 N.Y.S.2d 970 (1984).

Case law is well established that: "[t]he continuous representation doctrine tolls the statute of limitations only where there is a *mutual understanding* of the need for further representation on the specific subject matter underlying the malpractice claim." See McCoy v.

14

Feinman, 99 N.Y.2d 295, 306, 755 N.Y.S.2d 693 (2002).  The plaintiff bears the burden of demonstrating an ongoing representation in connection with the specific matter from which the malpractice arose.  See Offshore Express, Inc. v. Milbank, Tweed, Hadley & McCloy, LLP, 2007 WL 760419 (S.D.N.Y. March 13, 2007) (citing Mason Tenders Dist. Council Pension Fund v. Messera, 958 F.Supp. 869, 889 (S.D.N.Y. 1997)).

Here, the instant Summons and Complaint -filed on April 6, 2007- apparently seeks to "beat" the 3-year statute of limitations for legal malpractice claims from the date of the April 9, 2004 "firing" letter (by three days) under an unspecified continuous representation theory.

However, plaintiff's well-documented efforts to fire defendants (evident almost immediately after the June 18, 2003 underlying settlement) demonstrate that the requisite "trust and confidence" necessary to maintain a continuous representation argument expired well before the April 9, 2004 letter was sent.  See Furman Aff., Exhibits "E" – "F" (demonstrating that at least as early as July 2, 2003, the Margrabes had engaged other counsel -under the guise of plaintiff's "co-counsel"- and along with said other counsel, immediately began discussing strategies to fire defendants.  Id).

Pursuant to plaintiff's Complaint, the statute of limitations began to run on June 18, 2003 (at the time of the allegedly "negligent" underlying settlement) - and thus expired on June 18, 2006 (over 9 months prior to plaintiff's filing their April 6, 2007 instant Complaint).  See Exhibit "A," ¶¶ 20 – 29.  Even assuming arguendo, that the continuous representation doctrine tolled the statute of limitations for a period of time (which defendants vehemently deny since it is apparent that trust and confidence expired immediately after June 18, 2006), such toll ceased due to the absence of a continuing relationship of trust and confidence long before April 6, 2003 (the operative date since the instant Complaint was not filed until April 6, 2007).  See the underlying correspondence, Furman Aff., Exhibits "E" – "F."  The continuous representation doctrine is

inapplicable and therefore plaintiff's claims are barred by CPLR §214[6]'s statute of limitations. Pitelli v. Schulman, 128 A.D.2d 600, 512 N.Y.S.2d 860 (2nd Dept. 1987); Coyne v. Bersani, 61 N.Y.2d 939, 474 N.Y.S.2d 970 (1984).

Plaintiff's "cause of action" for breach of fiduciary duty must be similarly dismissed pursuant to the statute of limitations. "[W]here the underlying complaint is one which essentially claims that there was a failure to utilize reasonable care or where acts of omission or negligence are alleged or claimed, the statute of limitations shall be three years if the case comes within the purview of CPLR § 214[6], regardless of whether the theory is based in tort or in a breach of contract." See Kliment v. McKinsey & Co., Inc., 3 N.Y.3d 538 (2004) (citing Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623). "Ordinarily, under New York law, a claim for breach of fiduciary duty would be governed by a three-year limitations period if the action sought monetary relief but a six-year period if the action sought equitable relief." See Bartang Bank and Trust Co. v. Caiola, 2006 WL 2708453, *5 (S.D.N.Y. 2006) quoting Cooper v. Parsky, 140 F.3d 433, 440-41 (2d Cir. 1998). Thus, under New York law, a cause of action for breach of fiduciary duty will be dismissed where the causes of action arise from the same facts as the malpractice claim and do not allege distinct damages seeking equitable relief. See Daniels v. Lebit 299 A.D.2d 310 (2d Dept. 2002). Here, since plaintiff does not seek any equitable relief, plaintiff cannot extend the three-year period to six years. See Exhibit "A," ¶ 15; see also Bartang Bank, Id.

