SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------X

ELIZABETH MARGRABE AND ANTHONY J. RUSCIANO,    :
III, AS SHAREHOLDERS OF RUSCIANO & SON CORP.,
SECOR LANE CORP. AND VINRUS CORP., SUING IN    :
THE RIGHT OF RUSCIANO & SON CORP., SECOR            Index No.
LANE CORP. AND SUBSIDIARIES, AND VINRUS         :
CORP., ELIZABETH MARGRABE AND ANTHONY
RUSCIANO, III,  INDIVIDUALLY,                   :

                                               :    VERIFIED
                        Plaintiffs,            :    <u>COMPLAINT</u>

            -against-                           :

ANTHONY J. RUSCIANO, II, RUSCIANO & SON         :
CORP., VINRUS CORP., SECOR LANE CORP. AND
SUBSIDIARIES,  PVE COMPANY JOINT VENTURE,       :
PVE II CO., AND TONGENE REALTY COMPANY,
                                               :
                        Defendants.
-----------------------------------------------X

        Plaintiffs, by their attorneys, Sexter & Warmflash, P.C.,

complaining of defendants, allege as follows:


                        <u>The Parties</u>


        1.   Plaintiff Elizabeth Margrabe  ("Margrabe") is an

individual residing at 31 Priory Lane, Pelham Manor, New York

10803.


        2.   Plaintiff Anthony J. Rusciano, III ("Rusciano") is an

individual residing at 4 Upland Court, South Salem, New York 10590.

3.    Upon information and belief, defendant Anthony J. Rusciano, II ("A.J. Rusciano") is an individual residing at 51 Echo Bay Drive, New Rochelle, New York.

4.    Upon information and belief, defendant Rusciano & Son Corp. ("Rusciano & Son") is a domestic corporation with offices at 2 Penn Place, Pelham Manor, New York 10803.

5.    Upon information and belief, defendant Rusciano & Son is a corporation which transacts business in the State of New York.

6.    Upon information and belief, defendant Vinrus Corporation ("Vinrus") is a domestic corporation with offices at 2 Penn Place, Pelham Manor, New York 10805.

7.    Upon information and belief, defendant Vinrus is a corporation which transacts business in the State of New York.

8.    Upon information and belief, defendant Secor Lane Corp. and its Subsidiaries (collectively, "Secor") are domestic corporations with offices at 2 Penn Place, Pelham Manor, New York 10803.

9.    Upon information and belief, Secor is a corporation which transacts business in the State of New York.

10. Upon information and belief, defendant PVE Company Joint Venture ("Joint Venture") is a general partnership organized pursuant to the laws of the State of New York to conduct business in the State of New York, with offices at 2 Penn Place, Pelham Manor, New York 10803.

11.. Upon information and belief, defendant PVE II Co. ("PVE") is a general partnership organized pursuant to the laws of the State of New York to conduct business in the State of New York with offices at 2 Penn Place, Pelham Manor, New York.

12. Upon information and belief, defendant Tongene Realty Company ("Tongene") is a general partnership organized pursuant to the laws of the State of New York to conduct business in the State of New York with offices at 2 Penn Place, Pelham Manor, New York 10805.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT A.J. RUSCIANO ON BEHALF OF DEFENDANT RUSCIANO & SON CORP.

13. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 12 as if set forth fully herein.

14. Plaintiffs are shareholders of defendant Rusciano & Son, and were shareholders at the time of the transactions complained herein.

15. Plaintiffs bring this action in the right of and for the benefit of Rusciano & Son.

16. At all times hereinafter mentioned, defendant Rusciano & Son was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

17. Rusciano & Son was incorporated in the State of New York on February 8, 1933.

18. Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano was and still is (i) an officer and director of the corporation and (ii) the beneficial owner of 66.3 shares of voting common stock and 1993.11 shares of non-voting common stock which the corporation has issued and are outstanding. In addition, upon information and belief, A.J. Rusciano is a beneficiary and sole trustee of a trust which holds 17.7 shares of voting common stock which the corporation has issued and are outstanding.

19. That at all times hereinafter mentioned, plaintiff Margrabe was and still is the owner of 2,029.25 shares of the corporation's non-voting common stock, and as such, plaintiff Margrabe has an equitable interest in defendant Rusciano & Son.

20. That at all times hereinafter mentioned plaintiff Rusciano was and still is the owner of (i) 66 shares of Rusciano & Son's issued and outstanding voting common stock and (ii) 2,229.25 shares of the corporation's non-voting common stock and as such, plaintiff Rusciano has an equitable interest in defendant Rusciano & Son.

