SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
_____X

ELIZABETH MARGRABE AND ANTHONY J.
RUSCIANO, III, AS SHAREHOLDERS OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND VINRUS CORP., SUING IN THE RIGHT OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND SUBSIDIARIES, AND VINRUS CORP.,            **AFFIDAVIT OF**
ELIZABETH MARGRABE AND ANTHONY RUSCIANO,       **SERVICE**
III, INDIVIDUALLY,

                                Index No. 10032/01

                   Plaintiffs,

                                (Justice W. Denis
                                Donovan)

    -against-

ANTHONY J. RUSCIANO, II, RUSCIANO & SON
CORP., VINRUS CORP., SECOR LANE CORP.,
AND SUBSIDIARIES, PVE COMPANY JOINT VENTURE,
PVE II CO., AND TONGENE REALTY COMPANY,
AND RUSCIANO ASSOCIATES, INC.,

                 Defendants.
_____X

STATE OF NEW YORK   )
                      : ss. :
COUNTY OF NEW YORK )

HARRY D. LEWIS, being duly sworn, deposes and says:

1.    I am not a party to the action, am over 18 years of age, and reside at P.O. Box 2567, Grand Central Station, New York, N.Y. 10163.

2.    On June 28, 2004, I served a copy of the annexed Elizabeth Margrabe's Notice of Cross Motion to Seal Records to Protect Joint Client Confidences and Secrets, with accompanying Memorandum and Affidavit, in the following manner: by mailing the same in a sealed envelope, Express U.S. Mail, overnight delivery

1

service, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the state of New York, addressed to the last known addresses of the addressees as indicated below:

Edward R. Finkelstein, Esq.
Sexter & Warmflash, P.C.
115 Broadway
New York, N.Y. 10006

Josh Kimerling, Esq.
Cuddy & Feder LLP
90 Maple Street
White Plains, N.Y. 10601-5196

DATED: June 28, 2004

_____
Harry D. Lewis

Sworn to and subscribed before me this 28th day of June, 2004.

_____
Notary Public

My commission expires:

Dec. 2, 2005

ALAN ROTHSTEIN
NOTARY PUBLIC, State of New York
No. 02RO4989195
Qualified in Westchester County
Commission Expires Dec. 2, 2005

**TO: SEXTER & WARMFLASH, P.C.**
Attorneys for Joint Plaintiff Anthony Rusciano, III
115 Broadway
New York, N.Y. 10006
(212)-577-2800

**TO: CUDDY & FEDER LLP**
Attorneys for Defendants
90 Maple Avenue
White Plains, N.Y. 10601-5196

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
----------------------------------------------------------X

ELIZABETH MARGRABE AND ANTHONY J.
RUSCIANO, III, AS SHAREHOLDERS OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND VINRUS CORP., SUING IN THE RIGHT OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND SUBSIDIARIES, AND VINRUS CORP.,
ELIZABETH MARGRABE AND ANTHONY RUSCIANO,
III, INDIVIDUALLY,

                              Plaintiffs,

-against-

ANTHONY J. RUSCIANO, II, RUSCIANO & SON
CORP., VINRUS CORP., SECOR LANE CORP.,
AND SUBSIDIARIES, PVE COMPANY JOINT VENTURE,
PVE II CO., AND TONGENE REALTY COMPANY,
AND RUSCIANO ASSOCIATES, INC.,

                              Defendants.
----------------------------------------------------------X

Elizabeth
Margrabe's
Notice of Cross
Motion to
Seal Record
to Protect Joint
Client
Confidences and
Secrets

Index No. 10032/01

(Justice W. Denis Donovan)

    Upon the Affidavit of Harry D. Lewis, sworn to and served upon opposing counsel on June 28, 2004, and upon the legal memorandum, and upon all the

1

proceedings heretofore had herein, Elizabeth Margrabe, a joint plaintiff in the above-styled case, will cross-move in this Court in Room 1806, Westchester County Courthouse, 111 Dr. Martin Luther King Boulevard, White Plans, N.Y. 10601, on the 9th of July, 2004 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order pursuant to 22 NYCRR 216.1 sealing the record in this case with respect to all papers filed after May 14, 2004 to protect joint client confidences and secrets for good cause, and for leave not to serve papers containing joint client confidences and secrets upon the defendants or their counsel, to wit:

1. the Order to Show Cause and supporting affidavit filed by Michael Present, Esq. of Sexter & Warmflash with respect to the fee dispute in this case;

2. Elizabeth Margrabe's Memorandum in Opposition to Order to Show Cause ("Memorandum"), and all affidavits and exhibits annexed thereto, with respect to the fee dispute in this case;

3. Sexter & Warmflash's anticipated Reply to Memorandum, and all joint client confidences and secrets disclosed therein, to protect all joint client confidences and secrets disclosed in those documents, the fee dispute notwithstanding.

