EC

FILED & ENTERED on 9/1/04

WESTCHESTER COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PRESENT: W. DENIS DONOVAN, J.S.C.

To commence the statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

---------------------------------------------------------------X
ELIZABETH MARGRABE and ANTHONY J. RUSCIANO, III, as Shareholders of RUSCIANO & SON CORP., SECOR LANE CORP. and VINRUS CORP., suing in the right of RUSCIANO & SON CORP., SECOR LANE CORP. and subsidiaries, and VINRUS CORP., ELIZABETH MARGRABE and ANTHONY RUSCIANO, III, Individually,

     Plaintiffs,

-against-

ANTHONY J. RUSCIANO, II, RUSCIANO & SON CORP., VINRUS CORP., SECOR LANE CORP. and subsidiaries, PVE COMPANY JOINT VENTURE, PVE II CO., and TONGENE REALTY COMPANY,

     Defendants.
---------------------------------------------------------------X

DECISION AND ORDER

Index No. 10032/01
Motion Dates: 7/09/04
       8/20/04

DONOVAN, J.

  The following papers were read on a motion by plaintiffs' counsel to fix a lien on settlement proceeds, cross-motion by plaintiff Elizabeth Margrabe to disqualify plaintiffs' counsel and to seal a portion of the file, and a separate motion by plaintiff Elizabeth Margrabe to disqualify counsel and to seal a portion of the file:

PAPERS NUMBERED

| | |
|---|---|
| Order to Show Cause/Affidavit/Exhibits(A-I) | 1 |
| Memorandum in Opposition/Exhibits(1,3-10) | 2 |
| Notice of Cross-Motion to Disqualify/Affidavit/Memorandum | 3, 3A |
| Notice of Cross-Motion to Seal/Affidavit/Memorandum | 4, 4A |
| Affirmation | 5 |
| Reply Affirmation/Exhibit 1 | 6 |
| Reply/Exhibit 1 | 7 |
| Notice of Motion/Affidavit/Memorandum | 8, 8A |
| Opposing Papers | None |

Upon the foregoing papers, the motions and cross-motions are determined as follows:

On June 18, 2003, counsel for both sides in this family/business dispute dictated a settlement onto the record in open court. The settlement was set out in broad, generalized terms, with the understanding that a formal and more detailed written version would be submitted to the court for signature within 30 days. However, despite the absence of minute detail, the dictated settlement was sufficiently fleshed out to allow an allocution on the record. As is germane to the current applications, plaintiff Elizabeth Margrabe stated that she thought the settlement was fair and that her attorneys, the law firm of Sexter & Warmflash, had "done everything they possibly could in representing [her] interests."

After the court appearance on June 18, 2003, counsel could not agree on a written stipulation that would embody the terms dictated onto the record. Each side submitted competing stipulations to the court and sought clarification. The court also found the competing versions to be problematic in language and interpretation and, in rendering decisions on two such motions, actually reversed itself in certain respects.

Finally, however, in a decision and order dated March 29, 2004, the court issued a final clarification and ruled on the final form of the stipulation. It is at approximately this time that the problems leading to these applications arose.

In the first application, the law firm of Sexter & Warmflash, who represented both of the individual plaintiffs, seeks an order fixing its lien upon the settlement proceeds, directing the escrow agent to pay over $121,659.74 held as security for the legal fee, and awarding additional counsel fees connected with this application. Plaintiff Elizabeth Margrabe, having already terminated the employment of Sexter & Warmflash as to herself, seeks to disqualify the firm from representing co-plaintiff Anthony J. Rusciano, III, and to seal a portion of the file in this action.

The court rules as follows:

2

1) <u>The Fee and Lien Application</u>. Plaintiff Elizabeth Margrabe's rationale for refusing to pay Sexter & Warmflash its fees as per the retainer agreement is her dissatisfaction with the settlement the law firm achieved. However, though much time passed, little substantive change occurred between the allocution on June 18, 2003, and the issuance of the court's March 29, 2004 decision and order, which removed the final roadblocks to effectuating the settlement.

The settlement may not have been perfect. It may have presented problems that required hours of additional negotiation among counsel and two motions for clarification determined by the court. But the stipulation entered after the March 29 decision was substantially the same stipulation dictated onto the record on June 18, 2003, when plaintiff Elizabeth Margrabe expressed her satisfaction, both with the settlement itself and Sexter & Warmflash's representation. Her attitude toward the settlement and her attorneys may have changed over the intervening months, but her obligation to pay counsel fees as required by her retainer agreement did not.

As to the fees themselves, the court agrees with counsel's characterization of the fees as reasonable.

Accordingly, the motion is granted to the extent of fixing counsel's lien upon the settlement proceeds and directing the escrow agent to pay over to Sexter & Warmflash the $121,659.74, together with any accrued interest, within ten days after service of a copy of this order with notice of entry. Counsel fees connected with this application are denied.

2) <u>Disqualification</u>. The motion to disqualify Sexter & Warmflash as counsel for plaintiff Anthony J. Rusciano, III, is based on plaintiff Elizabeth Margrabe's contention that her termination of the firm's representation, coupled with conflicts of interest existing between the two plaintiffs, requires that the firm cease representing Mr. Rusciano as well. The motion is granted, there being no opposition submitted on the issue. However, the court notes that the disqualification, which applies prospectively only, does not affect the settlement of this action. The existence of a potential conflict of interest between the co-plaintiffs was disclosed in the very first paragraph of the retainer agreement executed on April 18, 2001. Plaintiff Elizabeth Margrabe "lived" with the potential conflict for over three years of litigation before making this application.

3) <u>Sealing the File</u>. Plaintiff Elizabeth Margrabe moves to seal the court file for all filings made after May 14, 2004. The court knows of no filing made after that date aside from the instant motions and cross-motions. The reason plaintiff seeks a sealing order apparently is the April 9, 2004 termination letter sent by herself and her husband, non-party William Margrabe, to Sexter & Warmflash.[1] Plaintiff Margrabe states that the letter contains client confidences and private family secrets that should not be disseminated to the general public.[2]

---

[1] This letter forms the basis of a defamation lawsuit filed by Sexter & Warmflash in New York County Supreme Court.

[2] Ironically, papers filed by Sexter & Warmflash include only a substantially redacted copy of the first page of the twelve page letter while plaintiff herself attaches the entire letter as part of Exhibit 2 to her memorandum in opposition to the Sexter & Warmflash order to show cause.

3

In determining whether to seal all or part of the court file in an action, the court must consider the interests of the public as well as of the parties [22 NYCRR § 216.1(a)]. The confidences and family secrets contained in the termination letter are difficult for the court to discern. However, given plaintiff Elizabeth Margrabe's sensitivity to the contents of a letter she co-signed and the absence of any general public interest in this matter, sealing appears to be indicated.

The problem with sealing only part of a file is logistical. As an alternative, the court will remove the entire Exhibit 2 to plaintiff's opposing memorandum prior to filing this decision and order along with the papers on which it is based.

This constitutes the decision and order of the court.

ENTER:

*[signature]*

HON. W. DENIS DONOVAN
Justice Supreme Court

Dated:   September  1, 2004
         White Plains, New York

To:   SEXTER & WARMFLASH
      Attorneys for Plaintiff Anthony Rusciano
      115 Broadway
      New York, NY 10006

      HARRY D. LEWIS, ESQ.
      Attorney for Plaintiff Elizabeth Margrabe
      P.O. Box 2567
      Grand Central Station
      New York, NY 10163