EC



FILED & ENTERED
on 10/29/04
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PRESENT: W. DENIS DONOVAN, J.S.C.

To commence the statutory time period for appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

-----------------------------------------------------------------X
ELIZABETH MARGRABE and ANTHONY J.
RUSCIANO, III, as Shareholders of RUSCIANO
& SON CORP., SECOR LANE CORP. and
VINRUS CORP., suing in the right of
RUSCIANO & SON CORP., SECOR LANE CORP.
and subsidiaries, and VINRUS CORP.,
ELIZABETH MARGRABE and ANTHONY
RUSCIANO, III, Individually,

                           DECISION AND ORDER

       Plaintiffs,

-against-                  Index No. 10032/01
                        Motion Dates: 10/15/04

ANTHONY J. RUSCIANO, II, RUSCIANO & SON
10 CORP., VINRUS CORP., SECOR LANE CORP.
and subsidiaries, PVE COMPANY JOINT
VENTURE, PVE II CO., and TONGENE REALTY
COMPANY,

       Defendants.
-----------------------------------------------------------------X
DONOVAN, J.

  The following papers were read on plaintiffs' motion to renew a portion of the prior decision and order and plaintiffs' former counsel's cross-motion to reargue a portion of the prior decision and order:

|                                                    | PAPERS NUMBERED |
|----------------------------------------------------|-----------------|
| Notice of Motion/ Affirmation/Exhibits(A-E)        | 1               |
| Memorandum                                         | 1A              |
| Notice of Cross-Motion/Affirmation/Exhibits(1-3)   | 2               |
| Affidavit in Opposition/Exhibits(A-U)              | 3               |
| Reply Memorandum                                   | 3A              |

Upon the foregoing papers, the motion and cross-motion are determined as follows:

Plaintiff Elizabeth Margrabe moves to renew that portion of the prior decision and order, dated September 1, 2004, that fixed former counsel's lien on $121,659.74 being held in escrow and directed that the funds be paid over to former counsel.

Plaintiff's former counsel, the law firm of Sexter & Warmflash, cross-moves to reargue the portion of the prior decision and order that disqualified the firm from further representation of either of the two individual plaintiffs.

In moving to renew, plaintiff submits copies of invoices showing that she and her co-plaintiff received invoices totaling $310,764.43 and actually paid the firm $329,455.44. She argues that the court based its prior order regarding the escrowed funds on the misapprehension that these funds represented unpaid legal fees.

Under CPLR 2221(e), a party moving to renew based on facts in existence and available at the time of the prior order must provide a reasonable justification for the failure to submit those facts. In this case, the court accepts plaintiff's explanation that she did not submit the invoices because Sexter & Warmflash made no argument that the escrowed funds represented payment for legal work actually performed.

Accordingly, renewal is granted and, upon renewal, the court vacates the lien and the direction that the escrowed funds be paid over to Sexter & Warmflash. Instead, the court directs that a hearing be held to determine: 1) the amount of legal fees actually paid to Sexter & Warmflash; 2) the reasonable value of the legal services rendered by Sexter & Warmflash during its representation of plaintiffs; and 3) what part of the escrowed funds, if any, are to be turned over to Sexter & Warmflash for any uncompensated legal services.

Counsel are directed to appear in the Central Calendar Part on November 17, 2004, at 11:00 A.M. for the purpose of scheduling a hearing date. This court will not be available to conduct the hearing since it is now acting as the Matrimonial Assignment Part Justice.

The cross-motion to reargue that portion of the prior decision and order that disqualified Sexter & Warmflash from further representation of either of the two individual

plaintiffs is denied. Cross-movant has not demonstrated that the court overlooked any material fact, misapprehended the law, or, for any other reason, mistakenly arrived at its determination.

This constitutes the decision and order of the court.

E N T E R :

HON. W. DENIS DONOVAN
Justice Supreme Court

Dated: October 28th, 2004
White Plains, New York

To: SEXTER & WARMFLASH
Attorneys for Plaintiff Anthony Rusciano
115 Broadway
New York, NY 10006

HARRY D. LEWIS, ESQ.
Attorney for Plaintiff Elizabeth Margrabe
P.O. Box 2567
Grand Central Station
New York, NY 10163