

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 168267 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

**H**Lipani v. Collins, Collins & Dinardo, P.C.
S.D.N.Y.,1992.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Thomas E. LIPANI, Plaintiff,
v.
COLLINS, COLLINS & DINARDO, P.C.,
Defendant.
No. 90 CIV. 5728 (TPG).

June 29, 1992.

GRIESA, District Judge.
*1 This is a legal malpractice action. Defendant Collins, Collins & DiNardo represented plaintiff Thomas Lipani in a personal injury case against Amtrak, Lipani's former employer. The present complaint alleges that Lipani was forced to accept an inadequate settlement from Amtrak because the Collins firm (1) failed to obtain necessary information through discovery, (2) delayed prosecution of Lipani's claim against Amtrak and (3) deceived Lipani about the status of his case.

Defendant moves for summary judgment on the ground that Lipani's malpractice claim is barred by *res judicata.* Defendant also moves for sanctions under Fed.R.Civ.P. 11 both against plaintiff and against the attorneys who, until recently, represented him in this suit, Richard Lubart and Stanley Yavner.

Lipani opposes this motion *pro se.* Lubart and Yavner represented him until March 25, 1992, after this motion was filed, when Lipani filed with the court a notice that he had discharged Lubart and Yavner and would proceed *pro se.* Lipani filed papers in opposition to defendant's motions. Lubart and Yavner filed papers on their own behalf in opposition to the motion for sanctions.

The motion for summary judgment is granted. Sanctions are imposed against Lubart and Yavner.

BACKGROUND

Lipani is a citizen of New Jersey. The Collins firm is a New York professional corporation with its principal place of business in Buffalo, New York. Jurisdiction is founded upon diversity of citizenship.

In 1985 Lipani commenced an action against Amtrak, his former employer, for injuries he had suffered at his workplace. *Lipani v. Amtrak,* 85 Civ. 0836 (TPG). When the action was filed and for several years thereafter, the Collins firm represented Lipani. On April 25, 1986 the case was placed on the court's suspense docket because it appeared that the parties might reach a settlement. On April 7, 1987 the action was dismissed, subject to being reopened for good cause shown. In late 1989 Lipani discharged the Collins firm and retained Lubart to prosecute the action. Lipani had an agreement with Lubart that Lubart's fee would be 1/3 of any settlement reached with Amtrak. Lubart settled the claim for $120,000.

After the settlement was reached, Lipani moved to discharge the Collins firm's outgoing attorney's lien on the settlement. Lipani and Lubart contended that the Collins firm was not entitled to receive any fee for its services in representing Lipani because the Collins firm failed to undertake sufficient discovery and delayed prosecution of the case. Additionally, Lubart argued that the Collins firm had deceived Lipani because it had told him that the case had been restored to the court's active docket when in fact it had not. On May 16, 1990 this court held an evidentiary hearing on the fee dispute. Lipani and Joseph DiNardo, a partner in the Collins firm, testified.

After hearing the evidence, the court decided that the Collins firm should be paid 1/2 of the fee received by Lubart. The court rejected all of the arguments concerning alleged deficiencies in the Collin's firm's performance.
*2 On the basic question of whether the Collins firm performed its professional obligations, I find emphatically that it did. This does not mean that Mr. Lipani did not have the right to discharge the Collins firm. But the discharge of the Collins firm cannot justly be regarded as having been the result of deficiencies in performance on that firm's part.
The record abundantly shows that the Collins firm investigated the case thoroughly, obtained sufficient discovery and evaluated the case realistically.

Regarding the allegation that the Collins firm failed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:07-cv-02798-KMK-GAY   Document 16-19   Filed 10/29/2007   Page 2 of 4

Not Reported in F.Supp.                                                                                             Page 2
Not Reported in F.Supp., 1992 WL 168267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

to pursue adequate discovery, the court stated:[Lubart] has made extensive comment about the failure of the Collins firm to obtain production of certain maintenance records of the locomotive [involved in Lipani's accident]. This was an entirely frivolous accusation.

Document discovery was requested on a timely basis by the Collins firm and those requests related to whatever maintenance records existed. None were produced because none existed even at the time of a very early and timely request.

