UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH MARGRABE,

                Plaintiff,

   -against-

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                Defendants.
------------------------------------------------------------X

Case No.: 07 CV 2798
(KMK) (GAY)


# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY ACTION PENDING DETERMINATION OF A PROCEEDING IN WESTCHESTER COUNTY SUPREME COURT

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendants
SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No. (212) 980-9600
File No. 860.167

Of Counsel:

A. Michael Furman, Esq.
Andrew R. Jones, Esq.

655874-1         1

## TABLE OF CONTENTS

PAGE(S)

PRELIMINARY STATEMENT ............................................................................ 2

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT ........................................................................................................ 2

      The Court Should Deny Plaintiff's Request
      For a Stay as Plaintiff Has Failed to Set Forth
      a Compelling Rationale for the Stay and Defendants
      Will be Unduly Burdened .................................................................... 2

CONCLUSION ..................................................................................................... 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendants Sexter & Warmflash, P.C., David Warmflash and Michael Present (hereinafter "defendants" or "Sexter & Warmflash"), in opposition to plaintiff's motion to stay the action pending determination of a proceeding in Westchester County Supreme Court.

This is a diversity action for legal malpractice arising out of the defendants' representation of plaintiff in a now-settled underlying shareholders' derivative action in which defendants obtained a settlement of over $8 million for plaintiff and her brother. Plaintiff now seeks a stay of the instant action pending the determination of a fee dispute action currently pending in Supreme Court, Westchester County, under Index No. 10032/01 ("Fee Dispute"). Plaintiff has failed to set forth a single reason as to why the instant action should be stayed and how the fee dispute action would have any bearing on the purported claims alleged in the instant action. Accordingly, plaintiff's request for a stay must be dismissed.

## STATEMENT OF FACTS

This court is respectfully referred to the Statement of Facts contained within the October 26, 2007 Memorandum of Law submitted in support of the motion to dismiss of defendants Sexter & Warmflash, P.C., David Warmflash and Michael Present (hereinafter "defendants" or "Sexter & Warmflash"), made pursuant to Rule 12(b)(6) Fed.R.Civ.P.

## ARGUMENT

### The Court Should Deny Plaintiff's Request For a Stay as Plaintiff Has Failed to Set Forth a Compelling Rationale for the Stay and Defendants Will be Unduly Burdened

Plaintiff moves to stay the within action or, in the alternative, to remove the case from the court's pending cases calendar and place the case on the court's suspension calendar pending an outcome of the Fee Dispute.

655874-1                                    2

Plaintiff fails to provide any reason or rationale to support the request for a stay in this action. In fact, <u>plaintiff's moving papers are void of a single explanation as to why plaintiff should be afforded such a request</u> or a rationalization as to how such a request would benefit plaintiff. The fact remains that plaintiff's pending motion to reargue Justice Donovan's July 9, 2007 Decision and Order pursuant to CPLR § 2221(d) in the Fee Dispute <u>does not</u> have a bearing on the resolution of the instant action.

Moreover, plaintiff has failed to cite to a single applicable case in legal support of her request for a stay. In fact, by plaintiff's own admission "there has been no case decided in New York wherein a litigant may await the outcome of an underlying action that may govern whether there exists a meritorious claim for legal malpractice...." <u>See</u> Plaintiff's Memorandum of Law in Support, page 4. Paradoxically, the three cases cited by plaintiff in purported support of the stay are more beneficial to the defendants' opposition. <u>See</u> Plaintiff's Memorandum of Law in Support, page 4. Not one case cited by plaintiff deals with a fact pattern or decision where the court allowed a legal malpractice action to be stayed pending the resolution of a fee dispute action. Here, plaintiff seemingly misconstrues and misapplies the cited cases, as the courts in the cases proffered in support allowed legal malpractice cases to be stayed pending the resolution of the underlying matter, *not* a fee dispute action. Thus, these cases are clearly not applicable here as the underlying action was resolved when defendants obtained a settlement of over $8 million for plaintiff and her brother.

As detailed in the Statement of Facts, plaintiff alleges five purported "claims" against defendants, including an allegation for legal malpractice. Since not one of these "claims" states a cause of action for which relief can be granted, the defendants have already moved to dismiss this action, pursuant to Rule 12(b)(6) Fed.R.Civ.P. Plaintiff's strategic request for a stay in the

instant action is merely an attempt to delay and prevent, at least for the time being, dismissal of the instant action. It was the plaintiff herself who chose when to bring the instant action in Federal Court for her purported claims against the defendants and as such, this court should not tolerate plaintiff's gamesmanship tactics.

