UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          (ECF)
                                        Docket No: 07-CV-2798
                                        (KMK)(GAY)

ELIZABETH MARGRABE,

                        Plaintiff,

- against -

SEXTER & WARMFLASH, P.C.,
DAVID WARMFLASH and MICHAEL
PRESENT

                        Defendants.

## REPLY DECLARATION OF CRYSTAL MASSARELLI, ESQ.

Crystal Massarelli, being duly sworn deposes and says:

1. I am a partner in the law firm of Greenberg & Massarelli, LLP, counsel to Elizabeth Margrabe ("Betty") in the above entitled lawsuit against Sexter & Warmflash, P.C., David Warmflash, and Michael Present ("Defendants"). I submit this Declaration in reply to the Affidavit of A. Michael Furman sworn to November 9, 2007 and the accompanying Memorandum of Law in Opposition to Plaintiff's Motion to Stay Action Pending Determination of a Proceeding in Westchester County Supreme Court dated November 9, 2007 and in further support of Betty's instant application.

2. Defendants have also moved in this action for a dismissal of Betty's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) which motion is returnable November 17, 2007. In *lieu* of repeating Betty's opposition in reply to Defendants' arguments made in support of their motion in the context of the instant motion, Betty has respectfully referred the court to Plaintiff Elizabeth Margrabe's Memorandum of Law in Opposition

to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), a copy of which is annexed hereto for the court's convenience as Exhibit "A".

WHEREFORE, it is respectfully requested that Betty's motion for an order staying the instant action or, in the alternative, for an order directing that the action be removed from the pending calendar and placed on the suspense calendar pending a final determination of the §475 Judiciary Law proceeding pending in Westchester Supreme between Defendants and Betty, together with such other and further relief which as to the court seems just and proper.

_____
Crystal M. Massarelli (CM 8557)

Sworn to before me this ___ day of November, 2007.

_____
Notary Public

WILLIAM GREENBERG
Notary Public, State of New York
No. 4994162
Qualified in Westchester County
Term Expires March 30, 19___

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ELIZABETH MARGRABE,

                                                        Plaintiff,

- against -

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT

                                                        Defendants.

---

07-CV-2798 (KMK) (GAY)

---

**PLAINTIFF ELIZABETH MARGRABE'S MEMORANDUM OF
LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## STATEMENT

This Memorandum of Law is submitted in opposition to Sexter & Warmflash, P.C., David Warmflash and Michael Present's (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12 (b)(6).

## STATEMENT OF FACTS

Plaintiff Elizabeth Margrabe ("Betty") has commenced this diversity action against her former attorneys, the Defendants in this case, by filing her Complaint on April 6, 2007. The Defendants have moved to dismiss.

## ARGUMENT

## POINT I

## BETTY'S CLAIMS FOR LEGAL MALPRACTICE SHOULD NOT BE DISMISSED

The Defendants contend that Betty's claims for legal malpractice should be dismissed on three grounds, each of which is without merit.

First, Defendants argue that, as a result of a decision by the New York Supreme Court, Westchester County ("State Lower Court") dated July 9, 2007 which granted the defendant Sexter & Warmflash, P.C.'s ("Sexter & Warmflash") fee application pursuant to Judiciary Law §475 ("Fee Dispute"), the doctrines of *res judicata* and collateral estoppel bar each claim for legal malpractice in the instant action. However, the July 9, 2007 State Lower Court decision should not be treated by this court as grounds for dismissal. By separate motion to this court, Betty has moved for a stay of proceedings, or in the alternative, that the case be placed on the court's suspense calendar, pending a final

determination—after exhaustion of all appeals—of the Fee Dispute[1]. Until such time as the Fee Dispute is finally disposed of in the New York state courts, it is impossible to determine whether the outcome of that proceeding would or should have *res judicata* and/or collateral estoppel effect upon Betty's instant claims for legal malpractice.[2] Cases outside the New York jurisdiction, when faced with this legal conundrum, have invariably elected to stay the legal malpractice litigation pending the outcome of other litigation which could have a dispositive effect upon subsequent legal malpractice litigation. See, e.g. Grunwald v. Bronkesh, 131 N.J. 483, 621 A.2d 459 (Sup Ct. New Jersey 1993).

Second, Defendants allege that Betty's legal malpractice claims are barred by the Statute of Limitations on alleged grounds that, as a matter of law, the "trust and confidence" inherent to the attorney-client relationship ceased on a date more than three years prior to the commencement of the instant case. This argument is flawed. The authorities cited by Defendants refer to instances where former counsel was not acting as counsel of record in an ongoing litigation up and until the date of discharge. Here, Paragraph 34 of the Complaint alleges that the Defendants represented Betty in the Fee Dispute up and until the day that Betty terminated Sexter & Warmflash as counsel, thus

---

[1] Annexed to the Declaration of William Greenberg sworn to the 8th day of November, 2007 ("Greenberg Declaration") as Exhibit "A" for the convenience of the court is a copy of Betty's Motion to Stay Action Pending Determination of a Proceeding In Westchester County Supreme Court, made to this court.

