UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH MARGRABE,

                            Plaintiff,

- against -

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT

                            Defendants.

---

07-CV-2798 (KMK) (GAY)

---

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR A STAY OR
TRANSFER OF THIS ACTION TO THE SUSPENSE CALENDAR**

---

GREENBERG & MASSARELLI, LLP
2929 Purchase Street
Purchase, New York 10577
(914) 694-1880

*Attorneys for Plaintiff
Elizabeth Margrabe*

## STATEMENT

The within Reply Memorandum In Support Of Motion For A Stay Or Transfer Of This Action To The Suspense Calendar is submitted by plaintiff Elizabeth Margrabe ("Betty") in reply to defendants Sexter & Warmflash, P.C., David Warmflash And Michael Present (collectively "Defendants") Memorandum of Law in Opposition to Plaintiff's Motion to Stay Action Pending Determination of a Proceeding in Westchester County Supreme Court ("Defendants' Opposing Memo").

## STATEMENT OF FACTS

The court is respectfully referred to the Declaration of Betty, sworn to the 26th day of October, 2007, and the Declaration of Crystal Massarelli, Esq. sworn to the 26th day of October 2007, for the facts pertinent to the instant application.

## ARGUMENT

## POINT I

### DEFENDANTS' OPPOSING MEMO FAILS TO PRESENT ANY COGENT ARGUMENT WARRANTING DENIAL OF BETTY'S INSTANT MOTION FOR A STAY

Defendants' Opposing Memo essentially recites many of the same arguments it has previously addressed to the court in their motion to dismiss. Betty has already addressed those arguments in full in Plaintiff Elizabeth Margrabe's Memorandum Of Law In Opposition To Defendants' Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(B)(6), a copy of which is annexed as Exhibit "A" to the Reply Declaration of Crystal Massarelli sworn to the 15th day of November 2007.

Additionally, the court should note that the basic premise of the Defendants' Opposing Memo—that Betty's "pending motion to reargue Justice Donovan's July 9,

2

2007 Decision and Order pursuant to CPLR § 2221(d) in the Fee Dispute <u>does not</u> have a bearing on the resolution of the instant action"[1]—seems entirely at odds with Defendants' principal grounds for dismissal—that "[d]espite a clear ruling that the defendants' conduct and legal services rendered during the representation of plaintiff were reasonable, plaintiff now attempts to re-litigate the same issues previously decided by Justice Donovan..."[2]

As Defendants argue, it is true that Betty has found no New York case where a court has stayed a legal malpractice case pending resolution of ongoing fee dispute litigation. But, the cases are legion in other states—where, as in New York, the statute of limitations is <u>not</u> tolled on a claim of legal malpractice pending the outcome of potentially dispositive underlying litigation—that the common-sense remedy for the legal conundrum is to stay the legal malpractice claim until the underlying case has reached a final disposition. <u>Law Office of David Stern v. Security Nation Servicing Corp.</u>, 2007 WL 1932251 (Fla. Sup. Ct. 2007); <u>Hughes v. Mahaney and Higgins</u>, 821 SW2d 154 (Tex. Sup. Ct. 1991) That is the common sense outcome Betty seeks in her instant motion.

It is likewise true that some of Betty's claims do not relate to the facts underlying her legal malpractice claims. Her claims of tort and breach of fiduciary duty relate, in part[3], to Defendants' filing and prosecution of a defamation case which violated Betty's

---

[1] See Defendants' Opposing Memo at 3.
[2] See Defendants' Opposing Memo at 5.
[3] The court should note that Betty's claim of breach of fiduciary duty overlaps not only the issues being considered in the Fee Dispute, but also the commencement and prosecution of the defamation action. If the Fee Dispute is resolved in such fashion that the discharge of Sexter & Warmflash by Betty is found to be for cause, then Betty will be entitled to recover <u>all</u> the fees previously paid Sexter & Warmflash for its representation of Betty, not just the funds held in escrow. Such recovery of previously paid fees would be a regurgitation of fees and would bear interest from the time such fees were paid at the prevailing rate of 9% pursuant to CPLR § 5001.

3

right to confidentiality, events which came about after the legal malpractice claims arose. However, since the facts underlying all claims are inter-related in that the parties are the same and the controversy between the parties arises out of the same relationship of former client with former counsel, Betty seeks a stay of all claims. Going forward with some claims leaving others to future resolution seems potentially wasteful of judicial resources and the resources of the parties, as discovery and separate trials would likely be needlessly duplicative, were such a procedure to govern here.

Finally, Defendants' mean-spirited accusation that Betty's considerations as to the date of filing the instant action were "gamesmanship tactics[4]" is shown false by the acknowledged facts. Betty filed her lawsuit on April 6, 2007—just three days before three years had expired from April 9, 2004 when Betty had terminated Sexter & Warmflash for cause. In that three years, Betty had (1) diligently and vigorously defended the Fee Dispute, (2) caused the state lower court to reverse itself twice vacating prior decisions favorable to Sexter & Warmflash and reopen the hearing, (3) perfected and argued an appeal to the Appellate Division, Second Department., and (4) attended five hearing sessions scheduled by the state lower court, each session of which required the preparation of multiple briefs and exhibits. See Declaration of Crystal Massarelli sworn to the 26th day of October, 2007 submitted in support of the instant motion. The date Betty chose to file her instant lawsuit was the last possible date she could file without facing a potentially meritorious motion to dismiss on grounds of statue of limitations. Moreover, Betty did not serve Defendants until July 24, 2007, at which time nearly the entire 120 days had expired before her service would be deemed late by the

---

[4] See Defendants' Opposing Memo at 4.

applicable rules, thus jeopardizing her previous filing. See CPLR § 306-b; Federal Rule of Civil Procedure 4(j). In short, Betty strained <u>not to file</u> this case, always seeking within her means to have a final disposition of the underlying Fee Dispute, recognizing that a final decision there may affect her claims. And in fact, Betty <u>offered</u> to Defendants her stipulation to stay the instant action pending the final outcome of the Fee Dispute in the New York State courts, which offer was <u>rejected</u> by Defendants. Suffice it to say, whatever else the Defendants may argue, it is unfair to characterize Betty's approach to this litigation as "gamesmanship."

There may be some prejudice to Defendants by the stayed existence of this case should Betty's instant motion be granted, but that prejudice would seem to be far outweighed by the potential prejudice to Betty should Betty ultimately prevail in the Fee Dispute, after her legal malpractice case already dismissed on grounds of *res judicata/* collateral estoppel, arising from a prior decision since reversed.

Respectfully, Betty's motion for a stay should be granted.


Respectfully submitted,



GREENBERG & MASSARELLI, LLP,



s/_____
BY: Crystal Massarelli (CM8557)

5