UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ELIZABETH MARGRABE,

                       Plaintiff,

       -against-

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                  Defendants.
-------------------------------------------------------------------X

Case No.: 07 CV 2798
(KMK) (GAY)


### REPLY MEMORANDUM OF LAW IN SUPPORT OF RULE 12 (b) (6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS SEXTER & WARMFLASH, P.C., DAVID WARMFLASH & MICHAEL PRESENT


KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendants
SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT
99 Park Avenue, 19th Floor
New York, New York 10016
Telephone No. (212) 980-9600
File No. 860.167


Of Counsel:

A. Michael Furman, Esq.
Andrew R. Jones, Esq.

# TABLE OF CONTENTS

PAGE(S)

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ................................................................................................. 2

POINT I

      PLAINTIFF'S CLAIMS ARE BARRED
      BY THE DOCTRINES OF RES JUDICATA
      AND/OR COLLATERAL ESTOPPEL ................................................ 2

POINT II

      THE STATUTE OF LIMITATIONS BARS
      PLAINTIFF'S CLAIMS ....................................................................... 4

POINT III

      PLAINTIFF'S COMPLAINT FAILS TO
      STATE A CAUSE OF ACTION ........................................................... 7

      1.    Plaintiff's Complaint Fails To State
           a Viable Claim for Legal Malpractice .......................................... 7

      2.    Plaintiff's Complaint Fails To State a
           Viable Claim For Breach Of Fiduciary Duty .............................. 9

      3.    Plaintiff's Complaint Fails To State a
           Viable Claim For Prima Facie Tort and
           Intentional Infliction of Emotional Distress ............................... 9

CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE(S)**

Anonymous v. Dobbs Ferry Union Free Sch. Dist.,
    797 N.Y.S.2d 120 (App.Div.2005) ............................................................................ 4

Bartang Bank and Trust Co. v. Caiola,
    2006 WL 2708453 (S.D.N.Y. 2006).................................................................... 6, 7

Boyd v. Gering, Gross & Gross,
    226 A.D.2d 489, 641 N.Y.S.2d 108 (2d Dept. 1996) ............................... 9

Bridgeview Garden Apartments, LLC v.
    N.Y. State Div. of Hous. & Cmty. Renewal, No. 8157/04,
    2004 WL 2059552 (N.Y.Sup.Ct. Sept. 9, 2004)..................................... 4

Brooks v. Ross,
    24 A.D. 3d 589, 808 N.Y.S.2d 358 (2d Dept. 2005) ............................ 8

Coastal v. Raphael,
    298 A.D. 2d 186, 748 N.Y.S. 2d 141 (1st Dept. 2002).............................. 8

Cohen v. Leonard & Robert Shapiro,
    18 A.D. 3d 219, 793 N.Y.S. 2d 764 (1st Dept. 2005)............................... 8

Conley v. Gibson,
    355 U.S. 41, 45-4678 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) ................................. 2, 10

Cooper v. Parsky,
    140 F.3d 433 (2d Cir. 1998)................................................................... 7

Cortec Industries, Inc. v. Sum Holding L.P.,
    949 F.2d at 48 (2d Cir. 1991)................................................................ 6

Couri v. Westchester Country Club,
    186 A.D.2d 715 (N.Y. A.D. 2d Dept. 1992)................................................. 4

Coyne v. Bersani,
    61 N.Y.2d 939, 474 N.Y.S.2d 970 (1984) ................................................ 5

Daniels v. Lebit,
    299 A.D.2d 310 (2d Dept. 2002) ........................................................... 7

DiSorbo v. Hoy,
    343 F.3d 172 (2d Cir. 2003)................................................................... 4

## TABLE OF AUTHORITIES (cont.)

**CASES**                                                                          **PAGE(S)**

Flutie Bros. v. Hayes,
    2006 WL 1379594, No. 04 Civ. 4187 (S.D.N.Y. May 18, 2006)............................. 8

Hand v. Silberman,
    15 A.D. 3d 167, 789 N.Y.S. 2d 26 (1st Dept. 2005).................................................. 8

