SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
------------------------------------------------------------------X
SARA KINBERG,

                              Plaintiff,

            -against-                                    Index No.: 20612/2006

IRA E. GARR,

                              Defendants.
------------------------------------------------------------------X

HON. GEORGE D. SALERNO:

        Defendant IRA E. GARR's Motion to dismiss Pro Se Plaintiff SARA

KINBERG's Complaint, pursuant to CPLR 3211(a)(5), based upon the grounds

that the causes of action may not be maintained because of statute of limitations,

res judicata, and collateral estoppel, is granted, as set forth herein.

        Plaintiff's Cross Motion for sanctions, and other relief, is denied.

**Prior History**

*----- Relevant Dates*

        From June 12, 2000 to September 7, 2000,  Plaintiff KINBERG retained

Defendant GARR to represent her in her matrimonial Action, (which had been

pending since 1992). This is evidenced by the parties' retainer agreement which

provides that the legal services that GARR would be providing would be in

connection with the then-pending Action, entitled Kinberg v. Kinberg, Index No.:

72304/1992, in New York County Supreme Court.  (See Plaintiff's Exhibit "C").

The matter was scheduled for trial, on the equitable distribution of the marital

assets, before the Hon. Justice Jacqueline Silbermann, on September 7, 2000,

when the parties entered into a settlement Agreement, and KINBERG took the

1

stand where she was allocuted on the Agreement. KINBERG testified that she understood the Agreement, wanted to accept it, and was satisfied with the services of her Counsel.[1]

Later that same day, September 7, 2000, KINBERG discharged GARR. (See Amended Verified Complaint, ¶ 4, 5, at Defendant's Exhibit "A").

-----*Law Suits*

----- *KINBERG's Action to Rescind the Settlement Agreement*:

In April 2001, KINBERG had commenced an Action, to set aside her matrimonial Agreement; said Action was dismissed by a lengthy order, which found that KINBERG's "claims that she was forced to enter [into] the Agreement are without merit." (See Hon. Justice Joan Lobis' Order, p. 6, dated March 19, 2002, in the consolidated cases of Kinberg v. Kinberg, New York County Supreme Court Index Nos. 72304/1992, and 108061/2001, at Defendant's Exhibit "J" ).

----- *GARR's Action for Legal Fees*:

GARR's subsequent lawsuit against KINBERG for attorneys' fees resulted in a jury verdict, in October 2002, in GARR's favor for the full amount he requested: $28,639.35, in the trial before the Hon. Justice Paula Omansky. (See Judgment, in Garr v. Kinberg, New York County Supreme Court Index No.: 121116/2000, at Defendants' Exhibit "E").  On KINBERG's Appeal, the First Department Appellate Division unanimously affirmed the jury's verdict, and

---

[1] (See Hon. Justice Lobis' Order, p. 4-5, dated March 19, 2002, made in the Action to rescind the said Agreement, at Defendant's Exhibit "J").

found, in relevant part, that GARR had "rendered substantial services and
achieved a reasonably favorable result, ... [and] the trial evidence  amply
supported the jury verdict awarding plaintiff the full amount of legal fees
requested." Ira E. Garr, P.C. v. Kinberg, 3 A.D.3d 322 (1st Dept. January 2004).

----- *KINBERG's Action for Legal Malpractice:*

Thereafter, KINBERG's lawsuit against GARR for legal malpractice, in
Bronx County Supreme Court, was dismissed, with the Court holding, in relevant
part, that "all issues regarding Plaintiff's allegations of legal malpractice raised in
this action are conclusively established as lacking in merit." (See Hon. Justice
Alan J. Saks' Order, dated February 2004, in Kinberg v. Garr, Bronx Supreme
Court Index No.: 3879/2002, at Defendant's Exhibit "B").  KINBERG appealed,
and the First Department Appellate Division unanimously affirmed Hon. Saks'
Order, properly holding that:

> Plaintiff's adverse determination in defendants' prior action to recover
> fees for the rendering of professional services precludes a finding of
> malpractice with regard to the same services (see Ahearn v Arvan, 2
> A.D.3d 469, 767 N.Y.S.2d 886 [2003]; Chisholm-Ryder Co. v
> Sommer & Sommer, 78 A.D.2d 143, 434 N.Y.S.2d 70 [1980]), as
> such determination "implicitly finds that there was no malpractice"
> (Koppelman v Liddle, O'Connor, Finkelstein & Robinson, 246
> A.D.2d 365, 366, 668 N.Y.S.2d 29 [1998]). [2]

---

[2] In Koppelman, the Court held that:  "As a general principle, when a client
does not prevail in an action with counsel for the value of professional services, a
subsequent action for malpractice is barred (Altamore v Friedman, 193 AD2d 240,
246, lv dismissed 83 NY2d 906), on the theory that such a ruling implicitly finds
that there was no malpractice." Koppelman v. Liddle, O'Connor, Finkelstein &
Robinson, 246 A.D.2d 365, 366 (1st Dept. 1998).

3

Kinberg v. Garr, 28 A.D.3d 245 (1st Dept. 2006).

