UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH MARGRABE,

                      Plaintiff,

- against -

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT

                      Defendants.

07-CV-2798 (KMK) (Gay)

**MEMORANDUM IN SUPPORT OF MOTION FOR A STAY OR
TRANSFER OF THIS ACTION TO THE SUSPENSE CALENDAR**

GREENBERG & MASSARELLI, LLP
2929 Purchase Street
Purchase, New York 10577
(914) 694-1880

*Attorneys for Plaintiff
Elizabeth Margrabe*

## STATEMENT

This Memorandum of Law is submitted in support of plaintiff Elizabeth Margrabe's ("Betty") motion for a stay or transfer of the action from the pending calendar to the suspense calendar of this court, pending a final determination after appeal of the Supreme Court, Westchester County §475 Judiciary Law proceeding entitled <u>Sexter & Warmflash, non-party petitioner v. Elizabeth Margrabe, respondent</u> bearing Index Number 10032/01.

## STATEMENT OF FACTS

The court is respectfully referred to the Declaration of Betty, sworn to the 26th day of October, 2007, and the Declaration of William Greenberg, Esq. sworn to the 26th day of October 2007, for the facts pertinent to the instant application.

## ARGUMENT

## POINT I

### THIS COURT SHOULD EITHER STAY THE ACTION OR ALTERNATIVELY REMOVE THE ACTION FROM THE PENDING CALENDAR AND PLACE THE ACTION ON THE SUSPENSE CALENDAR

Under New York State Law, Betty had no less than three years from the date that Sexter & Warmflash, P.C. ("Sexter & Warmflash") last acted as her counsel within which to commence her action against the law firm and the other defendants for legal malpractice. This date—which arises from the "continuous representation" rule— is fixed, in that New York recognizes that a client's cause of action for legal malpractice accrues on the last date that the former attorney represented the former client in the matter giving rise to the claim of legal malpractice. <u>Shumsky v. Eisenstein</u>, 96 N.Y.2d 164 (2001). In this case, Betty terminated her employment of Sexter & Warmflash on

April 9, 2004 and therefore had until April 9, 2007 to commence a lawsuit for legal malpractice. See New York CPLR § 214 Subdivision 6; Shumsky v. Eisenstein, id.

However, although the Fee Dispute had been commenced by Sexter & Warmflash on May 14, 2004, as of April 6, 2007, the date the instant action was commenced; the Fee Dispute had not yet been finally resolved, but was still being actively litigated. Particularly, on April 6, 2007, Betty had just appeared at the fifth hearing date before the state court and was awaiting the state court's determination.

It is arguable that an adverse determination in the state court on the Fee Dispute may have *res judicata* and collateral estoppel effect upon Betty's First Claim for legal malpractice against the defendants. However, until such time as that adverse determination becomes final, it is impossible to determine whether Betty's claims for legal malpractice should be legally foreclosed. Therefore, Betty has moved this court for an order placing the case on this court's suspense calendar pending a final determination after appeal of the Fee Dispute.

Continued litigation of this action before the finality of the state court proceeding has occurred could be unnecessary and wasteful should Sexter & Warmflash prevail in the state court. Moreover, dismissal of Betty's instant federal action—which includes a claim for legal malpractice—would forever prejudice Betty were she to prevail ultimately in the Fee Dispute. As such, a stay is warranted here not only to promote judicial economy but also to avoid the possibility of inconsistent results which would work an unnecessary hardship and prejudice to the parties. See, e.g., Mann v. N.A.S.A. Int'l, Inc. 2000 WL 1182823 at 6 (S.D.N.Y. 2000)

On April 6, 2007, Betty was in a legal "Catch-22" situation: if she failed to file her claim for legal malpractice and were thereafter successful in the Fee Dispute, her legal malpractice claim would be deemed untimely under New York State law. Some states, not New York, have resolved such analogous "Catch-22" situations in legal malpractice cases by determining that the accrual of the legal malpractice claim does not occur until all appeals in any underlying potentially dispositive litigation have been exhausted. See, e.g., Law Office of David Stern v. Security Nation Servicing Corp. 2007 WL 1932251 (Fla. Sup. Ct. 2007); Hughes v. Mahaney and Higgins, 821 S.W.2d 154 (Tex. Sup. Ct. 1991). New York State does not adopt this view—in New York, the "continuous representation" rule governs and requires that a litigant with a grievance against former counsel file any legal malpractice case within three years at the latest following termination of the representation giving rise to the alleged legal malpractice claims.

While there has been no case decided in New York which determines whether a litigant may await the outcome of an underlying action that may govern whether there exists a meritorious claim for legal malpractice, other states that have faced the same issue have universally resolved the conflict by determining that the legal malpractice case should be stayed and held in abeyance pending the outcome of any underlying potentially controlling litigation. See, e.g., Grunwald v. Bronkesh, 131 N.J. 483, 621 A.2d 459 (Sup Ct. New Jersey 1993).

Consequently upon the forgoing this court should stay the instant case pending the final determination of the Fee Dispute or in the alternative remove the case from the court's pending cases docket, placing the case on the court's suspense docket.

Respectfully submitted,

GREENBERG & MASSARELLI, LLP,

s/ _____
BY: Crystal Massarelli (8557)