UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH MARGRABE,

                              Plaintiffs,                        **ORDER**

                  -against-                               07cv 2798 (KMK)(GAY)
                                                     ~~01 Civ. 4498 (KMK) (GAY)~~
SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                              Defendants.
------------------------------------------------------------X

       This is a diversity action for legal malpractice, breach of fiduciary duty, prima facie tort, and intentional infliction of emotional distress. This action arises out of defendants' representation of plaintiff in a now-settled underlying shareholders' derivative suit. Before this Court is plaintiff's motion for a stay or transfer of the action to the suspense calendar pending determination of a proceeding in Westchester County Supreme Court.

I. **DISCUSSION**

       Plaintiff moves for a stay of the above captioned action pending a motion to reargue and an appeal of a New York Supreme Court proceeding and order entitled <u>Sexter & Warmflash, non-party petitioner v. Elizabeth Margrabe, respondent</u>, Index No. 10032/01. Plaintiff argues that because the state court determination "may have *res judicata* and collateral estoppel effect" on plaintiff's malpractice claim in the present action, this court should stay the matter pending the resolution of the state court appeal

and motion to reargue. Defendants argue that the order in the state case is a final judgment with *res judicata* effect on the instant legal malpractice claim. Neither a motion to reargue nor an appeal to the Appellate Division justify staying the case. Defendants also claim that delaying the case will unduly burden defendants and compromise their ability to effectively make a defense.

As an initial matter, shortly after the parties filed their memoranda in this motion, Justice Donovan denied plaintiff's motion to reargue. The remaining issue, then, is whether this Court should stay the case pending the appeal before the Appellate Division.

As plaintiffs admit, New York courts have never stayed an action pending resolution of an action to determine whether a claim for malpractice exists. Plaintiff fully litigated the issue in state court. Plaintiff received a final judgment in the matter. Plaintiff's decision to appeal the state court decision has no bearing on the matter now before this Court. Plaintiffs motion is DENIED

SO ORDERED

Dated: May 23, 2008
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.