UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X  (ECF CASE)
ELIZABETH MARGRABE,              07CV2798(KMK)(GAY)

                Plaintiff,   **PLAINTIFF'S OBJECTION TO MAGISTRATE YANTHIS' ORDER DENYING PLAINTIFF'S MOTION FOR A STAY**

- against -

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                Defendants.
------------------------------X

    Plaintiff, Elizabeth Margrabe hereby submits her objection to the Order of Magistrate George A. Yanthis dated May 23, 2008 denying plaintiff Elizabeth Margrabe's motion for a stay as follows:

    It is respectfully submitted that this court should reverse the Magistrate's Order which erred in failing to grant plaintiff Elizabeth Margrabe's motion for a stay of all proceedings in this case pending the determination of appeal to the Appellate Division, Second Department of Justice Donovan's decision dated July 9, 2007 which determined that the fees charged by defendant Sexter & Warmflash to plaintiff Elizabeth Margrabe in the underlying Fee Dispute litigation were reasonable.

    The unique procedural circumstances of this case are such that the court should exercise its discretion and grant plaintiff a stay of all proceedings pending the outcome of that appeal because, without such a stay, the plaintiff may be forever foreclosed by the Statue of Limitations from pursuing her legal malpractice claim although it is foreseeable that the Appellate Division, Second Department will reverse Justice Donovan thereby eradicating the preclusive effect of the July 9, 2007 decision. Hence, the plaintiff could

without the stay, ultimately be found to have viable grounds to pursue her claim for legal malpractice against defendants, but be precluded by the Statute of Limitations although she sought with this litigation to timely commence her action. The decision denying the stay requires the court to now rule on defendants' motion to dismiss plaintiff's claim for legal malpractice on the ground of res judicata which could ultimately turn out to be inconsistent if the Appellate Division, Second Department reverses Justice Donovan.

The Magistrate was incorrect in finding that, under the circumstances of this case, the "plaintiff's decision to appeal the state court decision has no bearing on the matter now." For, courts do have an interest in maintaining the integrity of the judicial process in rendering consistent results and effectuating justice. Here, if the court does not now consider the significance of the pendency of that appeal now and its potential effect on plaintiff's malpractice claim in view of the extant Statute of Limitations, plaintiff may be forever precluded by this court's denial of the stay from having that potentially viable claim heard at a later date.

The mere fact that there is not a reported case granting a stay to a plaintiff pending the determination of an appeal on the underlying litigation does not dictate the result here. For, the converse is also true--- there is no case denying plaintiff a stay under the circumstances and facts presented by this case.[1]

Moreover, while plaintiff's causes of action for prima facie tort, breach of fiduciary duty and intentional infliction of emotional distress are not subject to the appeal pending before the Appellate Division, Second Department, in the exercise of judicial

---

[1] It should also be noted that while there is no authority directly on point, the court has found it proper to take note of the effect a reversal by an appellate court may have on the lower court and to permit such a reversal to be acted upon by the aggrieved party. See NYSCO Laboratories, 318 F.2d at 818; Southern Pacific Communications Co. v. American Tel. & Tel. Co., 740 F.2d 1011, 1018-19 (D.C. Cir.1984), cert. denied, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985).

discretion and efficiency, the action in its entirety should be stayed so as to prevent duplicative discovery and waste of judicial resources.

Based upon the foregoing it is respectfully submitted that the Magistrate erred in failing to exercise this court's discretion to grant plaintiff a stay of all proceedings pending the outcome of the perfected appeal from Justice Donovan's July 9, 2007 decision.

Dated: Purchase, New York 10577
       June 2, 2008

/s/
William Greenberg (WG3838)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ELIZABETH MARGRABE,  07CV2798 (KMK)(GAY)

       Plaintiff,

- against -  **AFFIDAVIT OF SERVICE**

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

       Defendant.
_____X

KOREENA BOBO, being duly sworn says:

  I am not a party to this action am over 18 years of age and reside at Montrose, New York, 10548. On June 2, 2008, I served a true copy of the annexed PLAINTIFF'S OBJECTION TO MAGISTRATE YANTHIS' ORDER DENYING PLAINTIFF'S MOTION FOR A STAY in the above matter by mailing the same in a sealed envelope with postage prepaid thereon in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the addressees as indicated below:

  Kaufman, Borgeest & Ryan, LLP
  99 Park Avenue
  New York, New York 10016

            _____
            KOREENA BOBO

Sworn to before me
This 2nd day of June, 2008
_____
Notary Public

   Crystal M. Massarelli
  Notary Public, State of New York
    No. 02MA6091469
  Qualified in Westchester County
  Commission Expires April 28, 20 10