UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X     (ECF CASE)
ELIZABETH MARGRABE,                 07CV2798(KMK)(GAY)

                Plaintiff,     **PLAINTIFF'S OBJECTIONS**
                                  **ON REPORT AND**
                                  **RECOMMENDATION**

- against -

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                Defendants.
------------------------------X

    Plaintiff, Elizabeth Margrabe objects to the Report and Recommendation of George A. Yanthis dated May 23, 2008 as follows:

    <u>A. Legal Malpractice Claim</u>

    It is respectfully submitted that given the unique procedural circumstances of this case, the Magistrate should have exercised his discretion and granted Plaintiff's motion for a stay pending a final determination on Plaintiff's appeal from the decision of Justice Donovan dated July 9, 2007.

    The unique circumstances are such that without a stay being granted by this court, Plaintiff is at risk from being forever time-barred from bringing her legal malpractice claim --- even if the Appellate Division ultimately determines that Justice Donovan was incorrect in granting defendants' fee dispute application pursuant to §475 Judiciary Law. Unlike most cases the continuous representation rule does not ameliorate the need to redress the issue which has presented itself in this case --- the running of the statute of limitations against the attorneys while the underlying lawsuit is still pending. The Fee Dispute arising out of the defendants' representation of plaintiff in the underlying

litigation continued up to and beyond the filing of the instant litigation. Plaintiff's instant claim for legal malpractice was commenced three days prior to the running of the Statute of Limitations. In fact, when this malpractice action was commenced, a motion to reargue Donovan's July 9, 2007 decision was still pending. And, plaintiff's appeal from Justice Donovan's July 9, 2007 had yet to be perfected. As such, plaintiff did not and could not have exhausted her legal remedies in the lower court before awaiting the commencement of this action for fear of running afoul the statute of limitations. Yet, defendants' seek to invoke the doctrine of res judicata to prevent plaintiff from pursuing her claiming although it may be that on appeal, plaintiff will be victorious. And, the Magistrate has recommended that this court dismiss plaintiff's legal malpractice claim on this ground now, although it may result in the plaintiff forever being barred from bringing a viable meritorious claim. If the Appellate Division reverses Justice Donovan[1], plaintiff would not be precluded under the doctrine of res judicata, but may, nevertheless be precluded on grounds of the statute of limitations. Such an inconsistent, unjust result may be avoided by this court simply granting a stay---pursuant to Plaintiff's motion for a stay--- holding in abeyance any decision on defendants' motion to dismiss the legal malpractice claim--- until such time as the Appellate Division, Second Department renders its decision on the appeal. The court should be aware that the appeal in the Appellate Division, Second Department has been perfected, all parties have submitted appropriate briefs, and that the parties are now awaiting the scheduling of oral argument.

---

[1] It is hardly far-fetched that Judge Donovan's July 9, 2007 Decision now on appeal will be reversed by the Appellate Division. Just in the three years that Judge Donovan presided over the Fee Dispute, his decision was altered on three occasions. In fact, on one occasion Judge Donovan overruled himself and vacated a previous order favorable to the defendants. Obviously, the underlying facts and circumstances make it entirely unpredictable as to the ultimate outcome in the Appellate Division, Second Department.

This solution of staying proceedings is employed by the states---which do not follow the "exhaustion of litigation" test for the accrual of a cause of action for legal malpractice--- which seek to balance the equities of the parties while maintaining the integrity of the judicial process. Grunwald v. Bronkesh, 131 NJ 483, 621 A.2d 459 (Sup. Ct. New Jersey 1993)

In the Magistrate's Order denying Plaintiff's motion for a stay, the Magistrate does correctly note that there is no case in New York which has granted a stay to a plaintiff in these circumstances. However, it is significant that there is no case in New York where such a stay has been denied. Simply put, the unique circumstance of this case where the underlying Fee Dispute has been in litigation ---through no fault of the plaintiff--- for over three years has caused the Statute of Limitations to nearly run in plaintiff's claim for legal malpractice. Plaintiff is an untenable position---to have failed to file the action timely prior to the expiration of the Statute of Limitations would have enabled the defendants to defeat the action on that ground. Therefore, plaintiff had no choice but to commence the action during the pendency of the State court proceedings, and the Magistrate should have stayed the proceedings and awaited the outcome in State court.

