# FURMAN KORNFELD & BRENNAN LLP

Attorneys at Law
545 Fifth Avenue
New York, New York 10017

June 12, 2008

**VIA ECF & FIRST CLASS MAIL**

Honorable Kenneth M. Karas
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

        Re:    *Elizabeth Margrabe v. Sexter & Warmflash, P.C., David Warmflash and Michael Present*
            Case No.: 07-CV-2798 (KMK) (GAY)

Dear Judge Karas:

       This office represents defendants Sexter & Warmflash, P.C., David Warmflash and Michael Present in connection with the above-referenced matter (see attached consent to change attorney form and notice of appearance). We write pursuant to Fed.R.Civ.P. 72 in response to plaintiff's June 2, 2008 "objections" to Magistrate Judge George A. Yanthis' May 23, 2008 Report and Recommendation granting defendants' Rule 12(b)(6) motion to dismiss and Order denying plaintiff's motion to stay proceedings in this action.

       In sum, plaintiff argues that the "unique circumstances" of this case warrants a reversal of Magistrate Judge Yanthis' May 23, 2008 Report and Recommendation and Order and that this court should instead await the determination of an underlying State Court appeal regarding defendant's collection of attorney's fees prior to making any determination regarding the viability of plaintiff's instant claims. See plaintiff's June 2, 2008 Objections to Report and Recommendation and June 2, 2008 Objections to Order denying Motion to Stay, each at pp. 1 – 2. These exact same arguments have already been found unpersuasive by Judge Yanthis. See Judge Yanthis' May 23, 2008 Order, p. 2; Judge Yanthis' May 23, 2008 Report and Recommendation, p. 4; see also defendants' November 9, 2007 Memorandum of Law in Opposition to plaintiff's motion to stay.

*Elizabeth Margrabe v. Sexter & Warmflash, P.C., David Warmflash and Michael Present*
Case No.: 07-CV-2798 (KMK) (GAY)
Page 2 of 3

Plaintiff's instant application should be denied *inter alia* for the following reasons:

1. <u>Justice Donovan as the trier of fact in the underlying action has twice found that defendants were entitled to their underlying legal fees</u> (contrary to plaintiff's suggestions, Justice Donovan's decision in this regard has *never* changed). See the moving Affidavit of A. Michael Furman, sworn to on October 26, 2007 ("Furman Aff.") Exhibit "P." Even if the underlying State Court Appellate Division found that the collection of these underlying legal fees was barred by some technical/ethical ground (such as language in the underlying retainer agreement), Justice Donovan's underlying factual findings as to the quality of defendants' underlying representation would still bar plaintiff's instant claims. See Judge Yanthis' May 23, 2008 Order, p. 2; Furman Aff., Exhibits "I" – "P"; see also Lipani v. Collins, Collins & Dinardo, P.C., 1992 WL 168267, *3 (S.D.N.Y. 1992) (attached to Furman Aff., as Exhibit "Q," *citing* Nat Kagan Meat & Poultry, Inc. v. Kalter, 70 A.D.2d 632, 632, 416 N.Y.S.2d 646, 647 (2d Dept.1979)).

2. <u>All of plaintiff's instant claims were already time-barred by the time plaintiff's commenced the instant action.</u> See defendants' October 26, 2007 Memo of Law in support of dismissal, pp. 14 – 17. Even if plaintiff was to win the pending underlying appeal (and defendants not be entitled to any of the underlying legal fees in dispute) <u>all</u> of plaintiff's instant claims would still be time-barred. See *Id*. Plaintiff's 'argument' that a dismissal of the instant claims will deny plaintiff's their day in court in the future if plaintiff's win their underlying appeal is disingenuous, since plaintiff's time to commence the instant action passed over 9 months prior to plaintiff's filing their April 6, 2007 instant Complaint. See *Id*., p. 15. Magistrate Judge Yanthis' May 23, 2008 Report and Recommendation did not need to address the untimeliness of plaintiff's instant claims, since plaintiff's claims are barred by *res judicata*, but all of plaintiff's instant claims are in any case absolutely barred by the statute of limitations. See *Id*, pp. 14 – 17; see also Judge Yanthis' May 23, 2008 Report and Recommendation, p. 4.

3. <u>The underlying appellate court did not find that Sexter & Warmflash's underlying defamation action against plaintiff was without merit.</u> To the contrary, the court found simply that there existed a privilege precluding Sexter & Warmflash's claims, even though the contents of plaintiff's underlying April 9, 2004 letter were defamatory *per se*. See Sexter & Warmflash, P.C. v. Margrabe, 38 A.D.3d 163, *178, 828 N.Y.S.2d 315, **328 (1 Dept., 2007) (attached to Furman Aff., as Exhibit "M", p. 7).