Plaintiff's "claims" for intentional infliction of emotional distress and *prima facie* tort are barred by the one-year statute of limitations applicable to each of these "causes of action." The one-year statute of limitations of CPLR § 215(3) for intentional torts applies to claims of intentional infliction of emotional distress. See Lettis v. U.S. Postal Service, 39 F.Supp.2d 181, *204 (E.D.N.Y. 1998) (citing Ornstein v. Pakistan Intern. Airlines Corp., 888 F.Supp. 28, 31 n.

11 (S.D.N.Y. 1995); <u>Williams v. Brooklyn Union Gas Co.</u>, 819 F.Supp. 214, 231 (E.D.N.Y.

1993); <u>Rosado v. New York</u>, 713 F.Supp. 124, 125 n. 2 (S.D.N.Y. 1989); and <u>Koster v. Chase</u>

<u>Manhattan Bank, N.A.</u>, 609 F.Supp. 1191, 1198 (S.D.N.Y. 1985)).  The statute of limitations for

*prima facie* tort is also one year.  <u>See</u> <u>Angel v. Bank of Tokyo-Mitsubishi, Ltd.</u>, 39 A.D.3d 368,

*370, 835 N.Y.S.2d 57, **60 (1 Dept., 2007) (*citing* <u>Havell v. Islam</u>, 292 A.D.2d 210, 739

N.Y.S.2d 371 [2002]).  As <u>all</u> of plaintiff's purported "causes of action" are untimely, as a matter

of law, plaintiff's Complaint must be dismissed in its entirety, with prejudice.

<b><u>POINT III</u></b>

<b><u>PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION</u></b>

None of the purported "claims" against defendants within plaintiff's instant Complaint

state a cause of action for which relief can be granted and plaintiff's Complaint must accordingly

be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.  It is well settled that the Court should grant

a Rule 12(b)(6) motion to dismiss if it appears "'beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief.'"  <u>See</u> <u>Cortec Indus., Inc. v.</u>

<u>Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561,

118 L.Ed.2d 208 (1992) (*quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957)).  Here, as a matter of law, plaintiff can prove no set of facts to support her

claims which would entitle her to any relief.

1.    <b><u>Plaintiff's Complaint Fails To State a Viable Claim for Legal Malpractice</u></b>

In sum, plaintiff's legal malpractice and "legal fee" claims are barred since plaintiff's

Complaint fails to allege that "but for" defendants' alleged misconduct plaintiff would have

obtained a better result in the underlying action (without resorting to improper speculation).  <u>See</u>

<u>See</u> Exhibit "A," ¶14; <u>see also</u> <u>Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills,</u>

<u>Inc.</u>, 10 A.D. 3d 267, 272, 780 N.Y.S. 2d 593, 595 (1st Dept. 2004).

17

It is well settled that to state a claim for legal malpractice, plaintiff must plead and prove: (1) that Sexter & Warmflash failed to exercise the degree of care, skill and diligence commonly possessed by a member of the legal profession; (2) that Sexter & Warmflash' negligence was the proximate cause of the loss sustained; (3) that plaintiff incurred damages as a direct result of Sexter & Warmflash' actions; and (4) that plaintiff would have obtained a better underlying result had Sexter & Warmflash exercised due care. See Andrews Beverage Distrib. v. Stern, 215 A.D.2d 706, 627 N.Y.S.2d 423 (1995); Svigals v. Hopgood, Calimafde, Kalil & Judlowe, 256 A.D.2d 460, 683 N.Y.S.2d 436 (1998).