21. Upon information and belief, defendant Rusciano & Son, at all times hereinafter mentioned, was and still is in the business of acquiring, taking, owning, holding, improving, developing, planning, dealing in and with, managing, mortgaging, selling, leasing, exchanging, transferring or in any way disposing of real property.

22. Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano beneficially owned and/or controlled a majority of the outstanding voting shares of Rusciano & Son common stock and during said time did select, nominate and elect persons of his own choosing as directors and officers of Rusciano & Son and was further able to and did determine and direct the business policies and affairs of Rusciano

& Son as to include the amount of salary and other benefits received by him, together with complete and exclusive control of the disbursements and expenses charged to Rusciano & Son for his personal benefit.

23.    That it was the fiduciary duty of A.J. Rusciano as an officer, director, and controlling shareholder of Rusciano & Son to administer, diligently and carefully, the affairs of said corporation, and to employ none but honest and competent persons to serve as officers, employees, agents and servants of said corporation; to safeguard the property and effects of said corporation; to prevent corporate assets from being wasted, stolen or squandered; and to keep honest, accurate and correct accounts of all affairs, business and transactions of the said defendant corporation; to make and publish true and accurate accounts and statements of the affairs of said corporation from time to time, as required by statute; and to perform faithfully and diligently all the duties devolving upon him as an officer, director, and controlling shareholder of defendant corporation.

24.    That A.J. Rusciano failed to perform the fiduciary duties imposed upon him as an officer, director and controlling voting shareholder of Rusciano & Son, and that he did not give proper care or oversight to the business and affairs of defendant corporation, and neglected the same; and that he did not administer the affairs of defendant corporation in a skillful, careful, and

diligent manner; but on the contrary, knowingly and fraudulently permitted monies, property, and effects of the defendant corporation to be taken, wasted, and squandered, and transferred the monies and other assets of defendant corporation for his own personal account and/or for his own personal use, to the detriment of Rusciano & Son and its shareholders, specifically including plaintiffs Margrabe and Rusciano, and has accomplished the above by engaging in a fraudulent course of conduct and schemes including, but not limited to, the following actions:

(a)    Upon information and belief, defendant A.J. Rusciano has allocated a salary to himself well in excess of the reasonable value of the services rendered by him to the corporation.

(b)    Upon information and belief, the salary and benefits allocated to A.J. Rusciano, including but not limited to a pension and profit plan, medical and other fringe benefits were unjustified by the corporation's operating results, particularly since he has never devoted his full time and attention to the business of the corporation.

(c) Upon information and belief, defendant A.J. Rusciano has hoarded corporate assets which should be distributed to the shareholders.

(d) Upon information and belief, defendant A.J. Rusciano has operated the corporation in a careless, reckless and negligent manner resulting in a waste of corporate assets and opportunity causing a decrease in the value of plaintiffs' shares.

25. Upon information and belief, defendant A.J. Rusciano has controlled and conducted Rusciano & Son for his own personal benefit and gain, thereby reducing the value of Rusciano & Son, and causing plaintiffs' shares to have little or no value.

26. By reason of the foregoing, defendant A.J. Rusciano breached his fiduciary obligations to defendant Rusciano & Son and shareholders Margrabe and Rusciano. Defendant A.J. Rusciano has further failed to exercise due care, skill and diligence in conducting the affairs of Rusciano & Son, and has wasted its assets.

27. By reason of the foregoing, Rusciano & Son and its shareholders Margrabe and Rusciano have been damaged, and

defendants A.J. Rusciano has derived substantial benefits. The exact amount of said damages and benefits is unknown to plaintiffs, and cannot be ascertained except by an accounting herein.

28. Plaintiffs have made no demand on the board of directors of Rusciano & Son to take action with respect to the wrongs herein alleged since defendant A.J. Rusciano is and has been at all relevant times in sole control of defendant Rusciano & Son and has participated in, authorized and approved the acts and transactions complained of herein and is liable therefor. A.J. Rusciano is a defendant in this action and as such, he cannot be expected to vote to prosecute an action against himself. By reason of the foregoing, such demand would be futile, and is, therefore, unnecessary.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANT A.J. RUSCIANO
<u>ON BEHALF OF DEFENDANT VINRUS CORP.</u>

29. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30. Plaintiffs bring this action in the right of and for the benefit of Vinrus Corporation ("Vinrus").

9

31.   Plaintiffs are shareholders of defendant Vinrus Corp., and were shareholders at the time of the transactions complained of herein and as such, have an equitable interest in defendant Vinrus

32.   Plaintiffs bring this action in the right and for the benefit of Vinrus Corp.

33.   At ll times hereinafter mentioned, defendant Vinrus was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

34.   Vinrus was incorporated in the State of New York on June 27, 1951.

35.   Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano, was and still is (i) an officer and director of Vinrus Corp. and (ii) the beneficial owner of a majority of the corporation's issued and outstanding common stock.