4. All other client confidences or secrets presented to the Court as part of the fee dispute or otherwise.

The above-entitled litigation now has been settled except for this satellite litigation between Elizabeth Margrabe and Sexter & Warmflash, P.C.

Pursuant to CPLR §2214(b), answering affidavits, if any, are required to

2

be served upon the undersigned no later than July 7, 2004.

DATED: June 28, 2004

                                                           _____
                                                           Harry D. Lewis
                                                           Special Counsel for Elizabeth Margrabe
                                                           P.O. Box 2567
                                                           Grand Central Station
                                                           New York, N.Y. 10163
                                                           (718)-360-0759

TO: Edward R. Finkelstein, Esq.
Sexter & Warmflash, P.C.
115 Broadway
New York, N.Y. 10006

TO: Josh Kimerling, Esq.
Cuddy & Feder LLP
90 Maple Street
White Plains, N.Y. 10601-5196

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
_____X

ELIZABETH MARGRABE AND ANTHONY J.
RUSCIANO, III, AS SHAREHOLDERS OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND VINRUS CORP., SUING IN THE RIGHT OF
RUSCIANO & SON CORP., SECOR LANE CORP.
AND SUBSIDIARIES, AND VINRUS CORP.,         **AFFIDAVIT OF**
ELIZABETH MARGRABE AND ANTHONY RUSCIANO,    **HARRY D.**
III, INDIVIDUALLY,                           **LEWIS**

                                             Index No.10032/01

                    Plaintiffs,
                                             (Justice W. Denis
                                             Donovan)

        -against-

ANTHONY J. RUSCIANO, II, RUSCIANO & SON
CORP., VINRUS CORP., SECOR LANE CORP.,
AND SUBSIDIARIES, PVE COMPANY JOINT VENTURE,
PVE II CO., AND TONGENE REALTY COMPANY,
AND RUSCIANO ASSOCIATES, INC.,

                    Defendants.
_____X

STATE OF NEW YORK   )
                    : ss. :
COUNTY OF NEW YORK  )

HARRY D. LEWIS, being duly sworn, deposes and says:

1.      I am special counsel to Elizabeth Margrabe ("Betty"), a joint plaintiff in this action.

2.      The pending matter is a fee dispute between Betty and Sexter & Warmflash, P.C. ("S&W"), her former attorneys, ancillary to the main litigation.

3.      The main litigation, except for the fee dispute, now has been settled.

1

4. The fee dispute does not involve the defendants in any respect, and Betty here seeks leave of Court not to serve them with papers relating solely to the fee dispute and containing joint client confidences and secrets, and to seal the record for good cause as demonstrated, *infra*.

5. In May, 2004, S&W, acting *pro se*, filed an action for defamation against Betty and her husband, William Margrabe ("Bill") in Supreme Court, New York County solely with respect to the contents of Betty's and Bill's letter dated April 9, 2004 terminating the employment of S&W for cause ("letter of termination").

6. I will not be defending that case.

7. In the pending action for defamation in New York County, S&W annexed the letter of termination as an Exhibit to the complaint.

8. The letter of termination is replete with sensitive secrets of S&W's joint clients, information embarrassing and potentially harmful to them and to their family relationships if exposed in a public forum.

9. Nonetheless, S&W, acting *pro se*, spread the confidential letter of termination in full text on a public record.

10. In the pending fee dispute before this Court, S&W has forced Mrs. Margrabe to defend herself from the malicious allegations S&W makes in the Order to Show Cause both by reporting S&W's misconduct in New York County to this Court (which requires repetition of those same client secrets S&W maliciously disclosed in that forum, client secrets nonetheless relevant and material to the issues presented to this Court by S&W's pending Order to Show Cause) in her papers filed with this Court, and by reporting other joint client

2

confidences and secrets (as defined in DR 4-101, [22 NYCRR 1200.19(a)]) to this Court in her response papers.

11. Although S&W has forced Mrs. Margrabe to disclose joint client confidences and secrets in her papers so as to defend herself in this Court, there is no good reason why this Court ought not seal the record in this case with respect to all papers filed after May 14, 2004 to protect the sensitive client confidences and secrets necessarily disclosed as part of the fee dispute between Mrs. Margrabe and S&W.