The court found that the Collins firm had actively attempted to reach a settlement of the case and had not deceived Lipani about whether the case had been restored to the active trial calendar.If this were a matter of being dilatory, of somehow attempting to create an appearance of activity where none was actually occurring, obviously that would be a very serious matter. But this was not the case here. I am absolutely confident, as I have indicated, that what was going on was a most serious and good faith effort to settle the case and have the plaintiff return to a very advantageous job.

An unfortunate circumstance arose as far as the court record was concerned because although the Collins firm had requested that the case be restored formally to the active docket, this was not done.

I very much regret such a circumstance. But this was in no way the fault of the Collins firm.

Lipani appealed this ruling, and on November 21, 1990 the Court of Appeals affirmed. On January 4, 1991 the Court of Appeals denied a petition for rehearing *en banc,* and the Supreme Court denied Lubart's petition for *certiorari* on May 28, 1991.

Lipani filed this malpractice action on September 6, 1990, while the appeal to the Second Circuit was pending. Lubart and Yavner signed the complaint as the attorneys for Lipani.

The allegations in the complaint are precisely the same ones that were made against the Collins firm in the *Amtrak* case and that the court rejected after the May 21, 1990 evidentiary hearing. Indeed, Lipani concedes that the malpractice complaint raises issues identical to those already decided by the court. Additionally, in the reply brief filed by Lubart as part of the appeal of the court's May 21, 1990 ruling, Lubart wrote:
A malpractice action by Mr. Lipani against Collins, Collins & DiNardo, P.C.... is pending in the U.S. District Court for the Southern District of New York. An award of attorney's fees to Collins, Collins & DiNardo, P.C. would serve as a determination, on *res judicata* grounds, that malpractice did not occur.

*3 On January 17, 1991 the court held a conference in the malpractice case with counsel for both parties. Lubart attended the conference. The court informed Lubart that he risked sanctions if the malpractice action was not discontinued. On February 19, 1991 defense counsel wrote Yavner and requested a discontinuance of the action. On March 13, 1991 defense counsel wrote Lubart and reiterated the request for a discontinuance. In their papers opposing the instant motion, Yavner and Lubart claim that Lipani was informed of all these requests but that Lipani declined to dismiss the case. Yavner and Lubart do not, however, state whether or not they recommended that Lipani discontinue the case. After the present summary judgment and sanction motion was filed, Lipani informed the court that he was discharging Yavner and Lubart and proceeding *pro se.*

DISCUSSION

Defendant argues that it is entitled to summary judgment because the court's decision in the *Lipani v. Amtrak* fee dispute bars the malpractice claim and that Lipani, Yavner and Lubart should be sanctioned for filing a frivolous lawsuit.

A. *Malpractice claim*

New York law governs Lipani's malpractice claim against the Collins firm. Under New York law, it is well settled that a "judicial determination fixing the value of a professional's services necessarily decides that there was no malpractice. This rule applies where an attorney seeks a charging lien for services rendered ... in the underlying action." Nat Kagan Meat & Poultry, Inc. v. Kalter, 70 A.D.2d 632, 632, 416 N.Y.S.2d 646, 647 (2d Dept.1979); *see also* Chisolm-Ryder v. Sommer & Sommer, 78 A.D.2d 143, 434 N.Y.S.2d 646 (2d Dept.1980); Blair v. Bartlett, 75 N.Y. 150 (1878).

It is undisputed that the precise claims made in this suit were litigated and decided on the merits in the *Lipani v. Amtrak* fee dispute. The court found that the Collins firm had performed its professional obligations in prosecuting Lipani's claims against

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 7:07-cv-02798-KMK-GAY    Document 16-19    Filed 10/29/2007    Page 3 of 4

Not Reported in F.Supp.    Page 3
Not Reported in F.Supp., 1992 WL 168267 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Amtrak. The court also expressly rejected the allegations now repeated in the instant complaint regarding the Collins firm's performance. There is no basis for relitigating those allegations in this case, and in any event New York law bars the court from doing so.

Lipani argues that *res judicata*, which bars relitigation of claims by the same parties who litigated them in the first place, does not apply here. He contends he was not a party to the fee dispute, because the dispute was really between Lubart and the Collins firm over whether the contingent fee should be split.