Defendants were named as a party to this action and are now obligated to defend themselves and their reputation against the purported "claims" alleged by plaintiff. See Furman Aff., Exhibit "A." In the interests of fairness, defendants deserve an immediate resolution of the pending motion and closure of the instant action. A stay on this action could possibly continue indefinitely as motions to reargue and appeals can be (and have been) made on a number of aspects of Court Orders in the Fee Dispute. If a stay is granted, a resolution of the instant action could unnecessarily and unjustifiably be prolonged for years – exclusively to the defendants' detriment.

Should the court deny plaintiff's request for a stay, plaintiff's position in the instant action would remain unchanged as plaintiff would merely continue to litigate the same action that she opted to commence. However, contrary to plaintiff's unaffected position, a stay will undoubtedly have an adverse impact on the defendants – as a stay will certainly affect the defendants' ability to defend themselves in the instant action. Clearly, memories will fade, witnesses may disappear, and significant evidence can be lost if an indefinite stay is imposed. Further, this present action has logically had a negative impact on the defendants and their reputation in the legal profession. A stay is therefore not only unnecessary, but also unjust.

Plaintiff has not (and cannot) set forth how plaintiff would be negatively affected should the instant action continue in its due course of discovery and litigation. Likewise, plaintiff fails to state how the Fee Dispute will impact the present action. Although plaintiff alleges that the

Fee Dispute may have a potential effect on a claim for legal malpractice, plaintiff is absolutely silent as to what, if any, effect the Fee Dispute might have on the other four purported claims against the defendants. See Plaintiff's Memorandum of Law in Support, page 3.

Further, the facts of the instant action as well as the relevant case law makes it clear that the instant action should not be stayed, but must be dismissed on the ground that the Complaint fails to state a claim upon which relief can be granted since: (1) *res judicata* and collateral estoppel bars plaintiff's claims; (2) the statute of limitations bars plaintiff's claims; and (3) plaintiff's Complaint fails to state a cognizable cause of action as a matter of law. See Memorandum of Law in support of defendants' motion to dismiss.

Here, the issues presented within plaintiff's Complaint have or should have already been presented and determined in the underlying State Court Fee Dispute. See Furman Aff., Exhibits "I" – "P". Despite a clear ruling that the defendants' conduct and legal services rendered during the representation of plaintiff were reasonable, plaintiff now attempts to re-litigate the same issues previously decided by Justice Donovan, by pursuing this Federal Court action under the guise of common law "malpractice," "breach of fiduciary duty" and other "tort" claims. See Exhibit "P." As the allegations in the instant Complaint "arise out of the same 'factual grouping' or 'transactions'" with respect to the underlying Fee Dispute, plaintiff is precluded by *res judicata* from attempting to re-litigate the validity of defendants' conduct in the underlying action. See Memorandum of Law in support of defendants' motion to dismiss, Point I, A. Additionally, plaintiff is collaterally estopped from bringing the new legal malpractice action since it addresses the same issues as were presented in the prior Fee Dispute and defamation actions. See Ryan v. New York Tel Co., 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823 (1984). See Memorandum of Law in support of defendants' motion to dismiss, Point I, B.

Moreover, the instant action is barred by the 3-year statute of limitations for legal malpractice claims. See CPLR §214[6]. Pursuant to plaintiff's Complaint, the statute of limitations began to run on June 18, 2003 (at the time of the allegedly "negligent" underlying settlement) - and thus expired on June 18, 2006 (over 9 months prior to plaintiff's filing their April 6, 2007 instant Complaint). See Exhibit "A," ¶¶ 20 – 29. See Memorandum of Law in support of defendants' motion to dismiss, Point II. As detailed in the Memorandum of Law in support of the motion to dismiss, plaintiff's motion also fails to plead a cause of action for any of the purported claims. See Memorandum of Law in support of defendants' motion to dismiss, Point III.

It is clear that a stay on the instant action would be both unnecessary for the plaintiff and unjust for the defendants. Rather, the instant action should be dismissed on the numerous grounds set forth above and more fully detailed in the Memorandum of Law in support of defendants' motion to dismiss. Plaintiff fails to support her request for a stay with either a legal or a factual basis and accordingly, plaintiff's motion for a stay must be denied.

## CONCLUSION

For the reasons set forth above defendants respectfully request that the court deny Plaintiff's motion in its entirety.

Dated: New York, New York
      November 9, 2007

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
A. Michael Furman, Esq.
Andrew R. Jones, Esq.
Attorneys for Defendants
SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No. (212) 980-9600

To:    Via ECF & First Class Mail:
       William Greenberg, Esq.
       Greenberg & Massarelli, LLP
       2929 Purchase Street
       Purchase, New York 10577
       Telephone: (914) 694-1880

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY ACTION PENDING DETERMINATION OF A PROCEEDING IN WESTCHESTER COUNTY SUPREME COURT** was served via first class mail and ECF on the 9th day of November 2007 upon:

William Greenberg, Esq.
Greenberg & Massarelli, LLP
2929 Purchase Street
Purchase, New York 10577

_____
A. MICHAEL FURMAN