[2] The flawed nature of Defendants argument is underscored by the fact that when Betty commenced this action the State Lower Court had not yet rendered its decision granting Sexter & Warmflash's fee application in the Fee Dispute. In other words, Defendants themselves have looked to a future decision past the date of the filing of the Complaint to support their *res judicata*/collateral estoppel grounds for dismissal. Yet, although the Fee Dispute may not be finally decided until exhaustion of all appeals, the Defendants would have this court ignore the fact that a further future decision in the New York State courts may yet reverse the July 9, 2007 decision --- whereupon in fact it may be Betty who in the future relies upon the doctrine of *res judicata*/collateral estoppel to substantiate her claims of legal malpractice in the continuing litigation. See Declaration of Crystal Massarelli sworn to October 26, 2007 annexed as part of Exhibit "A" to the Greenberg Declaration.

the allegation of the Complaint establishes ---as a matter of law for purposes of this motion-- a continuing attorney-client relationship, and the instant lawsuit was commenced within three years of the date that such continuing attorney-client relationship ceased. Glamm v. Allen, 57 N.Y.2d 87, 439 N.E.2d 390 (1982). Moreover, Exhibits "E" and "F" annexed to the moving papers consisting of various e-mails, as well as the accompanying commentary within Defendants' Memorandum of Law as to the alleged significance and interpretation of these e-mails, cannot be considered by this court on a motion to dismiss. See e.g. Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir.1999) Such material is not contained within the four corners of the complaint, not annexed as exhibits and referred to within the complaint, and not material with respect to which this court may take judicial notice. See e.g. Leonard F. v. Israel Discount Bank of N.Y., id.

Third, Defendants contend that the allegations of the Complaint do not adequately articulate a showing of "but for" causality between the alleged legal malpractice of the Defendants and the alleged damages sustained by Betty. Once again, Defendants' contention is wrong. Paragraph 21 of the Complaint alleges that Betty agreed to sell her capital interests in the Rusciano Companies --- premised upon legal advice which constitutes her claims of legal malpractice --- for $4,187,500. Paragraphs 24, 25 and 28 of the Complaint allege that had Betty been properly advised she would not have sold her capital interest in these companies. See, Cicorelli v. Capobianco, 90 A.D.2d 524, 453 N.Y.S.2d 21 (2nd Dept.1982). Paragraph 26 of the Complaint alleges that on the date Betty agreed to sell her capital interests in the Rusciano Companies, the value of her interest was $6,235,781.31. Therefore, at paragraph 29 of the Complaint, Betty

concludes by alleging that her loss attributable to the legal malpractice of Defendants is $2,132,031.50. The specificity of these allegations --- which this court must conclude as being true on a motion to dismiss[3] --- sufficiently allege "but for" causation and also articulate damages that are actual and ascertainable.

Betty's Second Claim for Legal Malpractice alleges that as a result of the legal malpractice of the Defendants she was caused to incur substantial costs and expenses which, "but for" the Defendants culpable conduct she would not have sustained. Paragraph 31 of the Complaint which this court must accept as true on this motion alleges that Betty lost $204,190.14 as result of the Defendants' legal malpractice. Once again, the allegations do sufficiently allege "but for" causation and articulate damages that are actual and ascertainable.

Upon the foregoing, the Defendants' motion to dismiss Betty's Claims for Legal Malpractice should be denied in all respects, or, in the alternative, deferred until the final resolution of the Fee Dispute in the New York State courts at which point the court could again reconsider Defendants' motion to dismiss these legal malpractice claims.

### POINT II

### THE COURT SHOULD NOT DISMISS BETTY'S CLAIM FOR BREACH OF FIDUCIARY DUTY

The Defendants argue that Betty's Claim for Breach of Fiduciary Duty should be dismissed on grounds that the statute of limitations expired. It is evident that the Defendants misconstrue the allegations of the Complaint. The Defendants argue as follows: "Thus, under New York law, a cause of action for breach of fiduciary duty will be dismissed where the causes of action arise from the same facts as the malpractice

---

[3] See e.g. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.2007).

claim and do not allege distinct damages seeking equitable relief." (Emphasis supplied) Defendants' Memo of Law[4] at 16. Simply put, Defendants argument fails because the claim for breach of fiduciary duty <u>does not</u> allege the same facts as Betty's claims for legal malpractice.