Harris v. City of New York,
    186 F.3d 243, 247 (2d Cir. 1999)......................................................................... 2, 10

Hartman v. Morganstern,
    28 A.D. 3d 423, 814 N.Y.S. 2d 169 (2d Dept. 2006) ............................................... 8

In re Amica Mut. Ins. Co.,
    445 N.Y.S.2d 820 (App.Div.1981) .......................................................................... 4

International Audiotext Network, Inc. v. American Telephone and Telegraph Co.,
    62 F.3d at 72 (2d Cir. 1995)..................................................................................... 6

Klinge v. Ithaca College,
    235 A.D.2d 724 (3rd Dept. 1997) .......................................................................... 10

Koppelman v. Liddle, O'Connor, Finkelstein & Robinson,
    246 A.D.2d 365, 668 N.Y.S.2d 29 (1998) ............................................................... 3

Lettis v. U.S. Postal Service,
    39 F.Supp.2d 181 (E.D.N.Y. 1998) ......................................................................... 7

Mecca v. Shang,
    258 A.D.2d 569, 685 N.Y.S.2d 458 (2d Dept. 1999) ............................................... 9

McCarthy v. Board of Trustees of Erie Community College,
    914 F. Supp. 937 (W.D.N.Y 1996) .......................................................................... 6

O'Brien v. City of Syracuse,
    54 N.Y.2d 353 (1981) .............................................................................................. 3

Ornstein v. Pakistan Intern. Airlines Corp.,
    888 F.Supp. 28, (S.D.N.Y. 1995) ............................................................................ 7

Perkins v. Norwick,
    257 A.D.2d 48, 1999 WL 3894194 (1st Dep't 1999) ............................................... 8

**TABLE OF AUTHORITIES (cont.)**

**CASES**                                                                    **PAGE(S)**

Pitelli v. Schulman,
    128 A.D.2d 600, 512 N.Y.S.2d 860 (2nd Dept. 1987)................................................ 5

Sage Realty Corp. v. Proskauer Rose,
    251 A.D.2d 35, 675 N.Y.S.2d 14 (1st Dept. 1998)..................................................... 9

Simmons v. Edelstein,
    32 A.D.3d 464, 820 N.Y.S.2d 614 (2d Dept. 2006) .................................................. 8

Speken v. Moore,
    773 N.Y.S.2d 880 (1st Dept. 2004) ......................................................................... 3

Stein v Levine,
    8 A.D.3d 652, 779 N.Y.S. 2d 556 (2d Dept. 2004) .................................................. 8

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of the instant motion of defendants Sexter & Warmflash, P.C., David Warmflash and Michael Present (hereinafter "defendants" or "Sexter & Warmflash"), pursuant to Rule 12(b)(6) Fed.R.Civ.P., seeking an Order dismissing plaintiff's Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted since: (1) *res judicata* and collateral estoppel bars plaintiff's claims; (2) the statute of limitations bars plaintiff's claims; and (3) plaintiff's Complaint fails to state a cognizable cause of action as a matter of law.

Plaintiff's opposition confirms that her purported legal malpractice claim against defendants is time-barred as plaintiff does not (and cannot) deny – that the requisite "trust and confidence" necessary to maintain a continuous representation argument expired well before the April 9, 2004 letter was sent. Plaintiff's opposition fails to establish entitlement to tolling of the statute of limitations, and therefore, cannot benefit from the doctrine of "continuous representation" as she has not (and cannot) allege, let alone demonstrate, that she maintained "trust and confidence" in the defendants – a point clearly evidenced by plaintiff's well documented efforts to fire defendants almost immediately after the June 18, 2003 underlying settlement.

Moreover, plaintiff's opposition fails to demonstrate why plaintiff's action should not be dismissed pursuant to the doctrines of *res judicata* and collateral estoppel. Although these legal doctrines prohibit the plaintiff from doing so, plaintiff is nonetheless frivolously attempting to relitigate the same issues previously decided by Justice Donovan in connection with the Fee Dispute action - on three separate occasions - in defendants' favor.