      ----- *KINBERG's Next Action Against Ex-Husband*:

      KINBERG brought another Action against her ex-husband which was heard, and dismissed, in the matrimonial Part of the Bronx Supreme Court. (See Hon. Justice Martin's Order, dated July 5, 2006, Bronx County Supreme Court Index No.: 12723/2005, at Defendant's Exhibit "K").

      ----- *KINBERG's Present Action:*

      This Action was commenced on September 7, 2006, which was 6 years after KINBERG discharged GARR. (See Summons, stamped as received by the Bronx County Clerk on Sept. 7, 2006, at Plaintiff's Exhibit "A").

## STATUTE OF LIMITATIONS

      In the case at bar, Plaintiff's claims are time-barred by virtue of the three-year statute of limitations applicable to legal malpractice actions.

      Pursuant to CPLR 214(6), the statute of limitations for actions to recover damages for legal malpractice is three (3) years from the time of accrual, "regardless of whether the underlying theory is based in contract or tort." CPLR 214(6) was amended, effective September 4, 1996, to so provide; "the purpose of said amendment was to overrule certain decisions holding that the six-year contract statute of limitations governed in such cases (see Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623)." Matter of Stantec Consulting Group v. Fonda-Fultonville Cent. School Dist., 36 A.D.3d 1051 (3d Dept. 2007). The Court

of Appeals, referring to CPR 214(6)'s legislative history, has made it clear that:

> "**where the underlying complaint is one which essentially claims that there was a failure to utilize reasonable care or where acts of omission or negligence are alleged or claimed**, the statute of limitations shall be three years if the case comes within the purview of CPLR Section 214 (6), regardless of whether the theory is based in tort or in a breach of contract" (Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623). [emphasis added]

R.M. Kliment & Frances Halsband, Architects v. McKinsey & Co., 3 N.Y.3d 538, 541-542 (2004).

In Kliment, the Court further stated that a breach of a professional's ordinary obligations is within the realm of negligence; and, even if the professional's ordinary obligation was an express term in the parties' agreement, plaintiff could not proceed with a breach of contract cause of action; by enacting CPLR 214(6), the Legislature meant to prevent "what is essentially a malpractice claim to be couched in breach of contract terms in order to benefit from the six-year statute of limitations." Id. p. 542-543.

*Discussion*

Herein, the claims in Plaintiff's Complaint essentially boil down to Plaintiff's allegations that, by his acts, omissions, and failures to exercise reasonable care in performing legal services, GARR breached his professional obligations, and negligently provided legal services to Plaintiff, from June 12, 2000 to September 7, 2000.  Plaintiff explicitly repeatedly admits that her claims are based upon GARR's failure "to provide able professional services." (See Plaintiff's Affidavits).

5

In this regard, Plaintiff's allegations in this Complaint are that GARR was not prepared for her matrimonial trial (10th cause of action), and advised, coerced, and deceived her (11th and 16th cause of action), into signing the settlement agreement; which, due to collusions with her ex-husband's Counsel (8th and 16th causes of action), and because of GARR's acts and omissions, caused her not to receive her equitable share of her husband's retirement benefits (1st cause of action), deferred compensation plan (2nd cause of action), and other marital assets, (4th, 5th, 6th, and 9th causes of action), and caused her to bear certain tax liability (7th cause of action), medical expenses arrears (13th cause of action), loss of her separate property (12th cause of action), and attorneys' fees (3rd and 15th causes of action); and that GARR failed to protect against her ex-husband's default and ex-husband's [unspecified] fraud (14th cause of action); and that GARR made false statements regarding his legal representation while testifying about the same before the Hon. Justice Omansky in GARR's [successful] Action to recover legal fees (16th cause of action).  (See Plaintiff's Amended Verified Complaint, at Defendant's Exhibit "A").

The Court is cognizant that this Plaintiff herein is attempting to "circumvent the limitations period"[3] by formulating her Complaint using language such as breach of contract, and fraud.  See Gelmac Quality Feeds v. Ronning, 23 A.D.3d 1019 (4th Dept. 2005). In this regard, "a breach of contract claim premised on the

---

[3] Murray Hill Invs., Inc. v. Parker Chapin Flattau & Klimpl, LLP, 305 A.D.2d 228, 229 (1st Dept. 2003).

attorney's failure to exercise due care or to abide by general professional standards is nothing but a redundant pleading of the malpractice claim." Levine v. Lacher & Lovell-Taylor, 256 A.D.2d 147, 151 (1st Dept. 1998).

## RES JUDICATA AND COLLATERAL ESTOPPEL

Furthermore, Plaintiff's claims are also barred upon the grounds of res judicata (claim preclusion) and collateral estoppel (issue preclusion).