Accordingly, plaintiff respectfully disagrees with the Magistrate's recommendation to dismiss plaintiff's legal malpractice claim as being premature in light of the pending perfected appeal which could ultimately result in an irreversible, unnecessary harm to the plaintiff without any substantial prejudice to the defendants. This court should overrule the Magistrate's denial of plaintiff's motion for a stay pending the outcome of the appeal in the Second Department and likewise not accept the

recommendation of the Magistrate to grant summary judgment[2] in favor of defendants on the legal malpractice claim, but rather await the outcome of the appeal in the State courts before deciding defendants' motion to dismiss this claim.

It should be noted in this regard, that defendants' themselves have by contract agreed to stay any execution on Justice Donovan's July 9, 2007 decision until such time as all appeals have been exhausted. Accordingly, there is no substantial prejudice being endured by defendants who are likewise awaiting the outcome of the appeal.

In any event, arguendo even were this court to adopt the Magistrate's recommendation that the claim for legal malpractice be dismissed in any fashion, that dismissal should be without prejudice to the plaintiff renewing the lawsuit for legal malpractice in the event that the Appellate Division, Second Department does reverse Justice Donovan's decision of July 9, 2007.

B. Breach of Fiduciary Duty Claim

The Magistrate's finding that plaintiff was not damaged by the defendants commencement of the defamation suit because there can be no damages from the mere commencement of the action is, respectfully, wrong.

The Magistrate's finding incorrectly makes a ruling of law that an attorney may commence a lawsuit against a former client premised upon a client secret. The Magistrate incorrectly found that the mere filing of a defamation suit can never be a breach of fiduciary duty. However, in this case the very filing and continuation as plaintiff alleges of the defamation suit was a breach because the defamation suit was

---

[2] It should be noted that the Magistrate's Report and Recommendation articulates the test for dismissal pursuant to F.R.C.P. 12(b)(6) but ostensibly reports to recommend a grant of "summary judgment" which would be on the merits.

premised solely and wholly upon a client secret. And, pursuant to DR 4-101(c)(4)§22NYCRR 1200.19, an attorney may never reveal or utilize a client secret to the attorney's benefit, unless and except the attorney is defending himself against a claim of wrongful conduct or in support of an application for legal fees. Here, the defendants sought to use a client secret as a basis for recovery of damages in a defamation suit--a use which is not sanctioned by the Code and which constitutes a breach of defendants' fiduciary duty to maintain the client's secret. The damages which arose from the commencement of this improper suit were the expenses to defend against an action which never should have been brought --- not because it is "frivolous"--- but because an attorney is never permitted to use client secrets obtained in the course of representing a client to thereafter file against a former client an action seeking damages. Hence, the filing of the defamation action and its prosecution as alleged by plaintiff in her Complaint each constitute an absolute breach of fiduciary duty. In which case the damages complained of were proximately caused by such filing and prosecution, not by the disclosure of the client secret. In that sense the Magistrate's analysis and understanding of plaintiff's Complaint is flawed and should not be adopted by this court as a premise upon which to dismiss plaintiff's claim for breach of fiduciary duty.

C. *Prima Facie* Tort

The Magistrate recommended that Plaintiff's claim for *prima facie* tort be dismissed on Statute of Limitations grounds. This recommendation should not be adopted by the court.