To the extent raised and not dealt with *supra*, the balance of plaintiff's objections are without merit. As set forth more fully within defendants' Rule 12(b)(6) motion to dismiss and reply papers (and Opposition to plaintiff's motion to stay), plaintiff's 'objections' merely confirm that, under no interpretation of the facts set forth in the Complaint can plaintiff succeed in her "claims" against defendants. See Conley v. Gibson, 355 U.S. 41, 45-46 78 S. Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Consequently, the Complaint must be dismissed pursuant to Rule (12)(b)(6) Fed.R.Civ.P., as a matter of law, since plaintiff cannot prove a set of facts in support of her claim that would entitle plaintiff to relief. See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

*Elizabeth Margrabe v. Sexter & Warmflash, P.C., David Warmflash and Michael Present*
Case No.: 07-CV-2798 (KMK) (GAY)
Page 3 of 3

For the foregoing reasons and those asserted within defendants' Rule 12(b)(6) motion to dismiss and reply papers: (i) Magistrate Judge George A. Yanthis' May 23, 2008 Report and Recommendation and Order must be upheld; (ii) plaintiff's instant claims must be dismissed in their entirety, with prejudice; (iii) plaintiff's motion to stay proceedings in this action must be denied in its' entirety, with prejudice; (iv) defendants should be awarded their costs and attorneys' fees in connection this action; and (v) such other and further relief as this Court deems just and proper should be granted.

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

A. Michael Furman
Andrew R. Jones

Enclosures

- *Fully Executed June 10, 2008 Consent to Change Attorney Form; and*
- *June 11, 2008 Notice of Appearance.*

cc: Via ECF and First Class Mail

Magistrate Judge George A. Yanthis
300 Quarropas Street, Room 118
White Plains, New York 10601-4150

*Counsel for Plaintiff*
William Greenberg, Esq.
Greenberg & Massarelli, LLP
2929 Purchase Street
Purchase, New York 10577

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ELIZABETH MARGRABE,

     Plaintiff,        Case No. 07 CV 2798
                   (KMK) (GAY)

SEXTER & WARMFLASH, P.C.,
DAVID WARMFLASH AND MICHAEL PRESENT,  **CONSENT TO CHANGE ATTORNEY FORM**

     Defendants.

-------------------------------------------------------------- x

    **IT IS HEREBY CONSENTED** THAT FURMAN KORNFELD & BRENNAN LLP, 545 Fifth Avenue, New York, New York 10017, be substituted as attorneys of record for Defendants, SEXTER & WARMFLASH, P.C., DAVID WARMFLASH AND MICHAEL PRESENT, in the above-captioned action, in place and stead of KAUFMAN BORGEEST & RYAN LLP, as of the date hereof.

Dated: New York, New York
    June 10, 2008

KAUFMAN BORGEEST & RYAN LLP    FURMAN KORNFELD & BRENNAN LLP

_____    _____
99 Park Avenue             A. Michael Furman
New York, New York 10016       545 Fifth Avenue, Suite 401
Phone: (212) 980-9600        New York, New York 10017
Fax: (212) 980-9291         (212) 867-4100


SEXTER & WARMFLASH, P.C.

_____
By: DAVID WARMFLASH, ESQ.

TOTAL P.02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ELIZABETH MARGRABE.,

                Plaintiff,

-against-

SEXTER & WARMFLASH, P.C.,
DAVID WARMFLASH and MICHAEL PRESENT

                Defendants.
------------------------------------------------------------------- x

Index No. 07-CV-2798
(KMK) (GAY)

(ECF Case)

**NOTICE OF APPEARANCE**

**PLEASE TAKE NOTICE**, that the Defendants SEXTER & WARMFLASH, P.C., DAVID WARMFLASH and MICHAEL PRESENT by their attorneys, FURMAN KORNFELD AND BRENAN LLP, hereby appear in the above-entitled action, and that the undersigned have been retained as attorneys for the Defendant.

Dated: New York, New York
       June 11, 2008

Yours, etc.,

FURMAN KORNFELD AND BRENAN LLP

By: _____
A. Michael Furman
Andrew R. Jones
Attorneys for Defendants,
SEXTER & WARMFLASH, P.C.,
DAVID WARMFLASH and MICHAEL PRESENT
545 Fifth Avenue, Suite 401
New York, New York 10017
(212) 867-4100

TO: *Counsel for Plaintiff*
     William Greenberg, Esq.
     Greenberg & Massarelli, LLP
     2929 Purchase Street
     Purchase, New York 10577