A.    Plaintiff Has Not Pled and Cannot Establish Proximate Causation

In connection with the proximate causation element, the legal malpractice plaintiff in New York must establish that the negligence of the attorney was the proximate cause of the loss sustained. Brady v. Bisogno & Meyerson, 32 A.D. 3d 410, 819 N.Y.S. 2d 558 (2d Dept. 2006); Dimond v. Kazmierczuk & McGrath, 15 A.D. 3d 526, 527, 790 N.Y.S. 2d 219, 220 (2d Dept. 2005). Proximate causation in this regard can *only* be demonstrated when the plaintiff can plead and prove that, "but for the defendant's negligence, the plaintiff would have been successful in the underlying action." Simmons v. Edelstein, 32 A.D.3d 464, 466, 820 N.Y.S.2d 614 (2d Dept. 2006) (*internal citations omitted*); Hand v. Silberman, 15 A.D. 3d 167, 789 N.Y.S. 2d 26, 27 (1st Dept. 2005); see also Coastal v. Raphael, 298 A.D. 2d 186, 748 N.Y.S. 2d 141 (1st Dept. 2002) (dismissing the legal malpractice complaint where the plaintiff "failed to make out the requisite causal connection between the claimed malpractice and the loss allegedly sustained").

The "but for" causation requirement in legal malpractice actions necessitates the plaintiff to prove "a case within a case," because it demands a hypothetical re-examination of the events at issue *absent* the alleged legal malpractice. See Reibman v. Senie, 302 A.D. 2d 290, 756 N.Y.S. 2d 164 (1st Dept. 2003); see also Weil, Gotshal & Manges, LLP v. Fashion Boutique of

Short Hills, Inc., 10 A.D. 3d 267, 272, 780 N.Y.S. 2d 593, 595 (1st Dept. 2004); Ellsworth v.

Foley, 24 A.D. 3d 1239, 805 N.Y.S. 2d 899 (4th Dept. 2005) (*internal citations omitted*)

(holding that the plaintiff must prove that "but for" the alleged legal malpractice, there would

have been a more favorable outcome in the underlying action).[8]

Where causation is speculative and conclusory, a legal malpractice action must be

dismissed. See Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, 301 A.D. 2d 63, 67,

750 N.Y.S. 2d 277 (1st Dept. 2002), *citing* Pellegrino v. File, 291 A.D. 2d 60, 63, 738 N.Y.S. 2d

320 (1st Dept. 2002); Dweck Law Firm LLP v. Mann, 283 A.D. 2d 292, 293, 727 N.Y.S. 2d 58,

59 (1st Dept. 2001); Oot v. Arno, 275 A.D. 2d 1023, 1024, 713 N.Y.S. 2d 382 (4th Dept. 2000),

*citing* Brown v. Samalin & Bock, P.C., 168 A.D.2d 531, 563 N.Y.S.2d 426 (2d Dept. 1990).

Here, plaintiff "alleges" that "but for the legal malpractice of [defendants] on June 18,

2003 [plaintiff] would not have sold her interest for $4,187,500." See Furman Aff. Exhibit "A",

¶28. Plaintiff then speculatively claims that had the action not settled on June 18, 2003, plaintiff

would, in sum, have done better. See *Id*, ¶¶ 27 - 29. Such "conclusion" does not sufficiently

allege proximate causation. See Flutie Bros. v. Hayes, 2006 WL 1379594, No. 04 Civ. 4187, at

*7 (S.D.N.Y. May 18, 2006); Hartman v. Morganstern, 28 A.D. 3d 423, 425, 814 N.Y.S. 2d 169

(2d Dept. 2006); Brooks v. Ross, 24 A.D. 3d 589, 808 N.Y.S.2d 358 (2d Dept. 2005); Cohen v.

Leonard & Robert Shapiro, 18 A.D. 3d 219, 220, 793 N.Y.S. 2d 764, 765 (1st Dept. 2005); Stein

v Levine, 8 A.D.3d 652, 653, 779 N.Y.S. 2d 556, 557 (2d Dept. 2004). In other words,

plaintiff's Complaint does not permit one to reasonably infer "proximately caused damages"

which would not have occurred "but for" the alleged negligence of Sexter & Warmflash without

---

[8] Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D. 3d 267, 272, 780 N.Y.S. 2d 593,
595 (1st Dept. 2004) ("[T]o establish the elements of proximate cause and actual damages…the client must meet a
'case within a case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed
in the underlying matter or would not have sustained any ascertainable damages."); see also Rubens v. Mason, 387
F. 3d 183, 189 (2d Cir. 2004); Tortura v. Sullivan Papain Block McGrath & Cannavo, P.C., 21 A.D. 3d 1082, 1083,
803 N.Y.S. 2d 571, 572 (2d Dept. 2005).