36.   That upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano, was and still is in sole control of Vinrus's assets and business affairs.

37. Upon information and belief, defendant Vinrus, at all times hereinafter mentioned, was and still is in the business of acquiring, taking, owning, holding, improving, developing, planning, dealing in and with, managing, mortgaging, selling, leasing, exchanging, transferring, or in any way disposing of real property.

38. Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano beneficially owned and/or controlled a majority of the outstanding voting shares of Rusciano Associates common stock and during said time, did select, nominate and elect persons of their own choosing as directors and officers of Vinrus, and was further able to and did determine and direct the business policies and affairs of Vinrus, as to include the amount of management fees received by him, together with complete and exclusive control of the corporation's disbursements and expenses charged to Vinrus.

39. That it was the fiduciary duty of A.J. Rusciano, as an officer, director, and controlling shareholder of Vinrus, to administer, diligently and carefully, the affairs of said corporation, and to employ none but honest and competent persons to serve as officers, employees, agents and servants of said corporation; to safeguard the property and effects of said corporation, to prevent corporate assets from being wasted, stolen or squandered; and to keep honest, accurate and correct accounts of

all affairs, business and transactions of defendant corporation; to make and publish true and accurate accounts and statements of the affairs of said corporation from time to time, as required by statute; and to perform faithfully and diligently all the duties devolving upon him as an officer, managing director, and majority shareholder of defendant corporation.

40.   That A.J. Rusciano failed to perform the fiduciary duties imposed upon him as an officer, managing director, and controlling shareholder of defendant, Vinrus, and that he did not give proper care or oversight to the business and affairs of the said defendant corporation, and neglected the same; and that he did not administer the affairs of said defendant corporation in a skillful, careful, and diligent manner; but on the contrary, knowingly and fraudulently permitted monies, property, and effects of defendant corporation to be taken, wasted, and squandered, and transferred the monies and other assets of defendant corporation for his own personal account and for his own personal use, to the detriment of Vinrus, it shareholders, and specifically including plaintiffs Margrabe and Rusciano, and has accomplished the above by engaging in a fraudulent course of conduct and scheme including, but not limited to, the following actions:

(a)   Upon information and belief, A.J. Rusciano has allocated management fees to his closely-held corporation, Rusciano Associates

12

well in excess of the fair market value of the services rendered by Rusciano Associates to the corporation.

(b)    Upon    information    and    belief, defendant   A.J.   Rusciano   hoarded   corporate assets   which   should   be   distributed   to   the shareholders.

41.  Upon information and belief, defendant A.J. Rusciano controlled and conducted Vinrus for his own personal benefit and gain, thereby reducing the value of Vinrus and causing plaintiffs' shares to have little or no value.

42.  By reason of the foregoing, defendant A.J. Rusciano breached  his  fiduciary  obligations  to  defendant  Vinrus  and shareholders  Margrabe  and  Rusciano.   Defendant  A.J.  Rusciano further  failed  to  exercise  due  care,  skill  and  diligence  in conducting the affairs of Vinrus and wasted it assets.

43.  By  reason  of  the  foregoing,  Vinrus  and  its shareholders Margrabe and Rusciano have been damaged, and defendant A.J. Rusciano has derived substantial benefits.  The exact amount of said damages and benefits is unknown to plaintiffs, and cannot be ascertained except by an accounting herein.

44. Plaintiffs have made no demand on the board of directors of Vinrus to take action with respect to the wrongs herein alleged since defendant A.J. Rusciano is a director and controlling shareholder, and in sole control of defendant Vinrus, and participated in, authorized and approved the acts and transactions complained of herein and is liable therefore. A.J. Rusciano is a defendant in this action and as such, he cannot be expected to vote to prosecute an action against himself. By reason of the foregoing, such demand would be so futile, and is, therefore, unnecessary.

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANT A.J. RUSCIANO
ON BEHALF OF DEFENDANT
<u>SECOR LANE CORP. AND ITS SUBSIDIARIES</u>

45. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 44 of the Complaint as if set forth fully herein.

46. Plaintiffs are shareholders of defendant Secor Lane Corp. and were shareholders at the time of the transactions complained herein.

47. Plaintiffs bring this action in the right of, and for the benefit of Secor and its subsidiaries (collectively, "Secor").

14

48.  At all times hereinafter mentioned, defendant Secor was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

49.  Secor was incorporated on or about June 27, 1951.

50.  Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano, was and still is (i) an officer and director of Secor and (ii) a shareholder of Secor.