12. There is no public interest in permitting those same papers to remain open to public scrutiny at present or in perpetuity, but great harm to the relationship between the joint plaintiffs (not to mention the attorney-client relationship as an institution) if S&W is permitted to continue to expose humiliating, embarrassing, and sensitive joint client confidences and secrets in a public forum in the future.

13. After the fee dispute arose, S&W made <u>no effort whatsoever</u> to protect the <u>joint client secrets of its own current joint client (Tony Rusciano) or its former joint</u> client (Elizabeth Margrabe) in this forum or anywhere else, instead disclosing such client secrets in a public forum.

14. Within a week after Betty's termination of the employment of the law firm of Sexter & Warmflash, P.C. ("S&W") for cause by the letter of termination, I met with Michael Present, Esq. at the Westchester County Courthouse.

15. Mr. Present informed me that his opinion was that the letter of termination was defamatory, that he was considering suing Betty and Bill for defamation, and that liability was a "slam dunk" if suit were brought.

3

16. He also stated that he would call Tony Rusciano, Betty's brother and joint plaintiff, as a witness against Betty and Bill in such litigation.

WHEREFORE Affiant prays that the Court grant this motion, and order the record sealed in this case with respect to all papers filed after May 14, 2004 for good cause pursuant to 22 NYCRR section 216.1 (2004), and for leave not to serve defendants or their counsel with papers containing joint client confidences and secrets.

Further affiant sayeth not.

DATED: June 28, 2004

*Harry D. Lewis*
Harry D. Lewis

Sworn to and subscribed before me this ____ day of June, 2004.

*Alan Rothstein*
Notary Public

My commission expires:

Dec. 2, 2005

ALAN ROTHSTEIN
NOTARY PUBLIC State of New York
No. 02RO4989195
Qualified in Westchester County
Commission Expires Dec. 2, 2005

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
_____X

| | |
|---|---|
| ELIZABETH MARGRABE AND ANTHONY J. RUSCIANO, III, AS SHAREHOLDERS OF RUSCIANO & SON CORP., SECOR LANE CORP. AND VINRUS CORP., SUING IN THE RIGHT OF RUSCIANO & SON CORP., SECOR LANE CORP. AND SUBSIDIARIES, AND VINRUS CORP., ELIZABETH MARGRABE AND ANTHONY RUSCIANO, III, INDIVIDUALLY, | **Elizabeth Margrabe's Memorandum in Support of Notice of Cross Motion to Seal Record to Protect Joint Client Confidences and Secrets** |
| Plaintiffs, | Index No.10032/01<br><br>(Justice W. Denis Donovan) |
| -against- | |
| ANTHONY J. RUSCIANO, II, RUSCIANO & SON CORP., VINRUS CORP., SECOR LANE CORP., AND SUBSIDIARIES, PVE COMPANY JOINT VENTURE, PVE II CO., AND TONGENE REALTY COMPANY, AND RUSCIANO ASSOCIATES, INC., | |
| Defendants. | |

I.  **STATEMENT OF FACTS**

This is a fee dispute between Elizabeth Margrabe and Sexter & Warmflash, P.C. ("S&W"), her former attorneys.[1] As noted in Elizabeth Margrabe's Memorandum in Opposition to Order to Show ("Memorandum") on file with this Court, the contents of which are incorporated herein by reference, Sexter &

---

[1] It does not involve the defendants in any respect, and Elizabeth Margrabe here seeks leave of Court not to serve them with papers relating solely to the fee dispute and containing joint client confidences and secrets, in addition to sealing the record with respect to client confidences and secrets.

1

Warmflash, P.C. ("S&W"), her former attorneys, now have betrayed joint client secrets by annexing a sensitive and confidential letter dated April 9, 2004 terminating the employment of S&W with cause (the "letter of termination") to a complaint for defamation S&W filed *pro se* against Mrs. Margrabe and her husband, William Margrabe ("Bill") in Supreme Court, New York County in May, 2004. The letter of termination is replete with sensitive secrets of S&W's joint clients, information embarrassing and potentially harmful to them and to their family relationships if exposed in a public forum.

Nonetheless, S&W maliciously spread the confidential letter of termination *pro se* <u>in full text</u> on a public record solely to humiliate and embarrass Mrs. Margrabe, their own former client, into paying the fees here in dispute. S&W's ruthless use of its own power (which all lawyers have) to injure their own clients by disclosing sensitive client secrets under these circumstances is unconscionable, and a disgrace to the bar.

Mrs. Margrabe has engaged counsel (other than the undersigned) to address this urgent issue in New York County.