Under New York law, however, a plaintiff is necessarily a party to a fee dispute arising out of an attorney's charging lien, because the fee dispute is "ancillary to the underlying action." *Nat Kagen Meat & Poultry,* 70 A.D.2d at 632, 416 N.Y.S.2d at 647. This is especially true where, as here, the plaintiff testified in the proceeding to resolve the fee dispute. *Id.* at 632, 416 N.Y.S.2d at 647. Therefore, Lipani, as plaintiff in the *Amtrak* case, is bound by the court's decision in the fee dispute in that case.

*4 Defendant is entitled to summary judgment dismissing the complaint.

B. *Sanctions*

Fed.R.Civ.P. 11 provides that "[t]he signature of an attorney ... constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." The complaint in this case was signed by Lubart, plaintiff's lead counsel, and Yavner, plaintiff's local counsel.

This action is utterly groundless as a matter of both fact and law. In the *Lipani v. Amtrak* case, the court had already found that the Collins firm had satisfactorily performed its professional obligations in representing Lipani. There can be no doubt that this is a case warranting sanctions.

The only question is whom to sanction. Defendant requests sanctions against Lipani, Lubart and Yavner. The court imposes sanctions only against Lubart and Yavner.

Lubart represented Lipani in the *Amtrak* case, participated fully in the May 20, 1991 evidentiary hearing and was well aware of the court's ruling after that hearing. In appealing the award of attorney's fees Lubart filed a brief acknowledging that that award precludes this malpractice action. Clearly, then, Lubart understood the baseless nature of this action at the time he signed the complaint. In these circumstances, Rule 11 sanctions are mandatory. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), cert. denied, 484 U.S. 918 (1987).

In opposition to the motion for sanctions, Lubart argues that the decision in the fee dispute was not *res judicata* at the time the complaint was filed because it did not become a "final judgment on the merits" until the Supreme Court denied *certiorari* on May 28, 1991. This argument is meritless. Lubart could not have had the appeal of that decision heard by the Court of Appeals unless it was a "final decision." 28 U.S.C. § 1291. There can be no doubt that the court's decision was both final and on the merits.

Sanctions against Yavner are also warranted. He signed the complaint after conferring at length with Lubart. His declaration, filed on the present motion, contains a number of conclusory allegations about his reasonable basis for acting as he did. However, the affidavit is pointedly deficient in failing to mention whether he did or did not know of the prior action. There is no denial of knowledge of that action. Consequently, it must be concluded that Yavner signed the complaint without reasonable basis.

The court notes that the fact that plaintiff now proceeds *pro se* is irrelevant to the question of whether his attorneys' actions warrant sanctions. Under Rule 11, the attorneys' conduct must be judged at the time they signed the complaint. *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987). Lipani's discharge of Lubart and Yavner cannot cure their violation of Rule 11.

*5 While sanctions against the attorneys are well deserved, the court does not believe that sanctions against Lipani are merited because there is nothing in

Case 7:07-cv-02798-KMK-GAY   Document 16-19   Filed 10/29/2007   Page 4 of 4

Not Reported in F.Supp.   Page 4
Not Reported in F.Supp., 1992 WL 168267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

the record to indicate that Lipani knew that this lawsuit was barred. "[A] party represented by an attorney should not be sanctioned for papers signed by the attorney unless the party had actual knowledge that filing the paper constituted wrongful conduct." *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1474 (2d Cir.1988), *rev'd in part on other grounds,* 493 U.S. 120 (1989).

Finally, the court imposes sanctions in the amount of $9,561.24. This amount represents the Collins firm's attorney's fees in this case, less $360.00 which was not itemized in defendants' exhibits. An award of attorney's fees is appropriate here because defendant should never have had to bear any of the costs of defending this case or bringing the motion for sanctions. Lubart and Yavner are jointly and severally liable.

## CONCLUSION

Summary judgment for defendant is granted. Sanctions against Richard Lubart and Stanley Yavner are imposed in the amount of $9,561.24.

Settle judgment.

SO ORDERED.

S.D.N.Y.,1992.
Lipani v. Collins, Collins & Dinardo, P.C.
Not Reported in F.Supp., 1992 WL 168267 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.