Betty's Complaint alleges at Paragraph 39 that Defendants filed a defamation action against Betty and her husband William Margrabe for "in no event less than one million dollars" in the New York State Supreme Court, New York County ("Defamation Action"). Paragraph 41 of Betty's Complaint further alleges that the discharge letter which Sexter & Warmflash annexed to the Verified Complaint of the Defamation Action disclosed Betty's client secret without her consent and for the benefit of the Defendants. Further, during the Defamation Action, without Betty's consent the Defendants disclosed additional client secrets during examinations before trial --- facts alleged at Paragraph 42 of Betty's Complaint. Finally, Betty alleges at Paragraphs 44 and 45 of the Complaint that the breaches of fiduciary duty of the Defendants in "the commencement and prosecution of the Defamation Action . . ." caused Betty damages in the sum of $361,964.71. The Defamation Action ended on January 4, 2007 when the Appellate Division, First Department reversed the lower court and dismissed the case with prejudice. Betty's claim in this case was timely commenced having been filed within three years from the date that her claim for breach of fiduciary duty accrued --- the date that the Appellate Division, First Department dismissed the Defamation Action --- which was the <u>last date</u> when the Defendants continued their course of conduct constituting breach of fiduciary duty.

---

[4] Defendants memorandum is entitled "Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint by Defendants Sexter & Warmflash, P.C., David Warmflash & Michael Present."

Likewise, the Defendants contention that Betty's claim for breach of fiduciary duty is "redundant" of her claims for legal malpractice fails as the Defendants misconstrue the facts of Betty's Breach of Fiduciary Duty claim. Defendants' Memo of Law states: "Here, since plaintiff's Complaint is premised <u>on the same set of operative facts</u> as her malpractice claims ... plaintiff's breach a[sic] fiduciary duty claim must be dismissed as redundant." (Emphasis supplied) Defendants' Memo of Law at 22. Again, the facts of Betty's legal malpractice claims here <u>are not</u> the same as the facts of her breach of fiduciary duty claim in this case.

Betty alleges in her legal malpractice claims that the Defendants through misrepresentations and legal malpractice caused her to sell valuable capital assets for a value less than she should have received but for the legal malpractice complained of. Betty's claims for breaches of fiduciary duty allege that the Defendants commencement and prosecution of the Defamation Action --- premised upon Betty's client secrets ---- was a breach of fiduciary duty which caused her damages for which the Defendants should be liable.

In short, the Defendants' "redundant" argument is patently without merit.

Accordingly, Defendants' motion to dismiss Betty's Claim for Breach of Fiduciary Duty should be denied.

## POINT III

### BETTY'S CLAIMS FOR *PRIMA FACIE* TORT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD NOT BE DISMISSED

Defendants argue that Betty's claims for *prima facie* tort and intentional infliction claims should also be dismissed on grounds that they are time-barred. Defendants misconstrue the allegations of the Complaint.

Betty's alleges at Paragraph 48 of the Complaint that Defendants maliciously instituted the unfounded Defamation Action against Sexter & Warmflash's former client, Betty—premised upon Betty's client secrets—as a means of coercing Betty to abandon her defenses in the Fee Dispute. See J. J. Theaters v. R. K. O. Co., 96 N.Y.S.2d 271 (Sup Ct. N.Y. Co 1953). While the Defamation Action continued, the tort continued and thus accrued upon its dismissal by the Appellate Division, First Department on January 4, 2007. This instant action was commenced in April 2007, well within the applicable one year statute of limitations period.

Likewise, Betty's claim for intentional infliction of emotional distress is also premised upon Sexter & Warmflash's improper use of a client's secret to commence and prosecute the same groundless litigation to coerce an improper result. See Complaint at ¶ 54. In which case, this claim was also commenced timely—within a year of the accrual of the cause of action, the date when the Defamation Action was dismissed.

Defendants also contend that the pleading of her claims of intentional torts are inadequate. Defendants overlook that in this diversity action the sufficiency of Betty's Complaint is governed by the federal rules—which require only that the allegations contain a short and plain statement showing the plaintiff is entitled to relief. See Hanna

v. Plumer, 380 US 460, 465 (1965). In short, Betty's claims need only satisfy the minimal notice pleading requirements under FRCP 8(a)(2). See <u>Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir.2006)</u>.

As Betty's Complaint does give Defendants ample notice of the facts and circumstances constituting Betty's claims of intentional torts, the Defendants' motion to dismiss on grounds of alleged pleading insufficiency must fail.

Consequently, Defendants' motion to dismiss Betty's claims for *prima facie* tort and intentional infliction of emotional distress should be denied.

## CONCLUSION

Defendants' motion to dismiss should be denied or, in the alternative, the action stayed or placed on this court's suspense calendar, pending a final disposition of the Fee Dispute in the New York State courts after exhaustion of all appeals.

Respectfully submitted,

GREENBERG & MASSARELLI, LLP,

s/_____
By: William Greenberg (WG 3838)