Further, plaintiff's opposition relies on a series of self-serving assumptions and a subjective mischaracterization of defendants' role in an endeavor to maintain this instant action.

1

In addition to the grounds set forth above, the facts and the law also plainly support the dismissal of this frivolous action against defendants based on plaintiff's failure to plead a single cause of action. Plaintiff's Complaint should accordingly be dismissed in its entirety, with prejudice.

## ARGUMENT

Plaintiff's opposition merely confirms that, under no interpretation of the facts set forth in the Complaint can plaintiff succeed in her "claims" against defendants. See Conley v. Gibson, 355 U.S. 41, 45-4678 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Consequently, the Complaint must be dismissed pursuant to Rule (12)(b)(6) Fed.R.Civ.P., as a matter of law, since plaintiff cannot prove a set of facts in support of her claim that would entitle plaintiff to relief. See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

## POINT I

## PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL

It is clear that the instant action must be dismissed as the claims are barred pursuant to the doctrines of *res judicata* and collateral estoppel. Plaintiff does not attempt to distinguish the well-established case law in support of these sound legal doctrines. See plaintiff's Memorandum of Law in Opposition, pages 2-3. Instead, plaintiff baldly states, without any applicable legal support whatsoever, that the Court should wait for an indefinite period of time until all appeals are exhausted with respect to the Fee Dispute. See *Id*. As fully explained in defendants' opposition to plaintiff's motion for a stay, defendants deserve a swift and immediate resolution to the instant frivolous action and plaintiff's request for a stay should be denied. (For a fuller response to plaintiff's request for a stay, the Court is respectfully referred to defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Stay).

Despite a clear ruling that the defendants' conduct and legal services rendered during the representation of plaintiff were reasonable, plaintiff now attempts to re-litigate the same issues

previously decided by Justice Donovan in the Fee Dispute, by pursuing this Federal Court action under the guise of common law "malpractice," "breach of fiduciary duty" and other "tort" claims.[1]  See Exhibit "P."  Plaintiff's efforts to relitigate these issues, while purporting to pursue a different remedy, are unavailing.  See Speken v. Moore, 773 N.Y.S.2d 880 (1st Dept. 2004); see also Lipani, Id.  As the allegations in the instant Complaint "arise out of the same 'factual grouping' or 'transactions'" as the underlying Fee Dispute, plaintiff is precluded by res judicata from attempting to re-litigate the validity of defendants' conduct in the underlying action.

In the recent, factually similar case of Kinberg v. Garr, wherein a plaintiff attempted to relitigate claims previously determined in a fee dispute action, the Supreme Court, Justice Salerno upheld well-established case law to support the proposition that "[c]onsiderations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation." See p. 7 of the unreported October 11, 2007 decision annexed as Exhibit R to the Reply Affidavit of A. Michael Furman, Esq.  Here, similar to the Kinberg case, plaintiff's legal malpractice claims were brought to a conclusion in the related Fee Dispute.  As such, the instant action, "arising out of the very same legal services, is barred by the doctrine of res judicata, despite [p]laintiff's attempt to machineate different theories."  See Furman Reply Aff., Ex. R, pg 9.

Similarly, plaintiff's instant claims are barred by the doctrine of collateral estoppel.  It is well-settled that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."  See O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981); see also Couri v. Westchester Country Club, 186 A.D.2d 715 (N.Y. A.D. 2d Dept. 1992).  Pursuant to the doctrine of collateral estoppel, plaintiff is precluded from re-litigating the issue of whether

---

[1] In Koppelman v. Liddle, O'Connor, Finkelstein & Robinson, the Court held that: "As a general principle, when a client does not prevail in an action with counsel for the value of professional services, a subsequent action for malpractice is barred (internal citation omitted), on the theory that such a ruling implicitly finds that there was no malpractice."  See 246 A.D.2d 365, 366, 668 N.Y.S.2d 29 (1998).

defendants' legal services were reasonable, as Justice Donovan has already determined this issue in favor of defendants in the Fee Dispute. See Furman Aff., Exhibit "P."