*----Res Judicata*

In determining whether the doctrine of res judicata bars a claim, the New York Court of Appeals "has adopted the transactional analysis approach in deciding res judicata issues ... Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. Syracuse, 54 N.Y.2d 353, 357 (1981), citing Matter of Reilly v. Reid, 45 N.Y.2d 24,29-30 (1978), where the Court of Appeals held:

> Res judicata is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation (see Matter of New York State Labor Relations Bd. v Holland Laundry, 294 NY 480, 493-494; Weiner v Greyhound Bus Lines, 55 AD2d 189, 191). The policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts (see Deposit Bank v Frankfort, 191 U.S. 499, 510-511; Kiker v Hefner, 409 F2d 1067, 1068-1069). **Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation.** Afterthoughts or after discoveries however understandable and morally forgivable are generally not enough to create a right to litigate anew. [emphasis added]

<u>Reilly v. Reid</u>, 45 N.Y.2d 24, 28 (1978). [4]

Where the present action and the prior action "involve claims arising out of the same transaction and occurrences", it does not matter if a particular theory of liability was not determined.  <u>Landau, P.C. v. Larossa, Mitchell & Ross</u>, 6 Misc.3d 1018A, 800 N.Y.S.2d 349 (N.Y. Supr. Court 2003).

<u>*Discussion*</u>

The various allegations in this Action arise out of the same transactions and occurrences involved in KINBERG's Action for legal malpractice, which involved ***the very same legal services*** that GARR provided.  The Complaint filed in this Action regurgitates the allegations in the Complaint filed in the legal malpractice Action, where KINBERG  had also alleged such things as the following:  that GARR had assured her that he would thoroughly, competently, and professionally represent her in her matrimonial Action, but that he failed to do so, in that he, for example, failed to properly prepare for trial, failed to properly negotiate a settlement, failed to properly be cognizant of the issues in the matrimonial Action, badgered Plaintiff to sign an unfair settlement agreement, coerced her to allocute her consent to the agreement, collaborated with opposing Counsel, and in other

---

[4] Justice Cordozo had articulated what is now referred to as the "consequential test" which is often quoted:  "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first."  <u>Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.</u>, 250 N.Y. 304, 306-307 (1929).

ways acted adverse to Plaintiff's interest. (See Complaint in <u>Kinberg v. Garr</u>, Bronx County Supreme Court, Index No.: 23879/2002, at Defendants' Exhibit "I").

KINBERG's legal malpractice claims were brought to their final conclusion when the Hon. Saks dismissed the Action on the merits, and the dismissal was unanimously affirmed by the Appellate Division, in <u>Kinberg v. Garr</u>, 28 A.D.3d 245 (1st Dept. 2006). Thus, this Action, arising out of the very same legal services, is barred by the doctrine of res judicata, despite Plaintiff's attempt to machinate different theories.

<u>----Collateral Estoppel</u>

It is well-established that:

> Two requirements must be met before collateral estoppel can be invoked. **There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling** (see, Gilberg v Barbieri, 53 NY2d 285, 291 [1981]). The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party (see, id.). The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination.

<u>Buechel v. Bain</u>, 97 N.Y.2d 295, 304 (2001).

<u>Discussion</u>

The Court recognizes that the real reasons underlying the reincarnations in this Action involve the long-standing animosity existing between the parties, born from Plaintiff's feelings regarding the issue of her being forced into entering into

the matrimonial Agreement that ended her marriage. However, that issue was decided by the Hon. Justice Lobis more than 5 years ago; Hon. Lobis held, in relevant part, that Plaintiff's allegation that she was forced into entering into the Agreement was without merit. (See Hon. Lobis' Order, p. 6, dated March 19, 2002). Plaintiff had contested that issue in her Action to rescind the said Agreement, and lost; and so is collaterally-estopped from raising it herein.

The animosity between the parties was exacerbated when GARR sued Plaintiff to recover his legal fees. However, as far as the issue concerning the veracity of GARR's trial testimony before the Hon. Omansky in the Action by GARR against KINBERG to recover his legal fees – which is enmeshed in the Sixteenth cause of action in the Complaint in the instant Action – that issue was necessarily decided in that Action by GARR for his legal fees, by the jury's unanimous verdict in GARR's favor rendered 5 years ago, and the First Department Appellate Division's unanimous affirmance of it, in Garr v. Kinberg, 3 A.D.3d 322 (1st Dept. 2004). Again, Plaintiff had a full and fair opportunity to fully contest that issue, and lost; and so is collaterally-estopped from raising it herein.

"In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of ... fairness to the parties, **conservation of the resources of the court** and the litigants, and the societal interests in consistent and accurate results." [citations omitted, emphasis added] Buechel v. Bain, 97 N.Y.2d 295, 304 (2001).

**Courts emphasize the need for finality and an end to litigation**; <u>Reilly v. Reid</u>, 45 N.Y.2d 24, 28 (1978); <u>see also</u> <u>Aurnou v. Greenspan</u>, 182 A.D.2d 523 (1st Dept. 1992); and relitigation will not be permitted herein.

Both parties must take heart, and come to grips with the fact that this war is over.  Based upon all of the circumstances herein, Defendant GARR's Motion is granted as set forth herein; and Plaintiff KINBERG's Cross Motion is denied.

Accordingly, this Action is dismissed.  This constitutes the decision and order of this Court.

Dated: October 11, 2007

_____

George D. Salerno, JSC