The Magistrate's Report and Recommendation erroneously determined that the one year statute of limitations on plaintiff's *prima facie* tort cause of action accrued upon

the commencement of the defamation action, rather than upon the disposition of that action by the Appellate Division in January, 2007. The Magistrate correctly determined that the accrual of a claim for an intentional tort arises at the time of injury. However, the Magistrate was wrong to conclude as a matter of law that the damages attributable to defendants' conduct constituting plaintiff's ground for *prima facie* tort occurred only at the time of commencement of the lawsuit for defamation. The Magistrate overlooked that while the defendants continuously prosecuted the defamation action inappropriately until its conclusion with a favorable outcome to plaintiff there was continual harm causing a continually accruing day-by-day of the Statute of Limitations. By analogy, it is not when the assault begins but when it ends that determines when a claim for an intentional tort accrues.

D. Intentional Infliction of Emotional Distress Claim

The Magistrate recommended that plaintiff's claim for intentional infliction of emotional distress claim be dismissed as a matter of law before any discovery has been accomplished on the ground that the Complaint fails to articulate conduct sufficient "outrageous" as to allow this claim to proceed. Respectfully, this recommendation should not be adopted by the court.

The Complaint alleges that the defendants "without any excuse or justification maliciously instituted the Defamation Action against Betty by using client secrets of their former client Betty as the basis of the Defamation Action against Betty -- to coerce Betty through improper duress-- an intentional infliction of harm-- to abandon her claim to the Escrow Fund in the Fee Dispute." For purposes of analysis of defendants' motion, the Magistrate is obligated to assume that this allegation is true.

Respectfully, the Magistrate's view that this alleged conduct is not "outrageous" enough to justify a *prima facie* claim of intentional infliction of emotional distress should not be adopted by the court.

The allegation articulates intentional conduct by members of the Bar who deliberately commence frivolous and ungrounded legal proceedings *pro se* against lay client --- former client--- specifically for the purpose of coercing that client to abandon her legitimate opposition to the former attorney's unfounded and illegitimate demand for inappropriate compensation.

The error in assessment by the Magistrate is in viewing the complained of conduct as being the mere presentment of a "frivolous" lawsuit. Admittedly, were that the substance of the claim it would not rise to a level of outrageousness sufficient to justify a claim for intentional infliction of emotional distress. Rather, the *sine qua non* of the claim is that former counsel --- entirely disregarding their fiduciary responsibilities and obligations to a former client--- intentionally used client secret material in the form of a groundless lawsuit to seek to coerce and compel their former client to cease any resistance to the completely unjustified demands for excessive compensation. If these facts are found to be true, as alleged by the Complaint, respectfully, they do substantiate and justify a claim for intentional infliction of emotional distress. See, J.J. Theaters v. R.K.O. Co., 96 NY2d 271 (Sup. Ct. N.Y. Co. 1953).

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the court should not adopt the Report and Recommendations of the Magistrate but rather grant plaintiff's motion for a stay and hold in abeyance any consideration of the legal malpractice claim

and as a matter of judicial economy likewise stay the proceedings for discovery with respect to plaintiff's claims for prima facie tort, breach of fiduciary duty and intentional infliction of emotional distress.

Dated: Purchase, New York 10577
       June 2, 2008

                                                                  William Greenberg (WG3838)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X

ELIZABETH MARGRABE,         07CV2798 (KMK)(GAY)

                Plaintiff,

- against -         **AFFIDAVIT OF SERVICE**

SEXTER & WARMFLASH, P.C., DAVID
WARMFLASH and MICHAEL PRESENT,

                Defendant.
————————————————————X

KOREENA BOBO, being duly sworn says:

    I am not a party to this action am over 18 years of age and reside at Montrose, New York, 10548. On June 2, 2008, I served a true copy of the annexed PLAINTIFF'S OBJECTIONS ON REPORT AND RECOMMENDATION in the above matter by mailing the same in a sealed envelope with postage prepaid thereon in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the addressees as indicated below:

    Kaufman, Borgeest & Ryan, LLP
    99 Park Avenue
    New York, New York 10016

                                                KOREENA BOBO

Sworn to before me
This 2nd day of June, 2008

_____
Notary Public

    Crystal M. Massarelli
    Notary Public, State of New York
    No. 02MA6091469
    Qualified in Westchester County
    Commission Expires April 28, 20 10