19

resort to improper speculation). *Id.* Since plaintiff has not plead (and cannot demonstrate) the element of proximate causation, plaintiff's legal malpractice claims fail.

**B.**    <u>Plaintiff's Claim For Legal Malpractice Insufficiently Pleads Damages And Must Therefore Be Dismissed</u>

In addition to establishing proximate cause, under New York State law, the legal malpractice plaintiff must also show *actual damage* by the attorney's conduct. <u>Postel v. Jaffe & Segal</u>, 237 A.D.2d 127, 654 N.Y.S.2d 25 (1st Dept. 1997) (absent a showing of damage, there can be no cause of action for legal malpractice); <u>Cramer v. Spada</u>, 203 A.D.2d 739, 610 N.Y.S.2d 662 (3d Dept. 1994) (New York law is clear that there can be no malpractice where the plaintiff fails to establish damages resulting from the attorney's error).

The rule for proof of damages in legal malpractice is stringent; the lawyer's conduct must have caused damages that are "actual and ascertainable." <u>Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP.</u>, 301 A.D.2d 63, 750 N.Y.S.2d 277 (1st Dept. 2002); <u>Zeitlin v. Greenberg, Margolis et al.</u>, 209 A.D.2d 510, 619 N.Y.S.2d 289 (2d Dept. 1994). The loss attributable to malpractice must be real and not hypothetical, and the damages must be readily measurable in economic terms. <u>See Zarin v. Reid & Priest et al.</u>, 184 A.D.2d 385, 385, 585 N.Y.S.2d 379, 381 (1st Dept. 1992); <u>Brown v. Samalin & Bock, P.C.</u>, 168 A.D.2d 531, 532, 563 N.Y.S.2d 426 (2d Dept. 1990); <u>Mendoza v. Schlossman</u>, 87 A.D.2d 606, 448 N.Y.S.2d 45 (2d Dept. 1982) (determining that plaintiffs must establish injuries suffered and their value). The basic measure of damages is the difference between (1) what the plaintiffs' economic position currently is against (2) what it should have been "but for" the attorney's malpractice. <u>See Flynn v. Judge</u>, 149 A.D. 278, 133 N.Y.S. 794 (1912).

"Mere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a *prima facie* case in malpractice." <u>Luniewski v. Zeitlin</u>, 188 A.D.2d 642, 643, 591

N.Y.S.2d 524, 526 (2d Dept. 1992); see also John P. Tilden, Ltd. v Profeta & Eisenstein, 236 A.D.2d 292, 654 N.Y.S.2d 10 (2d Dept. 1997); and Klein v. Clay, 71 A.D.2d 594, 418 N.Y.S.2d 420 (1st Dept. 1979) (plaintiffs must show damages to recover against their attorney for malpractice). Damages are speculative if the uncertainty concerns the fact of whether there are any damages rather than the amount of damages. See 2 Mallen & Smith, Legal Malpractice § 19.3 at 601 (4th ed.); Murphy v. Stein, 156 A.D.2d 546, 549 N.Y.S.2d 53 (2d Dept. 1989); Giambrone v. Bank of New York, 253 A.D.2d 786, 677 N.Y.S.2d 608 (2d Dept. 1998).