51.  Upon information and belief, 60 of the 100 shares of Secor's issued and outstanding common stock are owned by Rusciano Associates.  Defendant A.J. Rusciano beneficially owns and/or controls all or a majority of Rusciano Associates voting stock, and as such is able to exercise control over the management and affairs of Secor.

52.  Upon information and belief, plaintiff Margrabe beneficially owns 14.27 shares of Secor's issued and outstanding common stock and as such, has an equitable interest in Secor.

53.  Upon information and belief, plaintiff Rusciano beneficially owns 14.27 shares of Secor's issued and outstanding common stock and as such, has an equitable interest in Secor.

54. Upon information and belief, defendant Secor, at all times hereinafter mentioned, was and still is in the business of acquiring, taking, owning, holding, improving, developing, planning, dealing in and with, managing, mortgaging, selling, leasing, exchanging, transferring or in any way disposing of real property.

55. Upon information and belief, at all times hereinafter mentioned, defendant A.J. Rusciano, through his ownership and control of Rusciano Ascites, Inc., did select, nominate and elect persons of his own choosing as directors and officers of Secor, and was further able to and did determine and direct the business policies and affairs of Secor as to include the complete and exclusive control of the corporation's disbursements and expenses charged to Secor.

56. That it was the fiduciary duty of A.J. Rusciano, as an officer, director, and controlling shareholder of Secor to administer, diligently and carefully, the affairs of said corporation, and to employ none but honest and competent persons to serve as officers, employees, agents and servants of corporations; to safeguard the property and effects of corporation; to prevent corporate assets from being wasted, stolen or squandered; and to keep honest, accurate and correct accounts of all affairs, business and transactions of defendant corporation; to make and publish true and accurate accounts and statements of the affairs of corporations

16

from time to time, as required by statute; and to perform faithfully and diligently all the duties devolving upon him as an officer, director, and majority shareholder of defendant corporation.

57. That A.J. Rusciano failed to perform the fiduciary duties imposed upon him as an officer, director, and controlling shareholder of defendant Secor and that he did not give proper care or oversight to the business and affairs of defendant corporation, and neglected the same; and that he did not administer the affairs of defendant corporation in a skillful, careful and diligent manner, but on the contrary, knowingly and fraudulently permitted monies, property, and effects of defendant corporation to be taken, wasted, and squandered, and transferred the monies and other assets of defendant corporation for his own personal account and/or for their own personal use to the detriment of Secor and its shareholders and, in particular plaintiffs Margrabe and Rusciano, and has accomplished the above by engaging in a fraudulent course of conduct and scheme including, but not limited to, the following:

(a)    Upon information and belief, defendant A.J. Rusciano hoarded corporate assets which should be distributed to the shareholders.

58. Upon information and belief, defendant A.J. Rusciano has controlled and conducted Secor for his own personal benefit and gain thereby reducing the value of Secor and causing plaintiffs' shares to have little or no value.

59. By reason of the foregoing, defendant A.J. Rusciano breached his fiduciary obligations to defendant Secor and shareholders Margrabe and Rusciano. Defendant A.J. Rusciano has failed to exercise due care, skill and diligence in conducting the affairs of Secor and have wasted its assets.

60. By reason of the foregoing, Secor and its shareholders Margrabe and Rusciano have been damaged and defendant A.J. Rusciano has derived substantial benefits. The exact amount of said damages and benefits is unknown to plaintiffs, and cannot be ascertained except by an accounting herein.

61. Plaintiffs have made no demand on the board of directors of Secor to take action with respect to the wrongs herein alleged since defendant A.J. Rusciano was the managing director and controlling shareholder, and is in sole control of defendant Secor and has participated in, authorized and approved the acts and transactions complained of herein and is liable therefor. Said managing director A.J. Rusciano is a defendant in this action and as such, he cannot be expected to prosecute an action against his

own interests. By reason of the foregoing, such demand would be futile, and is, therefore, unnecessary.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
#### DEFENDANT A.J. RUSCIANO

62. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 61 as if fully set forth herein.

63. At all times mentioned herein, defendant PVE Company Joint Venture ("PVE") was and is a general partnership, with its principal office and place of business at 2 Pelham Manor, New York.

64. In or about January 15, 1958, plaintiffs, the partners of PVE, including defendant, A.J. Rusciano, and the Trusts held for the benefit of plaintiffs Margrabe and Rusciano entered into an agreement for the purpose of forming a real estate management and rental business and PVE commenced operation.

65. Upon information and belief, by the terms of the agreement, all the partners were to be equal partners, share profits and losses, pursuant to the percentage of ownership held by each.