In this Court, however, S&W has forced Mrs. Margrabe to defend herself from the malicious allegations S&W makes in the Order to Show Cause both by reporting S&W's misconduct in New York County to this Court (which requires repetition of those same client secrets S&W maliciously disclosed in that forum, client secrets nonetheless relevant and material to the issues presented to <u>this</u> Court by S&W's pending Order to Show Cause) in her papers filed with this

2

Court, and by reporting other joint client confidences and secrets (as defined in DR 4-101, [22 NYCRR 1200.19(a)]) to this Court in her papers.

Although S&W has forced Mrs. Margrabe to disclose joint client confidences and secrets in her papers so as to defend herself in this Court, there is no good reason why this Court ought not seal the record in this case with respect to all papers filed after May 14, 2004 to protect the sensitive client confidences and secrets necessarily disclosed as part of the fee dispute between Mrs. Margrabe and S&W. There is no public interest in permitting those same papers to remain open to public scrutiny at present or in perpetuity, but great harm to the relationship between the joint plaintiffs (and to the relationship between attorney and client as an institution) if S&W is permitted to continue to expose humiliating, embarrassing, and sensitive joint client confidences and secrets in a public forum in the future.

As already recited in the Memorandum, in addition to the betrayal of joint client secrets, S&W now promises to present Mrs. Margrabe's brother and joint plaintiff Tony as a witness against her and her husband at trial of its defamation action in New York County, maliciously shredding the family relationship irreparably.

It is especially noteworthy that S&W made <u>no effort whatsoever</u> to protect the joint client confidences and secrets of its own current joint client (Tony Rusciano) or its former joint client (Elizabeth Margrabe) in Supreme Court, New York County, spreading the letter of termination upon the record there unprotected,

while presenting the identical letter of termination in "redacted" forum to this Court, suggesting that they knew exactly what they were doing in both cases.

II. **ARGUMENT**

**BASED UPON THE ABOVE STATED FACTS, MRS. MARGRABE SHOWS "GOOD CAUSE" PURSUANT TO 22 NYCRR 216.1 TO SEAL THE RECORD IN THIS CASE WITH RESPECT TO ALL PAPERS FILED AFTER MAY 14, 2004 IN THE PENDING FEE DISPUTE TO PROTECT HER JOINT CLIENT SECRETS THAT S&W ALREADY HAS MALICIOUSLY DISCLOSED, OR JOINT CONFIDENCES AND SECRETS THAT S&W ITSELF HAS REVEALED OR WILL REVEAL, OR HAS FORCED HER TO REVEAL IN HER PAPERS IN HER OWN DEFENSE.**

Based upon these facts, S&W already has maliciously disclosed joint client secrets in its action for defamation in New York County. S&W also has forced Mrs. Margrabe to disclose those same joint client secrets, and additional joint client confidences and secrets, in her own defense in the fee dispute now pending before this Court. Mrs. Margrabe further anticipates that S&W will disclose further joint client confidences and secret in its Reply to her pending papers. Those joint confidences and secrets are relevant and material to Mrs. Margrabe's defense of the fee dispute, and to S&W's anticipated Reply, but it is unnecessary that they be or remain in the public record, nor is there any public interest in their remaining in the public record.

Mrs. Margrabe submits that these facts constitute the "good cause" required under 22 NYCRR 216.1 (2004) to seal the record with respect to all papers filed after May 14, 2004 to protect the joint client confidences and secrets she here has disclosed to the Court in her defense, or that S&W already has

4

disclosed, or will disclose in future in their Reply. She is taking identical steps in the action for defamation now pending in Supreme Court, New York County.

**CONCLUSION**

Pursuant to 22 NYCRR 216.1 (2004), the Court must order the record sealed in the above-styled case with respect to all papers filed on and after May 14, 2004 for good cause to protect joint client confidences and secrets pursuant to 22 NYCRR section 216.1 (2004), and grant leave not to serve defendants or their counsel with papers containing joint client confidences and secrets of Mrs. Margrabe or her brother.

DATED: June 28, 2004

_____
Harry D. Lewis
Special Counsel to Elizabeth Margrabe
P.O. Box 2567
Grand Central Station
New York, N.Y. 10163
(718)-360-0759

TO: Edward R. Finkelstein, Esq.
Sexter & Warmflash, P.C.
115 Broadway
New York, N.Y. 10006

TO: Josh Kimerling, Esq.
Cuddy & Feder LLP
90 Maple Street
White Plains, N.Y. 10601-5196

5