The majority view in New York is that even the possibility of appeal from a final order does not alter the collateral estoppel effect of that order under New York law. See Anonymous v. Dobbs Ferry Union Free Sch. Dist., 797 N.Y.S.2d 120, 121 (App.Div.2005) ("The rule in New York is that the 'pendency of an appeal does not prevent the use of the challenged judgment as the basis of' collateral estoppel." (quoting In re Amica Mut. Ins. Co., 445 N.Y.S.2d 820, 822 (App.Div.1981))); Bridgeview Garden Apartments, LLC v. N.Y. State Div. of Hous. & Cmty. Renewal, No. 8157/04, 2004 WL 2059552, at *6 (N.Y.Sup.Ct. Sept. 9, 2004); DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir.2003) ("Under New York law, the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." (internal quotations and citations omitted)).    Herein, neither plaintiff's motion to reargue, nor plaintiff's appeal from Justice Donovan's July 9, 2007 Decision and Order prevents the res judicata/collateral estoppel effect of Justice Donovan's July 9, 2007 Decision and Order – which is currently the law of the case. See Id.    Again, plaintiff does not deny the applicability of these legal doctrines to the instant action and accordingly, plaintiff's Complaint must be dismissed.

## POINT II

## THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S CLAIMS

Not surprisingly, plaintiff completely overlooks the long standing case law and does not (and cannot) cite to a single case to dispute the fact that plaintiff's claim is barred by the applicable three year statute of limitations. See CPLR §214[6].  Plaintiff merely states, without any factual or legal support, that the instant lawsuit was commenced within three years from when the attorney-client relationship ceased. See plaintiff's Memorandum of Law in Opposition,

page 4. Further, plaintiff intentionally ignores the fact that the application of the continuous representation doctrine is premised on a continuing relationship of trust and confidence; it is inapplicable where no such relationship exits. See Pitelli v. Schulman, 128 A.D.2d 600, 512 N.Y.S.2d 860 (2nd Dept. 1987); Coyne v. Bersani, 61 N.Y.2d 939, 474 N.Y.S.2d 970 (1984).

Here, the instant Summons and Complaint - filed on April 6, 2007- apparently seeks to "beat" the 3-year statute of limitations for legal malpractice claims from the date of the April 9, 2004 "firing" letter (by three days) under an unspecified continuous representation theory. However, plaintiff's well-documented, covert plans to fire defendants (evident almost immediately after the June 18, 2003 underlying settlement) demonstrate that the requisite "trust and confidence" necessary to maintain a continuous representation argument expired well before the April 9, 2004 letter was sent. See Furman Aff., Exhibits "E" – "F" (demonstrating that at least as early as July 2, 2003, the Margrabes had engaged other counsel - under the guise of plaintiff's "co-counsel"- and along with said other counsel, immediately began discussing strategies to fire defendants. Id).[2] Pursuant to plaintiff's Complaint, the statute of limitations began to run on June 18, 2003 (at the time of the allegedly "negligent" underlying settlement) - and thus expired on June 18, 2006 (over 9 months prior to plaintiff's filing their April 6, 2007 instant Complaint). See Exhibit "A," ¶¶ 20 – 29.

Contrary to plaintiff's contention that the underlying correspondence may not be considered on a motion to dismiss, the same may indeed be considered since courts allow matters

---

[2] By way of only a brief sampling, see Exhibit "E:" (1) July 14, 2003 e-mail from Harry Lewis, Esq. (plaintiff's underlying "co-counsel") to William Margrabe: "if you can fire David [Warmflash] prior to closing, do it. It'll be much harder for you to complain about his fees if you let him guide you through the settlement..."; (2) September 8, 2003 e-mail from William Margrabe to Philip Halpern, Esq. (plaintiff's other underlying "co-counsel"): "I think that making a case for legal malpractice is difficult, so I might not urge Betty to sue David [Warmflash] and Michael [Present] for malpractice...However, I haven't ruled out a malpractice suit and I'm leaning toward going after S&W for loan-sharking."; (3) September 16, 2003 e-mail from William Margrabe to Harry Lewis, Esq.: "at my urging [Betty] wants to keep open her options for seeking sanctions against and damages from Sexter & Warmflash, including criminal prosecution [!] for loan-sharking [emphasis added]."