Here, even assuming *arguendo* negligence (which defendants vehemently deny), plaintiff has not sufficiently alleged (and cannot argue) that "ascertainable damages" directly resulted from such alleged negligence. See Furman Aff. Exhibit "A", ¶¶ 25 - 32. Plaintiff has not alleged any non-speculative "facts" from which one could reasonably infer that her "economic position" is worse off than what it would have been "but for" any alleged "acts/omissions" by Sexter & Warmflash. *Id*. The lack of actual or ascertainable damages is fatal to plaintiff's claim for legal malpractice. See Perkins v. Norwick, 257 A.D.2d 48, 1999 WL 3894194 (1st Dep't 1999) (finding plaintiff's alleged damages speculative). Accordingly, plaintiff has not plead (and cannot prove) the necessary elements of a legal malpractice claim as a matter of law. Therefore, this claim should be dismissed, with prejudice.

**2.    Plaintiff's Complaint Fails To State a Viable Claim For Breach Of Fiduciary Duty**

A.    Plaintiff's Breach of Fiduciary "Claim" Must Be Dismissed As a Redundant Pleading Of Plaintiff's "Malpractice" Claims

To the extent plaintiff alleges breach a fiduciary in addition to malpractice claims, the breach a fiduciary claim is subject to dismissal as a redundant pleading in light of the claims for malpractice. A legal malpractice plaintiff's assertion of a separate breach of fiduciary duty against an attorney cannot be premised on the same facts as an accompanying negligence-based

legal malpractice claim. See Schwartz v. Olshan Grundman Frome & Rosenzweig, 302 A.D.2d 193, 753 N.Y.S.2d 482 (1st Dept. 2003); see also Weil Gothshal *supra,* citing Estate of Nevelson v. Carro, Spanbock, Kaster & Cuiffo, 290 A.D. 2d 399, 400, 736 N.Y.S.2d 668 (1st Dept. 2002); see also Murray Hill v. Parker Chapin Flattau & Klimpl, LLP, 305 A.D. 2d 228, 229, 759 N.Y.S.2d 463 (1st Dept. 2003).

Under New York law, to sustain a breach a fiduciary duty claim, a plaintiff must allege that the attorney's breach caused damages *separate and distinct* from the negligence-based cause of action. See Mecca v. Shang 258 A.D.2d 569, 570, 685 N.Y.S.2d 458 (2d Dept. 1999); Sage Realty Corp. v. Proskauer Rose, 251 A.D.2d 35, 675 N.Y.S.2d 14 (1st Dept. 1998); see also Boyd v. Gering, Gross & Gross, 226 A.D.2d 489, 641 N.Y.S.2d 108 (2d Dept. 1996). Here, since plaintiff's Complaint is premised on the same set of operative facts as her malpractice claims (see Exhibit "A," ¶¶ 14 – 46) plaintiff's breach a fiduciary duty claim must be dismissed as redundant.

B.    Plaintiff's Breach of Fiduciary "Claim" Must Be Dismissed For Failure to State A Cause of Action

A breach of fiduciary duty claim requires: (1) the existence of a fiduciary relationship between the parties; and (2) a breach of the duty flowing from that relationship. See Henneberry v. Sumitomo, 415 F.Supp.2d 423, 459 (SDNY 2006); Official Committee of Asbestos Claimants v. Heyman, 277 B.R. 20, 37 (SDNY 2002); Thermal Imaging, Inc. v. Sandgrain Securities, Inc., 158 F.Supp.2d 335, 343 (SDNY 2001); see also Grencorp v. GMAC, 2005 WK 3534217 at *3 (N.D.Tex. 2005); and Louis Capital Mkts. v. REFCO Group, Ltd., LLC, 9 Misc.3d 283, 286, 801 N.Y.S.2d 490, 493, 2005 N.Y. Slip Op. 25239, *2, 2005 WL 1473944.

In Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D.3d 267, 780 N.Y.S.2d 593 (1st Dept. 2004), the First Department found that the "but for" standard of causation, applicable to a legal malpractice claim, also applies to a claim for breach of fiduciary

duty. Specifically, the <u>Weil Gotshal</u> Court found that the lower court had improperly applied the less rigorous "substantial factor" causative standard in analyzing the sufficiency of plaintiff's breach of fiduciary duty claim. The Court found that although it had not previously differentiated between the standard of causation for a claim of legal malpractice and one for breach of fiduciary duty, in the context of attorney liability such claims should be seen as co-extensive. Accordingly, the <u>Weil Gotshal</u> Court held that in order to plead a breach of fiduciary duty claim, a plaintiff must "establish the elements of proximate cause and actual damages, where the injury is the value of the claim lost, the client must meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's conduct, the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages" *citing* <u>Reibman v. Senie</u>, 302 A.D.2d 290, 756 NYS2d 164; <u>Zarin v. Reid & Preist</u> 184 A.D.2d 385.