66. Upon information and belief, defendant A.J. Rusciano owns an approximate 18.41% ownership interest in PVE.

67.  Upon information and belief, the Trusts for the benefit of plaintiffs Margrabe and Rusciano collectively own an approximate 44.77% interest in PVE.

68.  No formal meeting of the partners of PVE has been scheduled or had, nor has an actual distribution of profits in the percentages above stated been made.

69.  Upon information and belief, defendant A.J. Rusciano, in contravention of the partnership agreement and for the purposes of personally profiting thereby, and in violation of plaintiffs' rights under the partnership agreement, committed the following acts of misconduct:

(a)  Wrongfully and in violation of plaintiffs' rights, defendant A.J. Rusciano did, in fact, forbid plaintiffs Margrabe and Rusciano from having access to the partnership books, assets or business activities.

(b)  Defendant failed and refused to consult with plaintiff partners on business decisions and partnership matters, and in fact, acted as if the advice and consent of plaintiffs was not required, nor desirable.

(c)    Without the knowledge, consent or approval of plaintiffs, defendant A.J. Rusciano improperly used partnership funds and assets for his own personal advantage without any payments to plaintiffs.

(d)    Defendant A.J. Rusciano refused plaintiffs access to the partnership records, books and business activities, and excluded plaintiffs from participating in the conduct of the partnership as equal partners.

(e)    Upon information and belief, defendant A.J. Rusciano wasted partnership assets causing a decrease in the value of plaintiffs' partnership interest.

70.    The misconduct by defendant A.J. Rusciano has adversely affected the carrying on of the partnership business, and has made it impractical to carry on the partnership business in partnership with them.

71.    Through a continuing course of misconduct, defendant A.J. Rusciano has jeopardized the solvency of the partnership and lessened its business value, profits and future.    Defendant A.J.

Rusciano has enhanced his earnings with profits rightfully belonging to plaintiffs.

72. Defendant A.J. Rusciano has failed and refused to account to plaintiffs for the business transactions and results of the partnership, and has failed and refused to account to plaintiffs for all activities and profits affecting the partnership.

73. Plaintiffs have no means of knowing or ascertaining the facts as to the amounts of money received by defendant A.J. Rusciano rightfully belonging to plaintiffs as partners.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT A.J. RUSCIANO

74. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 73 as if fully set forth herein.

75. At all times mentioned herein, defendant PVE II Co. was and is a partnership, with its principal office and place of business at 2 Penn Place, Pelham Manor, New York.

76. Upon information and belief, in May 1978, the partners of PVE II Co.., including defendant A.J. Rusciano and the Trusts for the benefit of plaintiffs Margrabe and Rusciano, entered

22

an agreement for the purpose of forming a real estate management and investment business, and PVE II commenced operation.

77. Upon information and belief, by the terms of the agreement, all the partners were to be equal partners, share profits and losses, pursuant to the percentage of ownership held by each.

78. Upon information and belief, defendant A.J. Rusciano owns a 13.31% interest in PVE II. Rusciano Associates, of which A.J. Rusciano holds 100% interest in all voting shares issued and outstanding, owns a 30.29% interest in PVE II.

79. Upon information and belief, the Trusts held for the benefit of plaintiffs Margrabe and Rusciano collectively own an approximate 29.79% ownership interest in PVE II.

80. No formal meeting of the partners of PVE II has been scheduled or had, nor has an actual distribution of profits in the percentages above stated been made.

81. Upon information and belief, defendant A.J. Rusciano, in contravention of the partnership agreement and for the purposes of personally profiting thereby and in violation of plaintiffs' rights under the partnership agreement, committed the following acts of misconduct:

(a)   Wrongfully and in violation of plaintiffs' rights, defendant A.J. Rusciano did in fact forbid plaintiffs Margrabe and Rusciano from having access to the partnership books, assets or business activities.

(b)   Defendant A.J. Rusciano failed and refused to consult with plaintiff partners on business decisions and partnership matters, and in fact, acted as if the advice and consent of plaintiffs was not required nor desirable.

(c)   Without the knowledge, consent or approval of plaintiffs, defendant A.J. Rusciano improperly used partnership funds and assets for his own personal advantage without any payments to plaintiffs.

(d)   Defendant A.J. Rusciano refused plaintiffs access to the partnership records, books and business activities and excluded plaintiffs from participating in the conduct of the partnership as equal partners.

(e)    Upon    information    and    belief, defendant A.J. Rusciano wasted partnership assets causing a decrease in the value of plaintiffs' partnership interest.