integral to a plaintiff's claim or on which a plaintiff's claims are based, presented in support of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure to be considered in ruling on the motion. See McCarthy v. Board of Trustees of Erie Community College, 914 F. Supp. 937 (W.D.N.Y 1996). Further, the Court may consider documents submitted by the moving party where there is undisputed notice to the plaintiff of their contents. Id., citing, Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d at 48 (2d Cir. 1991); see also International Audiotext Network, Inc. v. American Telephone, 62 F.3d at 72 (2d Cir. 1995).

Herein, plaintiff's Complaint alleges that plaintiff terminated defendants' representation (thereby ceasing the client- attorney relationship) on April 9, 2004. See Furman Affidavit, Ex. A., ¶ 34. However, the underlying correspondence clearly and unequivocally show that the "trust and confidence" necessary to maintain an attorney-client relationship evaporated at least as early as July 2, 2003. See the underlying correspondence, Furman Aff., Exhibits "E" – "F." Accordingly, the underlying correspondence must be considered by the Court with respect to the instant motion as the cessation of the attorney-client relationship (and the resulting commencement of the statute of limitations) between plaintiff and defendants is a matter integral to the plaintiff's claim. Moreover, plaintiff cannot claim to be unaware of the content of the underlying correspondence as the documents were either written by or directed to plaintiff (and her husband). See the underlying correspondence, Furman Aff., Exhibits "E" – "F."

Plaintiff baselessly attempts to argue that while the Defamation Action continued, the tort continued. See Memorandum of Law in Opposition to Defendants' Motion to Dismiss, page 5. Again, plaintiff's subjective conclusions are without basis in fact or law and plaintiff fails to support her contention that any accrual time should be measured from the date that the Defamation Action was dismissed. See Id.

Plaintiff's claim for breach of fiduciary duty must be dismissed pursuant to the three year statute of limitations. See Bartang Bank v. Caiola, 2006 WL 2708453, *5 (S.D.N.Y. 2006) quoting Cooper v. Parsky, 140 F.3d 433, 440-41 (2d Cir. 1998). Additionally, under New York law, a cause of action for breach of fiduciary duty must be dismissed where the causes of action arise from the same facts as the malpractice claim and do not allege distinct damages seeking equitable relief. See Daniels v. Lebit 299 A.D.2d 310 (2d Dept. 2002). Here, plaintiff does not dispute the fact that she does not seek any equitable relief. Accordingly, plaintiff cannot extend the three-year period to six years. See Exhibit "A," ¶ 15; Bartang Bank, Id.

The fact remains that plaintiff's "claims" for intentional infliction of emotional distress and prima facie tort are barred by the one-year statute of limitations applicable to each of these "causes of action." The one-year statute of limitations of CPLR § 215(3) for intentional torts applies to such "claims." See Lettis v. U.S. Postal Service, 39 F.Supp.2d 181, *204 (E.D.N.Y. 1998) (citing Ornstein v. Pakistan International, 888 F.Supp. 28, 31 n. 11 (S.D.N.Y. 1995). As all of plaintiff's purported "causes of action" are untimely as a matter of law, plaintiff's Complaint must be dismissed in its entirety, with prejudice.

## POINT III

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION

None of the purported "claims" against defendants within plaintiff's instant Complaint state a cause of action for which relief can be granted and plaintiff's Complaint must accordingly be dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P. Here, as a matter of law, plaintiff can prove no set of facts to support her claims which would entitle her to any relief.

1.    **Plaintiff's Complaint Fails To State a Viable Claim for Legal Malpractice**

In connection with the proximate causation element of a legal malpractice claim, proximate causation in this regard can only be demonstrated when the plaintiff can plead and

prove that, "but for the defendant's negligence, the plaintiff would have been successful in the underlying action." Simmons v. Edelstein, 32 A.D.3d 464, 466, 820 N.Y.S.2d 614 (2d Dept. 2006) (*internal citations omitted*); Hand v. Silberman, 15 A.D. 3d 167, 789 N.Y.S. 2d 26, 27 (1st Dept. 2005); see also Coastal v. Raphael, 298 A.D. 2d 186, 748 N.Y.S. 2d 141 (1st Dept. 2002).