Here, plaintiff's breach of fiduciary duty claims are barred by the well-documented fact that there was no "breach" of any fiduciary duty (<u>see</u> Furman Aff., Exhibits "I" – "P"), and by plaintiff's failure to sufficiently allege any breach proximately causing non-speculative damages. <u>See</u> Exhibit "A," ¶¶ 33 - 46. As set forth *supra*, the underlying Fee Dispute determined that Sexter & Warmflash acted properly towards plaintiff. <u>See</u> Exhibits "I" – "P." In addition, *plaintiff* (not defendant) published the April 9, 2004 letter at issue. <u>See</u> Exhibit "A," ¶ 34.[9] Accordingly, since plaintiff has not pled (and cannot demonstrate) the necessary elements of a breach of fiduciary duty claim, plaintiff's Complaint must be dismissed.

---

[9] As determined in the decision of Judge Kornreich and never reversed by the Appellate Division. <u>See</u> defamation proceedings, *Id*, Exhibits "G" and "M." <u>See</u> also <u>A.I.A. Holdings</u>, 1999 WL 47223 (S.D.N.Y); <u>Gaidon v. Guardian Life</u>, 255 A.D.2d 101, 102, 679 N.Y.S.2d 611, 612 (1st Dept. 1998) (dismissing breach of fiduciary duty claims which were stated in a "conclusory fashion"); <u>Gibbs v. Breed, Abbott & Morgan</u>, 271 A.D.2d 180, 188-189, 710 N.Y.S.2d 578, 584, 2000 N.Y. Slip Op. 06869 (1st Dep't, 2000) ("[t]he proponent of a claim for a breach of fiduciary duty must, at a minimum, establish that the offending parties' actions were "a substantial factor" in causing an identifiable loss.").

3.     **Plaintiff's Complaint Fails To State a Viable Claim For Prima Facie Tort**

Plaintiff's claim for *prima facie* tort is equally subject to dismissal as a matter of law. See Exhibit "A," ¶¶ 47 - 52. To plead a *prima facie* tort, plaintiff must demonstrate that no other traditional tort can be demonstrated. See McKenzie v. Clearly Gottlieb, et al., 1994 WL 150139 (Sup. Ct. New York County). If that initial burden is met, the pleading must set forth the following elements: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful. See *Id. citing* Frechofer v. Hearst Corp., 65 N.Y.2d 135 (1985). Curiano v. Suozzi, 63 NY2d 113, 117 (1984). The "sole motivation" for the act must be "disinterested malevolence." *Id.* At 117; see also Williams v. Barber, 3 AD3d 695 (3d Dept 2004); Avgush v Town of Yorktown, 303 AD2d 340 (2d Dept 2003); Burns, Jackson, Muller, Summit  & Spitzer v. Lindner, 59 N.Y.2d. 314, 333 (1983) ("a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another").

Here, plaintiff has not alleged (and cannot allege) a cause of action for *prima facie* tort. It is undisputed that the defendants dictated the subject underlying settlement agreement in the capacity as plaintiff's attorneys, attempting to further plaintiff's interests and that thereafter, defendants disclosed the April 9, 2004 letter (previously published by plaintiff) only as part of defendants' defamation action (which sought to protect defendants' reputation). See Furman Aff., Exhibits "G" and "M." Plaintiff has failed to allege any motive of defendants other than the representation of their then client and the pursuit of their subsequent defamation claims. See Exhibit "A," ¶¶ 47 - 52. Therefore, plaintiff has failed to allege that defendants' actions were "solely motivated" by "disinterested malevolence." See Curiano, *supra*.