82. The misconduct by defendant A.J. Rusciano has adversely affected the carrying on of the partnership business and has made it impractical to carry on the partnership business in partnership with them.

83. Through a continuing course of misconduct, defendant A.J. Rusciano has jeopardized the solvency of the partnership and lessened its business value, profits and future. Defendant A.J. Rusciano has enhanced his earnings with profits rightfully belonging to plaintiffs.

84. Defendant A.J. Rusciano has failed and refused to account to plaintiffs for the business transactions and results of the partnership, and have failed and refused to account to plaintiffs for all activities and profits affecting the partnership.

85. Plaintiffs have no means of knowing or ascertaining the facts as to the amounts of money received by defendants rightfully belonging to plaintiffs as partners.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## DEFENDANT A.J. RUSCIANO

86. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 85 as if fully set forth herein.

87. At all times mentioned herein, defendant Tongene Realty ("Tongene") was and is a partnership, with its principal office and place of business at 2 Penn Place, Pelham Manor, New York.

88. Upon information and belief, Plaintiffs Margrabe and Rusciano collectively own a 30% ownership interest in Tongene.

89. No formal meeting of the partners of Tongene has been scheduled or had, nor has an actual distribution profits in the percentages above stated been made.

90. Upon information and belief, Rusciano Associates, as controlled by defendant A.J. Rusciano, in contravention of the partnership agreement, and for the purposes of personally profiting thereby and in violation of plaintiffs' rights under the partnership agreement, committed the following acts of misconduct:

(a) Wrongfully and in violation of plaintiffs' rights, defendant A.J. Rusciano did, in fact, forbid plaintiffs Margrabe and

26

Rusciano from having access to the partnership books, assets or business activities.

(b)    Defendant A.J. Rusciano has failed and refused to consult with plaintiff partners on business decisions and partnership matters, and in fact, has acted as if the advice and consent of plaintiffs was not required, nor desirable.

(c)    Without the knowledge, consent or approval of plaintiffs, defendant Rusciano Associates, as controlled by A.J. Rusciano, improperly used partnership funds and assets for A.J. Rusciano's own personal advantage without any payments to plaintiffs.

(d)    Defendant Rusciano Associates, as controlled by A.J. Rusciano, refused plaintiffs access to the partnership records, books and business activities and excluded plaintiffs from participating in the conduct of the partnership as equal partners.

(e)    Upon information and belief, defendant Rusciano Associates, as controlled

by A.J. Rusciano, wasted partnership assets causing a decrease in the value of plaintiffs' partnership interest.

91. The misconduct by defendant A.J. Rusciano has adversely affected the carrying on of the partnership business, and has made it impractical to carry on the partnership business in partnership with him.

92. Through a continuing course of misconduct, defendant Rusciano Associates, as controlled by A.J. Rusciano, has jeopardized the solvency of the partnership and lessened its business value, profits and future. Defendant A.J. Rusciano has enhanced his personal earnings with profits rightfully belonging to plaintiffs.

93. Defendant Rusciano Associates, as controlled by A.J. Rusciano, has failed and refused to account to plaintiffs for the business transactions and results of the partnership, and has failed and refused to account to plaintiffs for all activities and profits affecting the partnership.

AS AND FOR AN SEVENTH CAUSE OF ACTION
AGAINST DEFENDANT A.J. RUSCIANO

94. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 93 as if set forth fully herein.

95. That defendant A.J. Rusciano was charged with a duty to preserve, account and distribute the proceeds of the corporations and partnerships (the "Family Businesses") identified above in Causes of Action One through Sixth of the Complaint.

96. That defendant A.J. Rusciano has wasted, squandered and used for unauthorized and improper purposes money and property that belongs to the Family Businesses and has failed to pay over all of the proceeds received from the Family Businesses, and has wasted business opportunities resulting in a decrease in value of each respective corporation and partnership.

97. Defendant A.J. Rusciano has wasted and squandered a large amount of the money and property; and has used and expended for unauthorized and improper purposes a large portion of the sums received by him in the course of his control and mismanagement of the Family Businesses.

98. Upon information and belief, plaintiffs are entitled to large sums of money exceeding the sum of Ten Million Dollars

($10,000,000) as their share of the net proceeds of the profits and distributions from the Family Businesses.

99. That heretofore and prior to the commencement of this action, plaintiffs have duly demanded of defendant A.J. Rusciano that he account for his acts relating to the Family Business, that he turn over to plaintiffs all records in his possession relating to these entities, that he pay over to plaintiffs their share of the dividends and net proceeds to which plaintiffs are entitled, but that defendant A.J. Rusciano has failed and refused to do so and has never rendered a true and valid accounting for the monies and other property received by him, nor has he paid the proper portion of dividends or shares of profits to plaintiffs.