Here, plaintiff, both in her Complaint and her opposition to the instant motion, "alleges" that "but for the legal malpractice of [defendants] on June 18, 2003 [plaintiff] would not have sold her interest for $4,187,500." See Furman Aff. Exhibit "A", ¶28; see also Memorandum of Law in Opposition to Defendants' Motion to Dismiss, page 4. Plaintiff then speculatively claims that had the action not settled on June 18, 2003, plaintiff would, in sum, have done better. See *Id*, ¶¶ 27 - 29. Such "conclusion" does not sufficiently allege proximate causation. See Flutie Bros. v. Hayes, 2006 WL 1379594, No. 04 Civ. 4187, at *7 (S.D.N.Y. May 18, 2006); Hartman v. Morganstern, 28 A.D. 3d 423, 425, 814 N.Y.S. 2d 169 (2d Dept. 2006); Brooks v. Ross, 24 A.D. 3d 589, 808 N.Y.S.2d 358 (2d Dept. 2005); Cohen v. Leonard & Robert Shapiro, 18 A.D. 3d 219, 220, 793 N.Y.S. 2d 764, 765 (1st Dept. 2005); Stein v Levine, 8 A.D.3d 652, 653, 779 N.Y.S. 2d 556, 557 (2d Dept. 2004).

Plaintiff's subjective claim that she would have done better with respect to settlement of the underlying matter is merely speculative. Plaintiff has not (and cannot) plead actual and ascertainable damages because plaintiff's "allegation" is based on her baseless assumption that the adverse party involved in the underlying action would have agreed to settle the underlying claim for the precise value of plaintiff's interest – as calculated by plaintiff. Plaintiff has not alleged any non-speculative "facts" from which one could reasonably infer that her "economic position" is worse off than what it would have been "but for" any alleged "acts/omissions" by Sexter & Warmflash. *Id*. The lack of actual or ascertainable damages is fatal to plaintiff's claim for legal malpractice. See Perkins v. Norwick, 257 A.D.2d 48, 1999 WL 3894194 (1st Dep't

1999) (finding plaintiff's alleged damages speculative). Accordingly, plaintiff has not plead (and cannot prove) the necessary elements of a legal malpractice claim as a matter of law. Therefore, this claim should be dismissed, with prejudice.

**2.    Plaintiff's Complaint Fails To State a Viable Claim For Breach Of Fiduciary Duty**

Further, as set forth in defendants' moving papers - and not disputed by plaintiff's opposition - plaintiff's breach of fiduciary duty claims are barred by the well-documented fact that there was no "breach" of any fiduciary duty (see Furman Aff., Exhibits "I" – "P"), and by plaintiff's failure to sufficiently allege any breach proximately causing non-speculative damages. See Exhibit "A," ¶¶ 33 - 46. See Mecca v. Shang 258 A.D.2d 569, 570, 685 N.Y.S.2d 458 (2d Dept. 1999); Sage Realty Corp. v. Proskauer Rose, 251 A.D.2d 35, 675 N.Y.S.2d 14 (1st Dept. 1998); see also Boyd v. Gering, Gross & Gross, 226 A.D.2d 489, 641 N.Y.S.2d 108 (2d Dept. 1996). The underlying Fee Dispute determined that Sexter & Warmflash acted properly towards plaintiff. See Exhibits "I" – "P." In addition, *plaintiff* (not defendant) published the April 9, 2004 letter at issue. See Exhibit "A," ¶ 34.[3] Accordingly, since plaintiff has not pled (and cannot demonstrate) the necessary elements of a breach of fiduciary duty claim, plaintiff's Complaint must be dismissed.