**4.    Plaintiff's Complaint Fails To State a Viable Claim for Intentional Infliction of Emotional Distress**

Plaintiff cannot sustain a cause of action against the defendants for intentional infliction of mental distress, as a matter of law.  See Exhibit "A," ¶¶ 53 - 58.  The intentional infliction of mental distress remedy has been carefully and narrowly limited to include only such conduct as can be characterized as "so outrageous…and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement, Second, of Torts, section 46(1) Comment d; Malamood v. Kiamesha, 182 A.D.2d 359 (1st Dept. 1992); Howell v. New York Post Co, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993); Murphy v. American Home Products, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983).

In order to prevail on a claim for intentional infliction of emotional distress, plaintiff must plead and prove that defendants engaged in extreme and outrageous conduct and that such conduct intentionally or recklessly caused severe emotional distress. Klinge v. Ithica College, 235 A.D.2d 724 (3rd Dept. 1997).  Said conduct must transcend the bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community." Id.  "Courts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a deliberate and malicious campaign of harassment or intimidation." Cohn-Frankel v. United Synagogue of Conservative Judaism, 246 A.D.2d. 332 (1st Dept. 1998).  Further, a plaintiff is required to establish that severe emotional distress was suffered, which is "supported by medical evidence, not the mere recitation of speculative claims." Walentas v. Johnes, 257 A.D.2d 352 (1st Dept. 1999). The conduct must be "so severe that no reasonable man could be expected to endure it." Restatement of Torts, Second, Sec. 46, comment j.

Here, there is no allegation that defendants intended to inflict severe emotional distress upon the plaintiff, had reason to know that his conduct was reasonably certain to have that effect, or did, in fact, commit the tort. See Exhibit "A," ¶¶ 53 - 58.  The defendants simply entered into

an underlying settlement agreement and filed the April 9, 2004 letter (a letter which Mr. Margrabe drafted over several months and published) as an exhibit to defendants' defamation Complaint, submitted to a court for consideration. Plaintiff's complaint is completely baron of any allegation that the plaintiff has any medical evidence that plaintiff suffered emotional distress. See Exhibit "A," ¶¶ 53 - 58. Accordingly, plaintiff's claim for intentional infliction of emotional distress must be dismissed as a matter of law.

As set forth above, under no interpretation of the facts set forth in the Complaint can plaintiff succeed in her "claims" against defendants. See Conley v. Gibson, 355 U.S. 41, 45-4678 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Plaintiff's Complaint must be dismissed pursuant to Rule (12)(b)(6) Fed.R.Civ.P., as a matter of law, since plaintiff cannot prove a set of facts in support of her claim that would entitle plaintiff to relief. See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint must be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6) Fed.R.Civ.P, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 26, 2007

                                        Respectfully submitted,

                                        KAUFMAN BORGEEST & RYAN LLP

By:                     _____
                                        A. Michael Furman, Esq.
                                        Andrew R. Jones, Esq.
                                        Attorneys for Defendants
                                        SEXTER & WARMFLASH, P.C., DAVID
                                        WARMFLASH and MICHAEL PRESENT
                                        99 Park Avenue, 19th Floor
                                        New York, New York 10016
                                        Telephone No. (212) 980-9600

To:    <u>Via ECF & First Class Mail:</u>
       William Greenberg, Esq.
       Greenberg & Massarelli, LLP
       2929 Purchase Street
       Purchase, New York  10577
       Telephone: (914) 694-1880

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: **MEMORANDUM OF LAW IN SUPPORT OF RULE 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS SEXTER & WARMFLASH, P.C., DAVID WARMFLASH AND MICHAEL PRESENT** was served via first class mail and ECF on the 29th day of October 2007 upon:

William Greenberg, Esq.
Greenberg & Massarelli, LLP
2929 Purchase Street
Purchase, New York  10577

_____
A. MICHAEL FURMAN