## AS TO THE FIRST CAUSE OF ACTION

1. That the Court direct defendant A.J. Rusciano to account to Rusciano & Son, and to its shareholders Margrabe and Rusciano, for all profits, directly or indirectly, and for all the losses sustained by reason of the wrongful conduct and acts herein alleged, together with appropriate interest;

2. That defendant Anthony J. Rusciano post security in such amount as the Court may require to indemnify the corporation

against future losses, expenses and damages arising by reason of the actions set forth in this Complaint;

3. That pending a determination or trial of this action, the Court appoint a temporary receiver to take possession of all the property, effects, and affairs of defendant Rusciano & Son, and enjoin defendant A.J. Rusciano, <u>pendente lite</u>, from interfering in any manner whatsoever with the business thereof;

4. That defendant A.J. Rusciano be enjoined <u>pendente lite</u> and permanently from dissolving or liquidating the assets of defendant Rusciano & Son.

5. That defendant A.J. Rusciano pay to defendant Rusciano & Son, and it shareholders Margrabe and Rusciano, exemplary damages in the sum of Seven Million Dollars ($7,000,000);

6. That plaintiffs be awarded the reasonable expenses, costs and disbursements of this action, including reasonable attorneys' and accountants' fees;

7. That the Court grant appropriate preliminary relief in accordance with the facts of this case pending the trial of this action; and

8. That the Court grant such other and further relief as to the Court may seem just and proper.

## AS TO THE SECOND CAUSE OF ACTION

1. That the Court direct defendant A.J. Rusciano account to Vinrus Corp., and its shareholders Margrabe and Rusciano, for all profits, directly or indirectly, and for all the losses sustained by reason of the wrongful conduct and acts herein alleged, together with appropriate interest;

2. That defendant A.J. Rusciano post security in such amount as the Court may require to indemnify the corporation against future losses, expenses and damages arising by reason of the actions set forth in this Complaint;

3. That pending a determination or trial of this action, the Court appoint a temporary receiver to take possession of all the property, effects, and affairs of defendant Vinrus Corp., and enjoin defendant A.J. Rusciano, _pendente lite_ and permanently, from interfering in any manner whatsoever with the business thereof;

4. That defendant A.J. Rusciano be enjoined _pendente lite_ and permanently from dissolving or liquidating the assets of defendant Vinrus Corp.

5.    That defendants Anthony J. Rusciano pay to defendant Vinrus Corp. and its shareholder Rusciano Associates, of which plaintiffs are shareholders, exemplary damages in the sum of Five Hundred Thousand Dollars ($500,000);

6.    That plaintiffs be awarded the reasonable expenses, costs and disbursements of this action, including reasonable attorneys' and accountants' fees;

7.    That the Court grant appropriate preliminary relief in accordance with the facts of this case pending the trial of this action; and

8.    That the Court grant such other and further relief as to the Court may seem just and proper.

### AS TO THE THIRD CAUSE OF ACTION

1.    That the Court direct defendant A.J. Rusciano account to Secor, and its shareholders Margrabe and Rusciano, for all profits, directly or indirectly, and for all the losses sustained by reason of the wrongful conduct and acts herein alleged, together with appropriate interest;

2.    That defendant A.J. Rusciano post security in such amount as the Court may require to indemnify the corporation

against future losses, expenses and damages arising by reason of the actions set forth in this Complaint;

3. That pending a determination or trial of this action, the Court appoint a temporary receiver to take possession of all the property, effects, and affairs of defendant Secor, and enjoin defendant A.J. Rusciano, <u>pendente lite</u> and permanently, from interfering in any manner whatsoever with the business thereof;

4. That defendant A.J. Rusciano be enjoined <u>pendente lite</u> and permanently from dissolving or liquidating the assets of defendant Secor.

5. That defendants Anthony J. Rusciano pay to defendant Secor. and its shareholder Rusciano Associates, of which plaintiffs are shareholders, exemplary damages in the sum of Seven Hundred Fifty Thousand Dollars ($750,000);

6. That plaintiffs be awarded the reasonable expenses, costs and disbursements of this action, including reasonable attorneys' and accountants' fees;

7. That the Court grant appropriate preliminary relief in accordance with the facts of this case pending the trial of this action; and

8. That the Court grant such other and further relief as to the Court may seem just and proper.

## AS TO THE FOURTH CAUSE OF ACTION

1. That PVE Joint Venture be adjudged dissolved and an account taken of all of the partnership dealings and transactions from the commencement thereof and of the moneys received and paid by plaintiffs and defendant A.J. Rusciano, respectively, in relation thereto.