**3.    Plaintiff's Complaint Fails To State a Viable Claim For Prima Facie Tort and Intentional Infliction of Emotional Distress**

Plaintiff does not credibly dispute the fact that the claim for *prima facie* tort is subject to dismissal as a matter of law. See Exhibit "A," ¶¶ 47 - 52. Here, plaintiff has not alleged (and cannot allege) a viable cause of action for *prima facie* tort. It is undisputed that the defendants dictated the subject underlying settlement agreement in the capacity as plaintiff's attorneys, attempting to further plaintiff's interests and that thereafter, defendants disclosed the April 9,

---

[3] As determined in the decision of Judge Kornreich and never reversed by the Appellate Division. See defamation proceedings, *Id*, Exhibits "G" and "M."

2004 letter (previously published <u>by plaintiff</u>) only as part of defendants' defamation action (which sought to protect defendants' reputation). <u>See</u> Furman Aff., Exhibits "G" and "M." Plaintiff has failed to allege any motive of defendants other than the representation of their then client and the pursuit of their subsequent defamation claims. <u>See</u> Exhibit "A," ¶¶ 47 - 52. <u>See</u> Plaintiff's Memorandum of Law in Opposition, pages 8-9.    Therefore, plaintiff's Complaint has failed to allege that defendants' actions were "solely motivated" by "disinterested malevolence." <u>See</u> <u>Curiano</u>, *supra*. <u>See</u> Plaintiff's Memorandum of Law in Opposition, pages 8-9.

Likewise, and in addition to the reasons set forth above, plaintiff cannot sustain a cause of action against the defendants for intentional infliction of emotional distress as a matter of law, since plaintiff has not plead that defendants engaged in extreme and outrageous conduct and that such conduct intentionally or recklessly caused severe emotional distress. <u>See</u> Exhibit "A," ¶¶ 53 – 58; <u>see also</u> <u>Klinge v. Ithaca College</u>, 235 A.D.2d 724 (3rd Dept. 1997).

Here, plaintiff does not allege that defendants intended to inflict severe emotional distress upon the plaintiff, had reason to know that his conduct was reasonably certain to have that effect, or did, in fact, commit the tort. <u>See</u> Exhibit "A," ¶¶ 53 - 58.  The defendants simply entered into an underlying settlement agreement and filed the April 9, 2004 letter (a letter which Mr. Margrabe drafted over several months and published) as an exhibit to defendants' defamation Complaint, submitted to a court for consideration.  Plaintiff's Complaint is completely barren of any allegation that the plaintiff has any medical evidence that plaintiff suffered emotional distress. <u>See</u> Exhibit "A," ¶¶ 53 - 58.  Accordingly, plaintiff's claim for intentional infliction of emotional distress must be dismissed as a matter of law.

As set forth above, under no interpretation of the facts set forth in the Complaint can plaintiff succeed in her "claims" against defendants. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-4678 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).  Plaintiff's Complaint must be dismissed pursuant

to Rule (12)(b)(6) Fed.R.Civ.P., as a matter of law, since plaintiff cannot prove a set of facts in support of her claim that would entitle plaintiff to relief.  See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint must be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6) Fed.R.Civ.P, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 16, 2007

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
    A. Michael Furman, Esq.
    Andrew R. Jones, Esq.
    Attorneys for Defendants
    SEXTER & WARMFLASH, P.C., DAVID
    WARMFLASH and MICHAEL PRESENT
    99 Park Avenue, 19th Floor
    New York, New York 10016
    Telephone No. (212) 980-9600

To:   Via ECF & First Class Mail:
      William Greenberg, Esq.
      Greenberg & Massarelli, LLP
      2929 Purchase Street
      Purchase, New York  10577
      Telephone: (914) 694-1880

11

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: **REPLY MEMORANDUM OF LAW IN SUPPORT OF RULE 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS SEXTER & WARMFLASH, P.C., DAVID WARMFLASH AND MICHAEL PRESENT** was served via first class mail and ECF on the 16th day of November 2007 upon:

William Greenberg, Esq.
Greenberg & Massarelli, LLP
2929 Purchase Street
Purchase, New York 10577

_____
A. MICHAEL FURMAN