2. That plaintiffs be permitted to take over the property, rights, assets and good will of the partnership and with all the usual powers to dispose of such property, rights, assets and good will, to collect the assets of the partnership and the expenses and costs of this action and generally, to wind up the affairs of the partnership.

3. That the proceeds of the partnership assets or the property itself after payment of all just debts and liabilities and the costs and expenses of this action, be divided between the parties hereto according to their respective rights.

4. That a trust be imposed upon the moneys, assets and property of the partnership in the possession of the defendants in

which plaintiffs have an interest and that the extent of the interests be adjudicated.

5. That in the meantime, defendant A.J. Rusciano be enjoined and restrained from collecting, receiving, managing and in any way interfering with or disposing of the partnership assets or property.

6. That plaintiffs have such further relief as to the Court may seem just and proper, together with the costs and disbursements herein.

<u>AS TO THE FIFTH CAUSE OF ACTION</u>

1. That PVE II be adjudged dissolved and an account taken of all of the partnership dealings and transactions from the commencement thereof and of the moneys received and paid by plaintiffs and defendant A.J. Rusciano, respectively, in relation thereto.

2. That plaintiffs be permitted to take over the property, rights, assets and good will of the partnership and with all the usual powers to dispose of such property, rights, assets and good will, to collect the assets of the partnership and the expenses and costs of this action and generally, to wind up the affairs of the partnership.

3.   That the proceeds of the partnership assets or the property itself after payment of all just debts and liabilities and the costs and expenses of this action, be divided between the parties hereto according to their respective rights.

4.   That a trust be imposed upon the moneys, assets and property of the partnership in the possession of the defendants in which plaintiffs have an interest and that the extent of the interests be adjudicated.

5.   That in the meantime, defendant A.J. Rusciano be enjoined and restrained from collecting, receiving, managing and in any way interfering with or disposing of the partnership assets or property.

6.   That plaintiffs have such further relief as to the Court may seem just and proper, together with the costs and disbursements herein.

<u>AS TO THE SIXTH CAUSE OF ACTION</u>

1.   That Tongene Realty be adjudged dissolved and an account taken of all of the partnership dealings and transactions from the commencement thereof and of the moneys received and paid by plaintiffs and defendant A.J. Rusciano, respectively, in relation thereto.

2.    That plaintiffs be permitted to take over the property, rights, assets and good will of the partnership and with all the usual powers to dispose of such property, rights, assets and good will, to collect the assets of the partnership and the expenses and costs of this action and generally, to wind up the affairs of the partnership.

3.    That the proceeds of the partnership assets or the property itself after payment of all just debts and liabilities and the costs and expenses of this action, be divided between the parties hereto according to their respective rights.

4.    That a trust be imposed upon the moneys, assets and property of the partnership in the possession of the defendants in which plaintiffs have an interest and that the extent of the interests be adjudicated.

5.    That in the meantime, defendant A.J. Rusciano be enjoined and restrained from collecting, receiving, managing and in any way interfering with or disposing of the partnership assets or property.

## AS TO THE SEVENTH CAUSE OF ACTION

1.   That defendant A.J. Rusciano account to plaintiffs for all proceeds received, disbursed or assigned by him and all of his acts and doings in connection with the Family Businesses.

2.   That plaintiffs have judgment against defendant A.J. Rusciano for any sum or balance found to be due plaintiffs from said defendant.

3.   That plaintiffs have such further relief as to the Court may seem just and proper, together with the costs and disbursements herein.

Dated:   New York, New York
         June 21 , 2001

                              SEXTER & WARMFLASH, P.C.
                              Attorneys for Plaintiffs

                              By: _____
                                  Michael Present
                              115 Broadway
                              New York, New York 10006
                              (212) 577-2800

VERIFICATION

STATE OF NEW YORK )
                      : ss.:
COUNTY OF NEW YORK)


        MICHAEL PRESENT, ESQ., being duly sworn, deposes and says:

        Deponent is a member of the firm of Sexter & Warmflash, P.C., attorneys for plaintiffs in the above-entitled action. Deponent has read the foregoing Complaint, knows the contents thereof and the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

        The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: statements of plaintiffs, review of public records and tax returns and deponent's general investigation into the facts of this case.

        The reason why this verification is not made by plaintiffs is that said plaintiffs do not reside in New York County, where deponent maintains his office.

                                        _____
                                        Michael Present

Sworn to before me this
22nd day of June, 2001

_____
Notary Public

JAMES J. NOUMAIR
Notary Public, State of New York
No. 02NO5071575
Qualified in New York County
Commission Expires January 13, 2002